IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126 C<br>(Senior Judge Merow) |

**YANKEE ATOMIC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO THE COURT'S AUGUST 25, 2003 ORDER**[1]

Yankee Atomic Electric Company ("Yankee Atomic") respectfully requests the Court's assistance to obtain access to the following documents: (a) two documents produced pursuant to the Court's August 25, 2003 Order ("Order") related to Greater-Than-Class-C (GTCC) waste issues that are excessively redacted, and (b) one document the government withheld but for which it has failed to assert any privilege claim.[2]

1. Yankee Atomic made numerous attempts to resolve its concerns over the documents, including excessive redactions, without the Court's intervention. On November 12, 2003, Yankee Atomic's counsel requested the government to make a complete and full production of documents in compliance with the Order, including reconsideration of the

[1] This Motion should also be deemed applicable to *Connecticut Yankee v. United States*, Case No. 98-154C, and *Maine Yankee v. United States*, No. 98-474C.

[2] A list of the documents that Yankee Atomic seeks is set forth in the table attached as Exhibit A.

excessive redactions. *See* Ex. B at ¶¶ 1, 3, 4, 6. The government failed to respond to the November 12, 2003 letter. Yankee Atomic sent another letter on December 16, 2003, to encourage a response. *See* Ex. C. The government did not respond. Yankee Atomic wrote the government again on February 2, 2004. *See* Ex. D. Once more, the government ignored Yankee Atomic's inquiry.

Finally, on March 3, 2004, one of the counsel for the government, Kevin Crawford, advised one of the counsel for Yankee Atomic, Peter Skalaban, that the government was planning to respond, in the near future, to the various concerns raised in plaintiffs' November 12, 2004 letter. However, Mr. Crawford indicated that the government would not be withdrawing any (or many) of the redactions. *See* Ex. E. Yankee Atomic requested the government to provide any information it planned to produce by March 9, 2004. However, the government still has not provided its formal response to our November 12, 2003 letter.[3] Given the passage of time, the government's delay in responding, and the government's indication that it will not withdraw the excessive redactions, it is clear that the Court's assistance is needed.

2. The Court ordered the government to produce documents related to Greater-Than-Class-C (GTCC) waste issues pursuant to its August 25, 2003 Order ("Order") after rejecting the government's "deliberative process" privilege claims, which the government had used to withhold a large quantity of documents relevant to GTCC waste issues. *See* Order at 2-3. The Court allowed the government to produce certain documents with redactions for the sole purpose of protecting attorney-client privileged information, *i.e.,* "legal advice" and "legal

[3] The November 12, 2003 letter raises and details a number of other concerns regarding the government's document production pursuant to the Court's August 25, 2003 Order, which have not been raised in this motion. For instance, the government produced illegible copies of certain documents and Yankee Atomic requested that better copies be produced. *See* Ex. B. at ¶ 5. Yankee Atomic hopes the other concerns can be resolved without the Court's intervention.

communications." *Id.* at 3. Pursuant to the Order, the government produced documents on September 30, 2003. The government, however, gutted some of this evidence with extensive redactions. Given the context within which the redactions were made, it is highly doubtful that they were limited to attorney-client privileged information as the Court's Order contemplated.

Evidence related to GTCC waste is relevant to one of the government's primary contentions in this case. Namely, the government is attempting to prove a reduction to Yankee Atomic's damages under its theory that DOE would not have taken GTCC waste from the sites of shutdown reactors (notwithstanding its undisputed statutory obligation to do so) even if DOE had otherwise removed all of the other highly radioactive waste from shutdown reactors. Throughout pre-trial discovery, the government has continuously erected roadblocks and resisted full and complete discovery into the GTCC waste issues. The government's excessive redactions in this instance fit this pattern.

Although only the government presently knows what is behind the redactions, an examination of the context of the redactions strongly suggests that they are overreaching. Accordingly, as discussed further below, Yankee Atomic respectfully requests the Court to review these documents *in camera* to confirm whether the redactions are excessive—as the context strongly suggests:

a. On December 13, 2001, Lake Barrett, then acting director of the DOE spent fuel and high-level waste disposal program, wrote to Jessie Roberson, the Assistant Secretary for the Office of Environmental Management, seeking the latter's assistance in drafting a response letter to Governor King of Maine addressing GTCC waste storage and disposal. The document, *see* Ex. F (HQR 166-0032), notes that the "NRC has strongly objected to the absence of a proposed path forward" for DOE's storage or disposal of GTCC waste. *Id.* However, the rest of the letter

amplifying this comment is completely excised. The letter does not appear to be privileged despite the government's claim in its privilege log that the document "contains substance of communications between OCRWM and DOE-OGC regarding proposed response." *See* Ex. G (relevant privilege entry from the government's January 31, 2003 privilege log). Neither Mr. Bennett nor Mr. Roberson, the individuals who actually sent and received the document, are attorneys. The only attorney listed on the document, Lee Otis, is in the "cc" section, which is insufficient by itself to sustain the assertion of attorney-client privilege.[4] Moreover, no part of the unredacted text of the document refers to legal advice, or lawyers, or anything remotely legal in nature. Thus, it is unlikely that the redacted portion of the document falls within the attorney-client privilege.

It seems more likely that the government, in an attempt to continue to hide this redacted material from the plaintiffs and the Court, has simply substituted the attorney-client privilege for the deliberative process privilege now that the Court has rejected the government's previous reliance on deliberative process to shield this same material. Simple *in camera* review of this one page document will confirm whether the government's reliance on its fallback attorney-client privilege argument is unsupported, as the unredacted context plainly suggests.

b. The Court ordered the government to produce an internal NRC e-mail discussing DOE's response to the letter from Governor King of Maine regarding DOE's responsibility to take GTCC waste. *See* Ex. H (NRC004-0243). The government, however, gutted this evidence with another extensive redaction. It is highly doubtful that the redaction covers or is limited to

---

[4] As articulated in *Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 9-10 (N.D.N.Y. 1983), "The document does not come within the attorney-client privilege merely by being forwarded to or routed through the [DOE's] counsel's office." The document must be a "communication . . . that was made by a client to an attorney for the purpose of obtaining legal advice or services." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000).

attorney-client privileged information. This e-mail was circulated to nine different NRC employees, only one of whom was a lawyer, Neil Jensen. *See* Ex. I (relevant privilege log entry from the government's January 31, 2003 privilege log). The mere identification of a lawyer as one of several recipients is not by itself sufficient to invoke the attorney-client privilege.[5] Like the previous document, the unredacted portions of the document do not refer to legal advice, or lawyers, or anything remotely legal in nature. Accordingly, it is unlikely that the redacted portion of this document falls within the attorney-client privilege. Again, *in camera* review of this one-page document will resolve the privilege issue.

3. The government also has redacted one document, *i.e.*, HQR236-0030 to –0032, without asserting any privilege to substantiate the redactions. *See* Ex. J. This document is a chart containing information related to the GTCC waste issue. However, information located in the chart's "Associated Funding," "FTE's," and "Transfer" columns has been redacted. *See* Ex. J. The government has never claimed a privilege for these redactions nor has the government ever entered this document in any of its privilege logs. Thus, given these failures, the Court should order the government to produce the document in un-redacted form.

4. To the extent necessary, *in camera* review is an appropriate method for resolving privilege disputes. *See, e.g., Dorf & Stanton Comm., Inc. v. Molson Breweries,* 100 F.3d 919, 923-24 (Fed. Cir. 1996). Here, Yankee Atomic has narrowly challenged only a few documents and redactions, making *in camera* review particularly feasible and efficient. Accordingly, the Court should review this limited set of documents *in camera* to determine whether the withheld evidence is, in fact, privileged. If it is not privileged, as the unredacted portions of these

[5] *Mobil Oil, supra* note 4, 102 F.R.D. at 9-10; *Spalding Sports, supra* note 4, 203 F.3d at 805.

documents strongly suggest, the Court should order the government to produce these three documents in redacted form.

**Conclusion**

For the reasons set forth above, Yankee Atomic respectfully requests the Court to order the government to produce the documents listed in Exhibit A in their entirety and without redactions as expeditiously as possible.

Respectfully submitted,

Date: March 12, 2004

s/Jerry Stouck
JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800 (phone)
(202) 682-1639 (fax)

COUNSEL FOR PLAINTIFF
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Peter J. Skalaban
Vivek K. Hatti
SPRIGGS & HOLLINGSWORTH

# EXHIBIT A

# EXHIBIT A

Yankee Atomic requests the Court to receive the following documents in their entirety and without any redactions for *in camera* review to determine the propriety of the government's redactions:

| BATES NO. | DOCUMENT TYPE | FROM | TO | "CC" RECIPIENTS | DATE |
|---|---|---|---|---|---|
| HQR166-0032 | Informal Note | Lake H. Barrett | Jessie H. Roberson | Robert Card, Lee Otis | December 13, 2001 |
| HQR236-0030 to –0032 | Chart | Unknown | N/A | N/A | September 4, 2002 |
| NRC004-0243 | E-Mail | James Kennedy | C.W. (Bill) Reamer, E. Neil Jensen, James Kennedy, M. Wayne Hodges, Michael Webb, Thomas Essig | E. William Brach, John Greeves, Spiros Droggitis | October 22, 2001 |

# EXHIBIT B

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Peter J. Skalaban, Jr.
202.898.5821
pskalaban@spriggs.com

November 12, 2003

**Via facsimile and mail**

Marian E. Sullivan
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Marian:

This letter concerns certain document discovery matters. First, we have completed our review of the previously withheld documents the government produced on September 30, 2003, as required by the Court's August 25, 2003 Order compelling production. We have several questions and concerns regarding the government's production, which are enumerated below.

1. The document at Bates no. HQR 251-0016-79 are weekly status reports from Robert Campbell to his supervisor. The government has extensively redacted the portions of the status reports relating to GTCC waste matters. Although the Court's Order permitted the government to redact descriptions of "legal discussions" with DOE counsel that are contained in these reports, it is very surprising that so much of these reports purportedly describes legal discussions with counsel. Please re-review this document and (1) produce all information that does not describe legal discussions with counsel or (2) confirm that all of these redactions are strictly limited to privileged, legal discussions with counsel.

2. In addition, there are no Campbell status reports from early November 2001 to late January 2002. *See* HQR 251-0080 & HQR 251-0053. Please produce or explain why no such reports were produced.

3. The document at Bates no. NRC 004-0243 is extensively redacted. This was a widely-circulated e-mail within NRC. Although the Court's Order permitted the government to redact the "description of legal advice" from NRC counsel, the government's redaction was substantial. Please re-review this document and (1) produce all information that does not

constitute a description of legal advice provided by NRC counsel or (2) confirm that the redaction is strictly limited to the description of legal advice provided by NRC-OGC.

4. HQR 166-0032 is a document between Lake Barrett and Jessie Roberson. The document again contains a heavy redaction. Please re-review this document and (1) produce all information that does not constitute the "substance of legal communications" between DOE and its counsel or (2) confirm that the redaction is strictly limited to such material. *See* 8/25/03 Order, at 3.

5. The following documents contain marginalia that are illegible: HQR 167-0092-95; HQR 167-0113; and HQR 170-0060-73. The copy of the document at HQR 236-0030-32 is also illegible in parts. Please provide fully legible copies of these documents.

6. The government produced a document at HQR 236-0030-32 that relates to GTCC waste. The government's prior, January 31, 2003 privilege log makes no claim of privilege over this document. However, the document is heavily redacted. Please promptly produce an unredacted copy of the document.

In addition, no other information related to this document was produced, and no other documents with the source code/Bates prefix HQR 236 were produced. Further, the government's source log (*see* Sullivan 4/2/03 ltr. to Shapiro) does not identify the original custodian of this document. Please produce all documents related to this document or explain why they have not been produced. Please also identify the source of this document, and, if there are other responsive documents from this source, please promptly provide them.

7. The government has produced numerous copies of a draft letter from the Secretary to Governor King (*e.g.*, Bates no. NRC 004-0294) and copies of a draft memorandum to the Secretary discussing the letter to Governor King (*e.g.*, Bates no. HQR 252-0029). If any of these documents were produced from the files of the Secretary's Office, please identify those documents. If no copies of these documents came from the files of the Secretary and/or his staff, then please search those files and produce the versions of these documents (if any) that were transmitted to the Secretary or his staff and any related documentation.

Second, the government has agreed to release copies of Yankee Utilities' pretrial exhibits nos. 1723 and 1724, which the government previously had "clawed-back." *See* Sullivan 9/39/03 ltr. to Skalaban. Please provide us electronic copies of these two documents.

Third, based on our preliminary review of the government's privilege log dated October 24, 2003, we have the following preliminary requests:

1. Please provide information on the individuals named "G. Gardner" and "D. Callier" who appear on the government's log, including who they worked for and their job responsibilities.

2. The e-mail at HQR 258-0490 (p. 17), relating to the DCS process, was apparently not sent to any attorney. Moreover, the basis for the government's assertion of privilege over this document is confusing. Accordingly, please clarify the basis for your assertion. In addition, to the extent that the document contains a description of a privileged communication with counsel, then redact that description and promptly produce the remainder of the e-mail.

We appreciate your attention to these matters. Please provide a response prior to the Thanksgiving holiday so that we may timely complete any appropriate follow-up.

Sincerely,

Peter Skalaban

# EXHIBIT C

Spriggs&Hollingsworth

1350 I Street, NW
Washington, DC 20005
tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Peter J. Skalaban, Jr.
202.898.5821
pskalaban@spriggs.com

December 16, 2003

**Via Facsimile and mail**

Marian E. Sullivan
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Marian:

On November 12, 2003, Yankee Utilities sent the government a letter raising certain questions and concerns based on our review of the previously withheld documents that the Court ordered the government to produce. *See* August 25, 2003 Order. The government has not yet responded, even though it has had ample time to do so.

Please promptly respond to our November 12 letter.

Sincerely,

Peter Skalaban

# EXHIBIT D

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Peter J. Skalaban, Jr.
202.898.5821
pskalaban@spriggs.com

February 2, 2004

Via Facsimile and Mail

Marian E. Sullivan
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Marian:

As you know, the Court ordered that government to produce certain documents (related to GTCC waste) that the government had asserted were privileged and provide testimony regarding the subject matter of those documents. *See* August 25, 2003 Order, at 4. Our review of those documents identified several apparent deficiencies in the government's document production. We requested information from the government regarding these document issues on November 11, 2003. *See* Skalaban 11/12/03 ltr. to Sullivan. The government did not respond. On December 16, 2003, we again wrote the government to request a response to our questions. *See* Skalaban 12/16/03 ltr. to Sullivan. However, the government still has not responded.

The government has had ample time to research our questions and provide a response, even considering the government's ongoing work to complete its pretrial submissions. Yankee Utilities believe that it is important to resolve these GTCC waste document issues before proceeding with the conclusion of the depositions of government witnesses (regarding GTCC waste) that the Court has directed the government to provide.

We request that the government provide the information that Yankee Utilities requested, *see* Skalaban 11/12/03 ltr. to Sullivan, as soon as possible and not later than five business days after the government makes its final pretrial submissions. If the government continues to not cooperate regarding this discovery matter, then Yankee Utilities may be forced to raise this matter with the Court.

Spriggs & Hollingsworth

Marian E. Sullivan
February 2, 2004
Page 2 of 2

Please me contact me if you have any questions.

Sincerely,

Peter Skalaban

# EXHIBIT E

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Peter J. Skalaban, Jr.
202.898.5821
pskalaban@spriggs.com

March 4, 2004

Kevin B. Crawford, Esq.
U.S. Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.*

Dear Kevin:

By letter dated November 12, 2003, Yankee Utilities made several requests for documents and information arising from our concern that the government's compliance with the Court's Order of August 25, 2003 (compelling GTCC waste-related documents) was inadequate and from other related discovery matters. One of the issues raised in our November letter is that the government made very extensive redactions to the evidence that the Court ordered the government to produce. After receiving no response from the government to our letter, we wrote the government again on December 16, 2003 and on February 2, 2004, to encourage the government's cooperation.

I appreciate the courtesy of your call yesterday to advise me of the status of the government's response. It is my understanding that the government plans to provide a formal response to our November 12 letter in the near future.

It is also my understanding that while the government plans to produce some additional documents, the government does not plan to withdraw any (or many) of the redactions to the documents that were compelled. In that event, we have no choice but to take the excessive redaction issue to the Court and seek *in camera* review of some or all of the redacted material. Please provide your substantive response and all additional material you plan to produce as soon as possible. In view of the long delay since the Court's August 25 Order and the upcoming depositions and trial, we will not wait beyond March 9, 2004 to file our motion.

Thank you for your attention to this matter.

Sincerely,

Peter J. Skalaban

# EXHIBIT F

cc: Bill
Paul

December 13, 2001

INFORMAL NOTE

TO: Jessie H. Roberson
Assistant Secretary for Environmental Management

FROM: for Lake H. Barrett, Acting Director Ron Milner
Office of Civilian Radioactive Waste Management

SUBJECT: Letter to the Secretary from Governor King of the State of Maine

I am requesting your assistance in drafting a response to Governor King's request to the Secretary that he reconsider providing centralized interim storage for greater-than-class-C (GTCC) waste. On July 6, 2001, in response to a letter from five New England Governors, the Secretary wrote Governor King and the other governors stating that DOE has no current plans to provide for such storage. In that letter, the Secretary also stated that, subject to the availability of funds, DOE plans to prepare an Environmental Impact Statement (EIS) in fiscal year 2002 to analyze the alternatives for disposal of GTCC waste, with the intent of selecting a pathway for this waste in a Record of Decision. This EIS was to be prepared by your office. Because of your decision not to go forward with this EIS, I agreed that RW would prepare the response to Governor King's latest letter.

My office prepared the attached draft response, which reiterates DOE's position that it does not currently have plans to provide for interim storage of GTTC waste from commercial power reactors and that it is safe where it is now. However, it does not address the potential EIS or any path forward for addressing GTTC waste storage or disposal. The NRC has strongly objected to the absence of a proposed path forward. [redacted]

[redacted], I have asked Shirley Davis on my staff to arrange a meeting for us on this subject in the very near future. In the meantime, please feel free to call me at 6-6842.

Attachment

cc:
Robert Card, S-3
Lee Otis, GC-1

HQR166 0032

HQR166 0032

# EXHIBIT G

PRIVILEGE LOG FOR DOCUMENTS CLAWED-BACK AFTER JULY 5, 2002, AND FOR DOCUMENTS PRODUCED IN RESPONSE TO JUNE 12, 2002, PRODUCTION REQUESTS

| DOCNO | ENDNO | DATE | AUTHOR | ADDRESSEE | DOCTYPE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| HQR1660025 | HQR1660031 | XXXX/XX/XX | BARRETT, L; DOE-RW | SECRETARY ABRAHAM | MEM | AN UNDATED DRAFT RESPONSE FROM SECRETARY ABRAHAM TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING TO SECRETARY ABRAHAM; ATTACHED TO DRAFT RESPONSE ARE ONE PAGE CONCURRENCE SHEET AND TWO COPIES OF DRAFT MEMORANDUM FROM L. BARRETT, DOE-OCRWM, TO THE SECRETARY REGARDING PROPOSED RESPONSE TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING; DOCUMENTS PROVIDE RECOMMENDATIONS TO THE SECRETARY REGARDING PROPOSED RESPONSE, REVEAL THE DELIBERATIONS OF DOE REGARDING HOW TO RESPOND TO GOVERNOR KING'S LETTER AND FORM PART OF THE DELIBERATIVE PROCESS. | DP |
| * HQR1660032 | HQR1660045 | 2001/12/13 | BARRETT, L; DOE-RW | ROBERSON, J; DOE-EM cc: CARD, R; DOE-S-3 OTIS, L; DOE-OGC | MEM | INFORMAL MEMORANDUM FROM L. BARRETT, OCRWM, TO J. ROBERSON, DOE-EM, REGARDING DRAFT RESPONSE TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING, MAINE; MEMORANDUM CONTAINS SUBSTANCE OF COMMUNICATIONS BETWEEN OCRWM AND DOE-OGC REGARDING PROPOSED RESPONSE; MEMORANDUM ALSO REVEALS THE DELIBERATIONS OF DOE REGARDING HOW TO RESPOND TO GOVERNOR KING'S LETTER AND FORMS PART OF THE DELIBERATIVE PROCESS. ATTACHED TO THE MEMORANDUM ARE THE FOLLOWING DOCUMENTS THAT HAVE BEEN PRODUCED ELSEWHERE OR ARE LISTED IN THE PRIVILEGE LOG: MEMORANDUM FROM M. URIE (DOE-OGC) TO D. | DP, AC |

| DOCNO | ENDNO | DATE | AUTHOR | ADDRESSEE | DOCTYPE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| | | | | | | ZABRANSKY AND S. KLEIN; AN UNDATED DRAFT RESPONSE FROM SECRETARY ABRAHAM TO GOVERNOR KING; OCTOBER 1, 2001 LETTER FROM GOVERNOR KING TO SECRETARY ABRAHAM; JULY 6, 2001 LETTER FROM SECRETARY ABRAHAM TO GOVERNOR KING; CORRESPONDENCE TRACKING SHEET; MARCH 28, 2001 LETTER TO SECRETARY ABRAHAM FROM GOVERNORS ROWLAND (CT.), CELLUCCI (MA.), SHAHEEN (N.H.), DEAN (VT.); TWO VERSIONS OF DRAFT MEMORANDUM FROM L. BARRETT, DOE-OCRWM, TO THE SECRETARY REGARDING PROPOSED RESPONSE TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING, MAINE.<br>AC ATTORNEYS: M. URIE, L. OTIS (DOE-OGC). | |
| HQR1670001 | HQR1670010 | 20020524 | NONE GIVEN | NONE GIVEN | OTH | OCRWM CORRESPONDENCE TRACKING SYSTEM LOG; TRACKING DOE RESPONSE TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING OF MAINE; DOCUMENT REVEALS DOE'S DELIBERATIVE PROCESS IN DECIDING HOW TO RESPOND TO GOVERNOR KING'S LETTER. | DP |
| HQR1670011 | HQR1670020 | 20020814 | NONE GIVEN | NONE GIVEN | OTH | OCRWM CORRESPONDENCE TRACKING SYSTEM LOG; TRACKING DOE RESPONSE TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING OF MAINE; DOCUMENT REVEALS DOE'S DELIBERATIVE PROCESS IN DECIDING HOW TO RESPOND TO GOVERNOR KING'S LETTER. | DP |

# EXHIBIT H

**From:** James Kennedy
**To:** C.W. (Bill) Reamer; E. Neil Jensen; James Kennedy; M. Wayne Hodges; Michael Webb; Thomas Essig
**Date:** 10/22/01
**Time:** 2:30PM - 3:00PM
**Subject:** Action--Coordinate responses to Letters from Governor King of Maine re Maine Yankee
**Place:** O-4-B-4

The purpose of the meeting is to coordinate DOE and NRC responses to two recent letters from Maine regarding Maine Yankee. Governor King of Maine sent DOE a letter on October 1 urging them to remove GTCC and SNF from Maine Yankee no later than 2005, when MY is finished decommissioning. He also sent a letter to us on October 4 asking us to require additional security measures at MY after decommissioning, update our waste confidence Report, and push DOE to remove the materials with some urgency, in light of the terrorist attacks. NRR is responding to the letter to us.

DOE staff (Rob Campbell) has asked for informal comments on their draft response to Governor King, since they are stating NRC positions on snf and gtcc storage.

[redacted]

At our meeting, we need to decide if we wish to provide any comments to DOE on their draft, and if so, what they will be, and what further coordination in NRC might be needed.

Jim

**CC:** E. William Brach; John Greeves; Spiros Droggitis

# EXHIBIT I

| DOCNO | ENDNO | DATE | AUTHOR | ADDRESSEE | DOCTYPE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| NRC0040217 | NRC0040219 | 2001/10/29 | MESERVE, R.; NRC | KING, A; GOVERNOR OF MAINE | COR | DRAFT OF LETTER FROM CHAIRMAN MESERVE TO GOVERNOR KING OF MAINE IN RESPONSE TO GOVERNOR KING'S OCTOBER 4, 2001, LETTER; DOCUMENT CONTAINS MARGINALIA WITH COMMENTS FROM THE OFFICE OF GENERAL COUNSEL PROVIDING LEGAL ADVICE CONCERNING THE DRAFT RESPONSE, BASED UPON REVIEW OF RESPONSE FOR LEGAL SUFFICIENCY. | AC |
| * NRC0040243 | NRC0040243 | 20011022 | KENNEDY, J; NRC | REAMER, C.W.; NRC JENSEN, E.N.; NRC-OGC KENNEDY, J; NRC HODGES, M.W.; NRC WEBB, M; NRC ESSIG, T; NRC cc: BRACH, E.W.; NRC GREEVES, J; NRC DROGGITIS, S; NRC | COR, OTH | E-MAIL DESCRIBING PROPOSED RESPONSES FROM DOE AND NRC TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING; E-MAIL CONTAINS DESCRIPTION OF LEGAL ADVICE PROVIDED BY NRC-OGC, BASED UPON REVIEW OF PROPOSED RESPONSE FOR LEGAL SUFFICIENCY. AC ATTORNEY: N. JENSEN (NRC-OGC). | AC, DP |
| NRC0040244 | NRC0040244 | 2001XXXX | ABRAHAM, S; SECRETARY OF DOE | KING, A; GOVERNOR OF MAINE | COR | AN UNDATED DRAFT RESPONSE FROM SECRETARY ABRAHAM TO OCTOBER 1, 2001 LETTER FROM GOVERNOR KING TO SECRETARY ABRAHAM PROVIDED TO J. KENNEDY, NRC, FOR REVIEW AND COMMENT; DOCUMENT CONTAINS MARGINALIA WRITTEN BY MR. KENNEDY, REVEALS THE DELIBERATIONS OF DOE REGARDING HOW TO RESPOND TO GOVERNOR KING'S LETTER AND FORMS PART OF | DP |

# EXHIBIT J

[redacted]

| Activity | Description | Associated Funding | FTE's | Transfer |
|---|---|---|---|---|
| [illegible] | [illegible] | [redacted] | [redacted] | [redacted] |
| Sealed Source Recovery Program (defense and non-defense) | The primary objective is acceptance of unwanted and unused radioactive sealed sources and devices | [redacted] | [redacted] | [redacted] |
| [illegible] | [illegible] | [redacted] | [redacted] | [redacted] |
| Greater than Class C Waste | Under the LLW Policy Act, DOE has a reponsibility to dispose of higher activity level "Greater than Class C" commercial waste. DOE has not met this responsibility, and an Environmental Impact Statement/NEPA must be completed for disposition of GTCC. | [redacted] | [redacted] | [redacted] |
| [illegible] | [illegible] | [redacted] | [redacted] | [redacted] |
| Hazardous Waste Worker Training | Provides worker training at DOE nuclear weappons facilities and related sites under the DOE Hazardous Worker Training Grant Program, which is administered by the National Institutes of Environmental Health Sciences | [redacted] | [redacted] | [redacted] |
| [illegible] | [illegible] | [redacted] | [redacted] | [redacted] |
| Waste Operations | Transfer responsibility for the treatment, storage, and dispposal of newly generated waste to the generator. | | | [redacted] |

[redacted]

[redacted]

| | | | | |
|---|---|---|---|---|
| Radiological and Environmental Sciences Laboratory | [illegible] | [redacted] | [redacted] | [redacted] |
| Environmental Measurements Laboratory | Primarily monitors world wide atmospheric releases and develops nuclear sensor techniques | [redacted] | [redacted] | [redacted] |
| [illegible] | [illegible] | [redacted] | | [redacted] |
| Pinellas Plant Close-Out and Administration of Post-Employee Benefits | These payments are not directly related to the EM objective of cleanup and closure. | [redacted] | – | [redacted] |
| [illegible] | [illegible] | [redacted] | | [redacted] |
| Paducah Pre-Existing Liabilities | These payments are not directly related to the EM objective of cleanup and closure. | [redacted] | – | [redacted] |
| [illegible] | [illegible] | [redacted] | | [redacted] |
| Oak Ridge Reservation Long-Term Contractor Liabilities | These payments are not directly related to the EM objective of cleanup and closure. | [redacted] | – | [redacted] |
| [illegible] | [illegible] | [redacted] | | [redacted] |
| Payment to the State of New Mexico | These activities are not directly related to on-the-ground cleanup results, they are integral to EM's ability to conduct cleanup. | [redacted] | – | [redacted] |
| [illegible] | [illegible] | | | [redacted] |
| Long-Term Stewardship | | [redacted] | [redacted] | [redacted] |


Long-Term Stewardship (Grand Junction)

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing "Yankee Atomic's Motion To Compel Production Of Documents Pursuant To The Court's August 25, 2003 Order" to be served electronically through the Court of Federal Claims Electronic Filing System on March 12, 2004 upon the following:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-6288
Fax (202) 307-2503

*Attorney for the United States*

s/Jerry Stouck
Jerry Stouck