**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL
154-98-126

Telephone:
(202) 305-7562

*Washington, D.C. 20530*

March 25, 2004

VIA HAND DELIVERY

Peter J. Skalaban, Jr.
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Re: *Yankee Atomic Electric Co. v. United States*, No. 98-126C (Fed. Cl.); *Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C (Fed. Cl.); *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C (Fed. Cl.)

Dear Mr. Skalaban:

This letter is in response to your letter dated November 12, 2003, in which you identified several concerns with the Government's production of documents in this litigation.

1. In the first paragraph of your letter, you assert that we have "extensively redacted the portions of the status reports relating to GTCC waste matters" and ask us to "re-review" our redactions to ensure that the redacted material is privileged. Notwithstanding our prior good faith and thorough efforts to ensure that we only redacted that information which, in accordance with the Court's August 25, 2003 order, was privileged, and notwithstanding our disagreement with your assertion that the redactions at issue are extensive, we have complied with your request and can confirm that all of the information that was redacted is, in fact, privileged.

2. In the second paragraph of your letter, you ask that we "produce or explain why no [status] reports" from Mr. Robert Campbell from early November 2001 to late January 2002 "were produced." In response to your request, we re-reviewed our files and contacted Mr. Campbell to attempt to resolve this discrepancy. It is unclear why the referenced status reports were not included in our prior production, but it appears to have resulted from some inadvertent administrative error. Copies of the referenced status reports have been Bates-stamped HQR 291-0001 through -0017, and are being produced as attachments to this letter.

3. In the third paragraph of your letter, you again request that we "re-review" a particular one-page document to ensure that our redactions comply with the Court's August 25, 2003 order. Although you again describe our redactions to this document as extensive, we only redacted one paragraph and one additional sentence of the document. We have again complied with that request and have again determined that the redacted information is privileged.

4. In the fourth paragraph of your letter, you again request that we confirm that redactions to a particular document, HQR 166-0032, are appropriate. Again, we have complied with your request and have determined that the redactions are appropriate pursuant to the Court's August 25, 2003 order.

5. In the fifth paragraph of your letter, you identify four documents that you believe contain illegible marginalia and request that we provide legible copies of that marginalia. Attached to this letter are the best copies of HQR 167-0092 through -0095, HQR 167-0113, HQR 170-0060 through -0073, and HQR 236-0030 through -0032 that are available. We do not have better copies of those documents.

6. In the sixth paragraph of your letter, you assert that the document with Bates-stamp number HQR 236-0030 through -0032 is not identified on the Government's January 31, 2003 privilege log. Our privilege log has been revised to include an entry reflecting that a redacted version of this document has been produced subject to the Court’s August 25, 2003 order. A copy of the revised log is forthcoming.

7. In the seventh paragraph of your letter, you request that we identify which copies of a draft letter from the Secretary to Governor King and copies of a draft memorandum to the Secretary discussing the draft letter to Governor King were "produced from the files of the Secretary's Office." The only draft letter that was sent to any individual in the Secretary's office was received by Ellen Livingston, a senior policy advisor to the Secretary on environmental affairs, and the Bates-stamp number of that draft is HQR 252-0051 through -0052. A copy of the only version of the draft memorandum that Ms. Livingston received has been Bates-stamped for production as HQR 285-0001 through -0003, and is attached to this letter. Other than these two documents, no drafts of these documents were received within the Secretary's office. Further, we have been informed that the Secretary did not see those or any other drafts.

You also request that we provide you with electronic copies of the Yankees' Pretrial Exhibit Nos. 1723 and 1724. Electronic copies of these documents will be forthcoming.

You next request that we provide information on the individuals "G. Gardner" and "D. Callier," whose names appear on the Government's privilege log, "including who they worked for and their job responsibilities." The individuals identified are Glenn Gardner and Dorothy Callier, both of whom are Department of Energy employees. Mr. Gardner is a program analyst with the Office of Civilian Radioactive Waste Management ("OCRWM"), and Ms. Callier is a procurement specialist with OCRWM.

Finally, you request that we clarify the basis of our assertion of privilege over the e-mail at HQR 258-0490. We intend to revise our assertion of privilege contained in our current version of our privilege log as follows:

> REDACTED PORTION OF E-MAIL RELATES TO MR. ZABRANSKY'S REQUEST FOR LEGAL ADVICE TO DOE-OGC, AND A DESCRIPTION OF DOE-OGC'S ADVICE, REGARDING DCS SUBMITTALS. THE NON-PRIVILEGED PORTIONS OF THE DOCUMENT ARE BEING PRODUCED.
> AC/AW ATTORNEY: S. KLEIN (DOE-OGC); M.A. SULLIVAN (DOE-OGC)

In accordance with the revision, we have attached a copy of a redacted version of the document.

If you have any further questions regarding these matters, please feel free to contact me.

Sincerely,

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch