IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY )
CONNECTICUT YANKEE ATOMIC POWER COMPANY )
MAINE YANKEE ATOMIC POWER COMPANY )
FLORIDA POWER & LIGHT COMPANY )
NORTHERN STATES POWER COMPANY )
DUKE POWER, A Division of DUKE ENERGY CORP.)
INDIANA MICHIGAN POWER COMPANY )
SACRAMENTO MUNICIPAL UTILITY DISTRICT )
SOUTHERN NUCLEAR OPERATING COMPANY, et al. )
COMMONWEALTH EDISON COMPANY )
BOSTON EDISON COMPANY )
GPU NUCLEAR, INCORPORATED )
WISCONSIN ELECTRIC POWER COMPANY )
POWER AUTHORITY OF THE STATE OF NEW YORK )
OMAHA PUBLIC POWER DISTRICT )
NEBRASKA PUBLIC POWER DISTRICT )
TENNESSEE VALLEY AUTHORITY, )
Plaintiffs, )
v. )
UNITED STATES, )
Defendant. )

2

DEPOSITION OF ROBERT L. MORGAN

March 21 and 22, 2002 Volume 2, Pg 213 - 330

0010

C&C Court Reporting
541/485-0111 • 172 East 8th Avenue • Eugene, Oregon 97401
1-800/344-0983 • FAX 541/485-0926 • Salem Office 503/362-9193

CERTIFIED COPY

shutdown reactors "is necessary to prevent reactors from waiting 20 or 30 years to be decommissioned after they finish generating electricity."

Does that -- Would you agree with that? Did you agree with that at the time?

A. Yes.

Q. What did you mean, "necessary to prevent them from waiting 20 to 30 years"?

A. We didn't want to hold up D and D of a reactor site.

Q. "D and D" referring to?

A. Decommissioning and -- what's the -- I don't remember the acronym. Shutting down the reactor.

Q. Was that one of your objectives, to avoid --

MR. BANES: Objection. Vague.

BY MR. NESLIN:

Q. -- to avoid holding up --

A. A utility from D and D?

Q. Yes.

A. Decommissioning. We didn't want to do that.

Q. That was an objective of yours?

A. Yes.
Q. Not to. Now if we could turn to page 16602.
A. Yes.
Q. The bottom of the first column, Article VI.B.1(b). Do you see that at the bottom of the page?
A. Yes.
Q. This is the provision that allows a priority for shutdown reactors. Correct?
MR. BANES: Objection. Calls for a legal conclusion.
A. I believe that's correct.
BY MR. NESLIN:
Q. Did you have -- Strike that. How did you expect the Department of Energy to apply this provision?
MR. BANES: Objection. Calls for speculation.
BY MR. NESLIN:
Q. Do you understand my question?
A. Unless faced with the issue, I can't tell you how we would resolve it.
Q. Did you have any criteria in mind for when priority would have been accorded to a



EXHIBIT
KLEIN #1
4-24-02

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| (98-126C) (Merow, S.J.) | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| (98-154C) (Merow, S.J.) | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| (98-474C) (Merow, S.J.) | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| (98-483C) (Wilson, J.) | ) |
| NORTHERN STATES POWER COMPANY | ) |
| (98-484C) (Wiese, J.) | ) |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) |
| (98-485C) (Sypolt, J.) | ) |
| INDIANA MICHIGAN POWER COMPANY | ) |
| (98-486C) (Hodges, J.) | ) |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) |
| (98-488C) (Yock, S.J.) | ) |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) |
| (98-614C) (Merow, S.J.) | ) |
| COMMONWEALTH EDISON COMPANY | ) |
| (98-621C) (Hewitt, J.) | ) |
| BOSTON EDISON COMPANY | ) |
| (99-447C) (Allegra, J.) | ) |
| GPU NUCLEAR, INCORPORATED | ) |
| (00-440C) (Bush, J.) | ) |
| WISCONSIN ELECTRIC POWER COMPANY | ) |
| (00-697C) (Merow, S.J.) | ) |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) |
| (00-703C) (Damich, J.) | ) |
| OMAHA PUBLIC POWER DISTRICT | ) |
| (01-115C) (Bush, J.) | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) |
| (01-116C) (Sypolt, J.) | ) |
| TENNESSEE VALLEY AUTHORITY | ) |
| (01-249C) (Bruggink, J.) | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) Discovery Judge: |
| | ) (Judge Sypolt) |
| Defendant. | ) |
| | ) |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 9:30 a.m. on Wednesday, April 24, 2002, at the law offices of Jenner & Block, 601 Thirteenth St., NW, Suite 1200 South, Washington, DC 20005. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 18, 2002

Respectfully submitted,

Alex D. Tomaszczuk by Daniel Herzfeld

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**

Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

**0015**

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

**0016**

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

**EXHIBIT**

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Document #: 1180086 v.2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-----------------------------------------X

YANKEE ATOMIC ELECTRIC COMPANY :
(98-126C)(Merow, S.J.) :
CONNECTICUT YANKEE ATOMIC POWER COMPANY :
(98-154C)(Merow, S.J.) :
MAINE YANKEE ATOMIC POWER COMPANY :
(98-474C)(Merow, S.J.) :
FLORIDA POWER & LIGHT COMPANY :
(98-483C)(Wilson, J.) :
NORTHERN STATES POWER COMPANY :
(98-484C)(Wiese, J.) :
DUKE POWER, a Division of DUKE ENERGY CORP.:
(98-485C)(Sypolt, J.) :
INDIANA MICHIGAN POWER COMPANY :
(98-486C)(Hodges, J.) :
SACRAMENTO MUNICIPAL UTILITY DISTRICT :
(98-488C)(Yock, S.J.) :
SOUTHERN NUCLEAR OPERATING COMPANY, et al. :
(98-614C)(Merow, S.J.) :
COMMONWEALTH EDISON COMPANY :
(98-621C)(Hewitt, J.) :
BOSTON EDISON COMPANY :
(99-447C) (Allegra, J.) :
GPU NUCLEAR, INCORPORATED :
(00-440C)(Bush, J.) :
WISCONSIN ELECTRIC POWER COMPANY : VOLUME
(00-697C)(Merow, S.J.) : II
POWER AUTHORITY OF THE STATE OF NEW YORK :
(00-703C)(Damich, J.) :
OMAHA PUBLIC POWER DISTRICT :
(01-115C)(Bush, J.) :
NEBRASKA PUBLIC POWER DISTRICT :Discovery
(01-116C)(Sypolt, J.) :Judge:
TENNESSEE VALLEY AUTHORITY :(Judge
(01-249C)(Bruggink, J.) :Sypolt)
Plaintiffs, :PAGES
v. :275 - 533

THE UNITED STATES, :
Defendant. :
-------------------------------------------X

Deposition of Susan Klein
Washington, DC
Thursday, April 25, 2002

Reported by: Denise Dobner Vickery, RMR, CRR
JOB NO. 144540

A. Under the standard contract; that's correct.

Q. Under the standard contract. And so DOE's consideration of granting priority at this time is -- would you describe it as being premature?

A. I guess it's just that we reserve the right to do it if we had a huge repository and we could meet everybody's need and it might seem to be a reasonable thing to do. So, I mean, we may determine once we're operational.

Q. You haven't prejudged and foreclosed the possibility; is that fair to say?

A. That's fair to say.

Q. If the repository were operating at such a rate that granting priority would not harm operating utilities, DOE would consider granting a priority to a shutdown reactor. Is that also fair to say?

A. I think that's fair to say, yes.

MR. MACDONALD: 48.

(Thereupon, the reporter marked for identification Deposition Exhibit No. 48.)

BY MR. MACDONALD:

Q. Ms. Klein, I've handed you a document marked

My question is: Was the reason this provision was included, the priority shutdown provision, that is because it was necessary to prevent reactors from waiting 20 or 30 years to be decommissioned?

A. Yes.

Q. And DOE included this provision despite the fact that four commenters recommended the deletion of the provision?

A. Yes, that's correct.

Q. And as you explained I believe earlier, acceptance of fuel from a shutdown reactor would allow that reactor to go to green fields I believe is the word that you used; is that correct?

A. Yes, it would. In most cases, it would allow them to go to green fields, yes.

Q. If DOE had begun accepting fuel in 1998 at a 3,000 MTU rate or a ramp-up, a reasonable ramp-up to a 3,000 MTU rate, do you have an opinion as to whether DOE could have given priority to shutdown reactors without harming or prejudicing the rights of operating utilities.

MS. POWELL: Object to beyond the scope, but you can answer.

THE WITNESS: It could have given. I think that would be policy considerations that would be looked at, but it would make it certainly --

BY MR. MACDONALD:

Q. Would have made it easier?

A. Much easier, yes.

(Discussion off the record.)

(Thereupon, the reporter marked for identification Deposition Exhibit No. 50.)

BY MR. MACDONALD:

Q. Ms. Klein, I've just marked -- had marked for you Exhibit 50, which is a memo dated June 28, 1991 from P. N. McDuffie and S. A. Vance to D. C. Langstaff and A. B. Brownstein. Do you have that there before you?

A. Yes, I do.

Q. I believe we discussed earlier Mr. Vance, Scott Vance, who you know; is that right?

A. That's correct.

Q. And Mr. A. B. Brownstein is Alan Brownstein;