IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow) |

# PLAINTIFF'S MOTION TO STRIKE[1] DEFENDANT'S UNNAMED FACT WITNESS FROM THE OFFICE OF NUCLEAR SECURITY AND INCIDENT RESPONSE AND FACT WITNESSES BOYEA, DAVIS, HELIN, LEPISTO, AND SHYLOSKI

Pursuant to RCFC 7 and the Court's November 4, 1998 pretrial order, Yankee Atomic respectfully requests that the Court exclude all testimony of the government's witness designated only as "Member from the Office of Nuclear Security and Incident Response," and defendant's fact witnesses Weslie Boyea, Edward M. Davis, Frank J. Helin, Charles Lepisto, III, and E.C. Shylosky.[2]

## STATEMENT OF FACTS

On March 28, 2003, Yankee Atomic submitted its paragraph 3 pretrial submissions. The government subsequently sought, and obtained, an enlargement of time for submission of its paragraph 3 submissions. By Order dated, December 24, 2003 (at p. 4), the Court granted the

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

[2] Messrs. Boyea and Lepisto are only listed as witnesses in *Maine Yankee*; Messrs. Davis and Helin are only listed as witnesses in *Yankee Atomic*; and Messr. Shylosky is only listed as a witness in *Connecticut Yankee*.

government's request, and gave the government through February 12, 2004, "with no further time to be sought, absent a showing of exceptional good cause," to make its submissions. The government was unable to meet that deadline, and on February 19, 2004, the government submitted its updated witness list for the upcoming trial on damages. That updated list includes one witness, who the government identified only as a "Member from the Office of Nuclear Security and Incident Response," and did not provide his/her name, address, or telephone number. The government also identified as witnesses, Messrs. Boyea, Davis, Helin, Lepisto, and Shylosky, but did not provide a "succinct statement of the nature and scope of the testimony to be presented by each such witness," as required by the Court's November 4, 1998 pretrial order. The listing for each such witness states that they "will testify about the authenticity of documents… *and other relevant matters*." (emphasis added). The government's witness list provides no further information regarding what "other relevant matters" these witnesses might address. Moreover, these witnesses were not included on the government's prior witness list or previously deposed by Yankee Atomic.

In an effort to narrow the issues for further discovery and avoid the necessity for intervention by the Court, Yankee Atomic requested, in a letter to the government dated March 23, 2004, that the government provide the name and contact information of its unnamed witness. Attached as exhibit 1. In the letter, Yankee Atomic also asked the government to confirm that the additional fact witnesses listed above would appear solely to testify regarding the authenticity of documents, so that the parties could avoid altogether, or at least sharply limit, the need for their depositions. Yankee Atomic requested a reply from the government by March 30, 2004.

The government has failed to respond, and, as evidenced in the attached correspondence, has demonstrated a general lack of cooperation with final pre-trial activity.[3]

## ARGUMENT

RCFC Appendix A specifically provides:

> Failure of a party to list a witness shall result, absent agreement of the parties or a showing of a compelling reason for the failure, in the exclusion of that witness' testimony at trial. Any witness whose identity has not been previously disclosed shall be subject to discovery. As to each witness, the party shall indicate the specific topics to be addressed in the expected testimony.

RCFC Appendix A (13) (b) (2002). The Court's order of November 4, 1998 also requires the proper identification of witnesses. The Court made clear in its pretrial order that each party must furnish for, "each witness intended to be called to testify...a succinct statement of the nature and scope of the testimony to be presented by each such witness." The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case. *See, e.g., Sellers v. Mineta*, 350 F.3d 706, 711 (8th Cir. 2003) (finding that the trial court acted properly in excluding a fact witness whom the appellant had failed to disclose to opposing counsel during pretrial proceedings). The government's disclosure of the identity of its unnamed individual from the Office of Nuclear Security and Incident Response is long overdue. The government's failure places Yankee Atomic in the highly

[3] *See* Letter from Stouck to Lester of March 1, 2004 (requesting dates when government experts would be available for deposition regarding their new expert witness reports), exhibit 2; letter from Shapiro to Lester of March 22, 2004 (requesting cooperation to narrow disputes at trial over admissibility of exhibits), exhibit 3; letter from Shapiro to Lester of March 26, 2004 (transmitting notice of expert depositions after not receiving any availability information from the government), exhibit 4; letter from Stouck to Crawford of April 6, 2004 (noting government failure to provide availability information for experts' depositions), exhibit 5; letter from Shapiro to Lester of April 7, 2004 (transmitting notice of fact witness depositions after not receiving any availability information from the government), exhibit 6.

prejudicial position of having to prepare to rebut potential testimony that Yankee Atomic has not been permitted to explore during discovery.

Similarly, if permitted by the Court, the government's failure to disclose the nature and scope of the testimony its fact witnesses, Weslie Boyea, Edward M. Davis, Frank J. Helin, Charles Lepisto, III, and E.C. Shylosky, will substantially and unnecessarily complicate final pretrial activity and prejudice Yankee Atomic in its preparation for trial. Among other harms, this failure by the government prevents Yankee Atomic from conducting appropriate depositions of these witnesses, gathering necessary documentation to rebut their testimony, and adequately preparing for the presentation of their testimony at trial.

## CONCLUSION

The government's lack of cooperation with final pretrial activity is making this process unnecessarily complicated and laborious for everyone involved, and prejudices Yankee Atomic. For the foregoing reasons, Yankee Atomic respectfully requests that the Court preclude the government from offering the testimony of the unnamed "Member from the Office of Nuclear Security and Incident Response," Weslie Boyea, Edward M. Davis, Frank J. Helin, Charles Lepisto, III, and E.C. Shylosky.[4]

---

[4] As an alternative to precluding all testimony from the five witnesses the government has identified by name, the court should, at least, limit their testimony to the authentication of documents on the issues identified in the government's witness lists.

Dated: April 7, 2004

Respectfully submitted,

s/ Jerry Stouck by s/ Monica Freas

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, NW, Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Spriggs & Hollingsworth