Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Robert L. Shapiro
202.898.5879
rshapiro@spriggs.com

March 23 2004

Via Facsimile

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Harv:

The government's updated witness lists includes individuals who were not on the government's prior lists. We would like to arrange for depositions of these individuals (who are not current or former employees of plaintiffs). One of these new witnesses has only been identified as a "Member of Office of Nuclear Security and Incident Response." The identification of a specific individual to serve at this witness is long overdue, and any such identification must be made by March 30, or we will need to bring this matter to the Court's attention. In addition, consistent with the Court's Order of August 25, 2003, we need to continue our depositions of Messrs. Campbell, Huizenga and Kennedy. Also, we previously deferred our deposition of James Carlson at the government's request; we now need to arrange for his deposition. Finally, given the significant number of documents produced related to Mr. Zabransky since his last deposition, we need a brief extension of his deposition. As we would like to conduct these depositions in April or early May, please provide us with dates when the witnesses who are current or former government employees or contractors (the individuals noted above plus Ms. Bubar and Mr. Kouts) are available as soon as possible.

Several of the other newly named witnesses – Messrs. Boyea, Davis, Helin, Lepisto and Shyloski -- appear to be listed solely or primarily to testify regarding the authenticity of documents. To the extent the government can confirm that these witnesses' testimony will be limited to the authenticity of documents, we can likely avoid the need for their depositions. To the extent the government is unable or unwilling to provide such confirmation, then the government must modify its witness list to provide the "succinct statement of the nature and scope of the testimony to be presented by each such witness" required by the Court's November 4, 1998 pretrial order. The reference in the current witness lists to "other relevant matters"

Spriggs&Hollingsworth



manifestly provides no real information regarding the nature and scope the testimony to be presented. If the government neither confirms that these witness' testimony will be limited to the authenticity of documents nor provides the required statements of the nature and scope of the testimony to be presented by March 30, we will have to bring this matter to the Court's attention.

Sincerely,

Robert L. Shapiro