Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Robert L. Shapiro
202.898.5879
rshapiro@spriggs.com

April 7, 2004

Via Facsimile and Mail

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Harv:

Enclosed is Yankee Atomic's notice of depositions for James Carlson and David Zabransky. In my March 23, 2004 letter, we requested dates when these witnesses would be available. We have received no availability information from the government. Therefore, we have little choice but to serve the enclosed notice. Nevertheless, we remain willing discuss alternative dates for these depositions if the dates set out in the notice are not convenient for the witnesses or counsel.

Sincerely,

Robert L. Shapiro

Enclosure

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow) |

**NOTICE OF DEPOSITIONS**[1]

Yankee Atomic hereby provides notice that it will take the depositions of the individuals set out below beginning on the following dates:

| | |
|---|---|
| James Carlson | April 23, 2004 |
| David Zabransky | April 30, 2004 |

Although we expect that each deposition will be completed in one day, each deposition shall continue day to day until completed or be held at such other times and places as agreed to by the parties. The depoistions will be taken at the offices of Spriggs & Hollingsworth at the address noted below, beginning each day at 9:30 a.m. The testimony will be recorded stenographically.

[1] This notice should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

Dated: April 7, 2004

Respectfully submitted,

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, NW, Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC
COMPANY

Of Counsel:

Robert S. Shapiro
Spriggs & Hollingsworth

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Depositions to be served by facsimile and mail this 7th day of April 2004 on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Robert L. Shapiro

# United States Court of Federal Claims

*Yankee Atomic Electronic Co., Maine Yankee Atomic Power Co., and Connecticut Yankee Atomic Power Co.*

Civil Action No. 98-126C, 98-474C and 98-154C

vs.

THE UNITED STATES

**SUBPOENA**

To: James Carlson
4008 Glenrose Street
Kensington, MD 20895

___ **YOU ARE COMMANDED** to appear at the place, date, and time to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

**X** **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Spriggs & Hollingsworth**<br>**1350 I Street, N.W.**<br>**Washington, DC 20005-3305** | **April 23, 2004 at 9:30 a.m.** |

___ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

___ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specific below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims Rule 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | April 7, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jerry Stouck, Esq.; Spriggs & Hollingsworth, 1350 I Street, N.W., Washington, DC 20005
(202) 898-5800
ATTORNEY FOR PLAINTIFF

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

_X_ Fees tendered for one day's attendance and milage allowed by law. (Fees and milage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:_________________________
DATE

________________________________
SIGNATURE OF SERVER

________________________________
ADDRESS OF SERVER

**RCFC 45.**

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.