IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126 C<br>(Senior Judge Merow) |

YANKEE ATOMIC'S MOTION TO COMPEL
DEPOSITIONS OF GOVERNMENT WITNEESES[1]

Yankee Atomic moves to compel the depositions of government witnesses, Ed Abbott, Larry Johnson, Patrice Bubar and David Zabransky. Yankee Atomic has served notices for the depositions of these individuals, *see* exhibit 1 (Abbott and Johnson depositions), exhibit 2 (Zabransky deposition), and exhibit 3 (Bubar deposition), but the government has taken the position that Yankee Atomic is not entitled to depose these individuals. *See* Letter from Lester to Shapiro of April 8, 2004, exhibit 4. The government's opposition to these depositions is without merit and would serve only to hide the facts and to prolong the trial of this case.[2]

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

[2] The government's letter also opposes a deposition of its unnamed witness from the Nuclear Regulatory Commission. Yankee Atomic filed on April 7 a motion to strike this witness entirely on account of the government's failure to properly identify such a witness. The government's letter also purports to resolve the remainder of Yankee Atomic's motion to strike concerning witnesses for whom the government has not properly identified the nature and scope of their potential testimony. The government states that these individuals will testify "*primarily* for the purpose of authenticating documents." Exhibit 4 at 3 (emphasis added). As the government apparently still seeks to maintain the possibility that these individuals will testify to at least some extent on matters beyond the authenticity of

The government's letter argues that, pursuant to this Court's Orders of November 4, 1998 and February 16, 1999, Yankee Atomic's opportunity to take further discovery closed with service of the government's final pretrial submissions on February 19, 2004. *See* Exhibit 4 at 1-2. Yet, the government acknowledges that Yankee Atomic is entitled to take some depositions (of Kenneth Blair, a newly-named expert, and of Messrs. Campbell, Huizena, and Kennedy, pursuant to the Court's Order of August 25, 2003 rejecting certain government claims of privilege). Similar reasoning supports the additional depositions Yankee Atomic seeks. In its February 19, 2004 pretrial submissions, the government included entirely new expert witness reports for Messrs. Abbott and Johnson. The Court's pretrial orders, including its June 2, 1999 amendment to its pretrial order, may not have contemplated the need for further depositions of the government's experts at this time, but those Orders also did not contemplate that the government would submit new expert witness reports with its paragraph 3(b) pretrial submissions. The Court's Orders of November 4, 1998 and November 8, 2001 clearly contemplated that experts would be subject to deposition following submission of their expert witness reports. When Yankee Atomic presented revised expert witness reports with its paragraph 3 submissions, it did not hesitate to make those witnesses available for deposition by the government despite the fact that the government had previously deposed those experts. Yankee Atomic has nothing to hide. Apparently, the government does.

Yankee Atomic would obviously be prejudiced in its ability to prepare for trial if it is deprived of the opportunity to depose the government's two main experts on their current

---

Footnote continued from previous page
documents without disclosing the nature and scope of such testimony, the government's statement in its April 8 letter does not resolve this issue.

expert reports. Moreover, withholding depositions of Messrs. Abbott and Johnson would serve to prolong the trial of this case. Absent an advance deposition, Yankee Atomic would be forced to ask deposition-type questions of these experts at trial simply to ascertain all of the bases for experts' new opinions. That would entail a substantial and avoidable misuse of the Court's time.

In opposing depositions of Ms. Bubar and Mr. Zabransky, the government seeks to profit from its prior improper withholding of documents. In its Order of May 9, 2003, the Court properly rejected the government's arguments that disputes over discovery from the government were mooted by service of Yankee Atomic's paragraph 3 pretrial submissions on March 28, 2003. That decision then led to the Court's Orders of June 25, 2003 (requiring production of additional email from Mr. Zabransky) and of August 25, 2003 (rejecting government claims of privilege concerning the GTCC waste issue and directing the production of previously withheld documents, many of which indicate that Ms. Bubar had a substantially more important role concerning GTCC waste than previous discovery materials had revealed). The government also produced significant amounts of other email pursuant to the Court's Orders of July 25, 2002 and January 3, 2003 only after Yankee Atomic had completed its deposition of Mr. Zabransky. Yankee Atomic should have the opportunity to depose Ms. Bubar and Mr. Zabransky regarding these recently produced documents.

In addition, the government has added Ms. Bubar to its witness list served on February 19, 2004. The Court's June 2, 1999 amendment to its pretrial order did not contemplate the government submitting a revised witness list at this time. Yankee Atomic has not opposed the government's submission of a new list, but it should not be deprived the opportunity to depose the new witnesses. Indeed, if it is too late for Yankee Atomic to

depose Ms. Bubar, then, pursuant to RCFC App. A, par. 13(b) (requiring that witnesses be identified in time for them to be deposed), it was too late for the government to name her.[3]

Yankee Atomic agrees with the government, *see* exhibit 4 at 3, that the remaining time before trial is short. Yankee Atomic has no interest in wasting time, and it anticipates that its additional depositions (particularly those of Ms. Bubar and Mr. Zabransky) will be brief. Yet the government is in no position to complain about the passage of time. As the government acknowledges in exhibit 4, *see* also correspondence appended to Yankee Atomic's Motion to Strike, filed April 7, 2004, Yankee Atomic started asking the government for dates when these witnesses would be available for deposition on March 1. But the very first time the government provided *any notice* that it would oppose these depositions was in its letter of April 8.

For these reasons, the Court should compel the depositions of Ms. Bubar and Messrs. Abbott, Johnson and Zabransky.[4]

Yankee Atomic will work with the government to complete these depositions in a convenient and efficient manner. Yankee Atomic shares the desire expressed by the government, exhibit 4 at 3, to focus on final trial preparations as soon as possible. Toward

---

[3] If the Court's pretrial orders are to be applied in the strict manner proposed by the government, then the government also should be precluded from offering testimony from Messrs. Abbott and Johnson regarding their new expert witness reports. But Yankee Atomic is primarily seeking to depose the government's witnesses, not to exclude their testimony.

[4] The Court should also make clear that Yankee Atomic's depositions of Messrs. Campbell, Huizenga and Kennedy should not be limited to the questions they were previously instructed not to answer, as the government implies should be the case. *See* Exhibit 4 at 3. As explained above, the government has recently produced a significant quantity of email and other documents that may be pertinent to the depositions of these individuals. Yankee Atomic contemplates that the depositions of these individuals will be brief, and it would be a significant waste of time for the parties and the Court if those depositions were otherwise interrupted and lengthened by disputes over the extent of the

that end, these witnesses should be made available deposition prior to the May 13, 2004 pretrial conference. Such a schedule would provide the parties with sufficient time to focus on remaining trial preparation activities over the subsequent two months prior to the July 12 trial.

Dated: April 9, 2004

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
SPRIGGS & HOLLINGSWORTH

Footnote continued from previous page
questioning that is currently permitted.