# 1

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Robert L. Shapiro
202.898.5879
rshapiro@spriggs.com

March 26 2004

Via Facsimile and Mail

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Harv:

Enclosed is Yankee Atomic's notice of depositions for the government's experts. As you know, Jerry Stouck faxed a letter to you, Marian Sullivan and Kevin Crawford back on March 1 noting our need to schedule these depositions in the second half of April and asking about the witness' availability. Despite the passage of time and numerous follow-up telephone calls, we have received no availability information from the government. Therefore, we have little choice but to serve the enclosed notice. Nevertheless, we remain willing discuss alternative dates for these depositions if the dates set out in the notice are not convenient for the witnesses or counsel.

Sincerely,

Robert L. Shapiro

Enclosure

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126 C<br>(Senior Judge Merow) |

## NOTICE OF DEPOSITIONS[1]

Yankee Atomic hereby provides notice that it will take the depositions of the individuals set out below beginning on the following dates:

| | |
|---|---|
| Kenneth W. Blair | April 15, 2004 |
| Edward C. Abbott | April 19, 2004 |
| R. Larry Johnson | April 26, 2004. |

Although we expect that Mr. Blair's deposition will be completed in one day and that the depositions of Messrs. Abbott and Johnson will each require three days, each deposition shall continue day to day until completed or be held at such other times and places as agreed to by the parties. The depositions will be taken at the offices of Spriggs & Hollingsworth at the address noted below, beginning each day at 9:30 a.m. The testimony will be recorded stenographically.

[1] This notice should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

Dated: March 26, 2004

Respectfully submitted,

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
SPRIGGS & HOLLINGSWORTH

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Depositions to be served by facsimile and mail this 26th day of March 2004 on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Robert L. Shapiro

# 2

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Robert L. Shapiro
202.898.5879
rshapiro@spriggs.com

April 7, 2004

Via Facsimile and Mail

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: Yankee Atomic v. U.S., Connecticut Yankee v. U.S., Maine Yankee v. U.S.

Dear Harv:

Enclosed is Yankee Atomic's notice of depositions for James Carlson and David Zabransky. In my March 23, 2004 letter, we requested dates when these witnesses would be available. We have received no availability information from the government. Therefore, we have little choice but to serve the enclosed notice. Nevertheless, we remain willing discuss alternative dates for these depositions if the dates set out in the notice are not convenient for the witnesses or counsel.

Sincerely,

Robert L. Shapiro

Enclosure

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | ) | No. 98-126C (Senior Judge Merow) |

**NOTICE OF DEPOSITIONS**[1]

Yankee Atomic hereby provides notice that it will take the depositions of the individuals set out below beginning on the following dates:

| | |
|---|---|
| James Carlson | April 23, 2004 |
| David Zabransky | April 30, 2004 |

Although we expect that each deposition will be completed in one day, each deposition shall continue day to day until completed or be held at such other times and places as agreed to by the parties. The depoistions will be taken at the offices of Spriggs & Hollingsworth at the address noted below, beginning each day at 9:30 a.m. The testimony will be recorded stenographically.

[1] This notice should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

Dated: April 7, 2004

Respectfully submitted,

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, NW, Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC
COMPANY

Of Counsel:

Robert S. Shapiro
Spriggs & Hollingsworth

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Depositions to be served by facsimile and mail this 7th day of April 2004 on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Robert L. Shapiro

# 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow) |

YANKEE ATOMIC'S NOTICE OF DEPOSITIONS[1]

Pursuant to Rule 30 of the Rules of the United States Court of Federal Claims, please take notice that plaintiff, by counsel, will take the deposition upon oral examination of the witnesses listed below on the dates specified below. The depositions shall begin at the times and locations specified below, or at such other times and locations agreed upon by the parties and the witness or ordered by the Court. The depositions shall be conducted before a notary public or other officer duly authorized to administer oaths, shall be recorded by stenographic means, and shall continue from day to day until completed or shall continue at times agreed upon by the parties.

Patrice Bubar
(Office of Environmental Management)

Date & Time: May 5, 2004, 9:30 a.m.

Location: Spriggs & Hollingsworth
1350 I Street N.W., Ninth Floor
Washington DC 20005

1 This notice is also applicable to *Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C and *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C.

James Kennedy
(Nuclear Regulatory Commission)

Date & Time: April 21, 2004, 9:30 a.m.

Location: Spriggs & Hollingsworth
1350 I Street N.W., Ninth Floor
Washington DC 20005

Robert Campbell
(Office of Environmental Management)

Date & Time: April 26, 2004, 9:30 a.m.

Location: Spriggs & Hollingsworth
1350 I Street N.W., Ninth Floor
Washington DC 20005

David Huizenga
(Department of Energy)

Date & Time: April 30, 2004, 9:30 a.m.

Location: Spriggs & Hollingsworth
1350 I Street N.W., Ninth Floor
Washington DC 20005

Dated: April 6, 2004

Respectfully submitted,

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:
Robert Shapiro
Peter Skalaban
SPRIGGS & HOLLINGSWORTH

Certificate Of Service

I certify that I caused to be served the foregoing Yankee Atomic's Notice of Depositions by facsimile and first class mail on April 6, 2004 on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Peter Skalaban

# 4

U.S. Department of Justice

Civil Division

PDK:DMC:HDL:HLH
154-98-126

Telephone:
(202) 305-7562

*Washington, D.C. 20530*

April 8, 2004

VIA TELECOPY AND FIRST CLASS MAIL

Robert L. Shapiro
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005-3305

Re: Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.)

Dear Mr. Shapiro:

The purpose of this letter is to respond to Mr. Stouck's letter dated March 1, 2004, your letter dated March 23, 2004, and the notices of depositions issued March 26, April 6 and April 7, 2004.

The Court's November 4, 1998 pretrial order provided for the exchange by the parties of pretrial submissions. The Court's order further provided that "[t]he discovery period shall not extend beyond these exchanges except upon the filing of a motion for leave showing exceptional good cause." Order at 5. The Court re-emphasized this concept in several subsequent orders, including those dated December 2, 1998 ("Any discovery needed to respond to defendant's case is required to be initiated before plaintiff submits its final materials . . ."), and February 16, 1999 ("The discovery period terminates with the completion of pretrial exchanges."). Given that the Government submitted its second and final set of pretrial submissions in February of this year, it is our understanding, based upon the Court's orders, that the discovery period is now closed, and further depositions are not to be taken absent an order from the Court.

Despite the close of discovery, you have indicated your desire to take up to 16 additional depositions prior to the trial scheduled to begin July 12, 2004.

We understand that despite the limitations of the Court's November 4, 1998 and February 16, 1999 orders, the Court issued another order on August 25, 2003 that permits the plaintiffs to take three of the proposed depositions. Consistent with our understanding of the Court's August 25, 2003 order, we will make Messrs. Campbell, Huizenga and Kennedy available for deposition, solely for the purpose of answering questions that they were instructed not to answer on the basis of privilege during their earlier depositions. We are in the process of confirming dates of availability for deposition, and will coordinate with you as soon as possible.

You have also noticed the deposition of Mr. James Carlson. Recognizing that you extended Mr. Carlson the courtesy of postponing his deposition because of an illness in his family, we will also make Mr. Carlson available for deposition, and are in the process of confirming his availability.

In addition, we recognize that we have identified a new expert witness in our most recent pre-trial submissions, Ken Blair. Because Mr. Blair is not a fact witness that the Yankees could have identified through prior proceedings and prior document productions, we will not object to the Yankees' deposition of Mr. Blair prior to trial. Unfortunately, Mr. Blair has informed us that he is not available for deposition until the week of May 3, 2004. We request that the Yankees reschedule Mr. Blair's deposition for that week.

With the exception of these five individuals (Messrs. Campbell, Huizenga, Kennedy, Carlson and Blair), we do not believe that the additional discovery that the Yankees have requested is contemplated by the Court's orders. Therefore, with regard to your request to depose Ms. Bubar, Messrs. Abbott, Johnson, and Zabransky, and the Government's Nuclear Regulatory Commission witness, these individuals will not be made available for deposition absent an order from the Court.

With regard to Messrs. Boyea, Davis, Helin, Lepisto and Shyloski, you have asked that we confirm your understanding that these witnesses will testify primarily for the purpose of authenticating documents. Your understanding is correct. Therefore, pursuant to your letter, we will assume that you do not expect to pursue depositions of these individuals.

As you are aware, the seven-week trial of this matter has been set for July 12, 2004. Accordingly, the parties have a very short time in which to prepare their cases for trial. Assuming the Yankees decide to seek an order from the Court granting permission to continue discovery, we are concerned that a significant portion of the Government's trial preparation time will be spent defending lengthy depositions. Indeed, past experience reinforces this concern. David Zabransky, whose deposition you noticed on April 7, has already been deposed for over 40 hours in connection with the spent nuclear fuel litigation. After more than six days of depositions, it is unclear what additional information could possibly be sought from Mr. Zabransky. Similarly, the Yankees also previously deposed Mr. Abbott for five days and deposed Mr. Johnson for three days. Robert Campbell has been deposed for 20 hours by Yankee counsel alone. While we recognize that the Court's August 25, 2003 order provides for the continuation of Mr. Campbell's deposition for the limited purpose of answering questions that he was previously instructed not to answer, we are particularly concerned about the Yankees' desire to continue Mr. Campbell's deposition given that he is not designated as a trial witness. In light of these concerns, should you decide to move forward by seeking leave of Court to conduct further depositions in this case, we will request that the Court set time limits, consistent with those provided by the current rules of the Court of Federal Claims, upon any further depositions to be conducted in this case.

We expect to have availability information for Messrs. Campbell, Huizenga, Carlson and Kennedy very shortly and will forward it to you as soon as we receive it.

Sincerely,

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch