# In the United States Court of Federal Claims

No. 98-126C
(Filed April 13, 2004)

******************************
YANKEE ATOMIC ELECTRIC COMPANY, Plaintiff,

v.

THE UNITED STATES, Defendant.
******************************

**ORDER**[1/]

On April 12, 2004, an informal conference with counsel was held by telephone to discuss pretrial issues involving depositions that plaintiff proposed to take at this time. Counsel for defendant indicated that substantial time was needed for final pretrial preparation such that it would not be possible to devote a large portion of the time prior to trial to depositions. Counsel for plaintiff indicated that this was not intended and that the main reason for the proposed depositions was to cover new material disclosed as a result of discovery rulings or from amended pretrial submissions.

After discussions it was resolved that depositions of experts Kenneth W. Blair, Edward C. Abbott and R. Larry Johnson would be scheduled by the parties with the time limited to one day per company absent agreement of counsel or further clearance by the court. The depositions of the remaining persons cited in plaintiff's motion to compel, filed April 9, 2004, shall also be scheduled by the parties with the restriction that a deposition shall not exceed seven hours (five hours for David Zabransky) absent agreement of counsel or further clearance by the court.

With respect to the persons named in plaintiff's motion to strike, filed April 7, 2004, after discussions it was resolved that those witnesses listed for document

[1/] This should also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 C and *Maine Yankee v. United States*, No. 98-474 C.

authentication purposes will not be deposed at this time, with the understanding that plaintiff's counsel will be provided a further description of proposed testimony for any of the listed witnesses defendant decides to present for other than authentication testimony. Defendant will shortly designate a Office of Nuclear Security witness and arrange for a deposition.

Counsel indicated that all effort would be made to schedule and complete these final depositions prior to the pretrial conference scheduled in this matter.

Accordingly, it is **ORDERED** that plaintiff's motion to strike, filed April 7, 2004 and motion to compel, filed April 9, 2004, shall be **GRANTED** to the extent stated above and, otherwise, **DENIED**.

/s James F. Merow
James F. Merow
Senior Judge