IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | Senior Judge Merow |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION OR PARTIAL SUMMARY JUDGMENT

Defendant, the United States, respectfully submits this reply in support of its motion for partial summary judgment upon plaintiffs' claims that they are entitled to damages based upon a priority in the acceptance of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") for shutdown reactors. The Government is entitled to summary judgment because the permissive language upon which the three Yankee plaintiffs[1] rely in arguing for priority cannot form the basis for their breach of contract damages claims.

## ARGUMENT

### I. THE GOVERNMENT'S MOTION IS PROCEDURALLY PROPER

In their "Opposition to Government's Motion for Partial Summary Judgment Regarding Priority for Shutdown Reactors," the Yankees assert that the Government's motion is procedurally improper under the rules of procedure, and further assert that this Court already has determined that "subsidiary issues" to the rate of acceptance issue – including priority – "must go

---

[1] The terms "the Yankee plaintiffs" and "the Yankees" refer to the plaintiffs in Yankee Atomic Electric Company v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Company v. United States, No. 98-154C (Fed. Cl.); and Maine Yankee Atomic Power Company v. United States, No. 98-474C (Fed. Cl.). The Government requests that this motion be deemed applicable to each of the three Yankee cases listed above.

to trial." Response at 2. The Yankees are mistaken. First, the issue of priority is a key component of the Yankees' damages claim. This Court has recognized that Yankees' "assumed early pick-up completion" can only be accomplished by application of shutdown priority or exchanges. See Order (June 26, 2003). As a result, the legal question of whether priority can be pursued here at all falls within Rule 56(b), which allows a defending party to move for summary judgment concerning "all or any part" of a claim. RCFC 56(b). Regardless whether our motion is characterized as a motion for partial summary judgment or as a pretrial motion *in limine* seeking to limit the issues at trial, this Court certainly possesses the authority to resolve the legal question of priority prior to trial.

Second, the Court's June 26, 2003 order does not preclude the Government's motion here. While the Court recognized that shutdown priority and exchanges are the two key components of the Yankees' damages claims, it found that factual disputes existed only as to the application of exchanges. See Order (June 26, 2003). Priority for shutdown reactors was not at issue in those prior motions. As a result, the Order does not preclude consideration of the Government's motion concerning priority.

## II. THE GOVERNMENT IS ENTITLED TO SUMMARY JUDGMENT UPON THE ISSUE OF PRIORITY BASED UPON THE PERMISSIVE LANGUAGE CONTAINED WITHIN THE STANDARD CONTRACT

Since this litigation involves a breach of contract, an award of damages only can be based upon the breach of performance requirements by the Department of Energy ("DOE"). Permissive terms – such as the priority terms at issue here – that vest full discretion for implementation with DOE cannot form the basis for an award of breach damages. If the permissive priority term is enforced as a contract requirement for the purposes of damages, this Court would improperly

expand the Yankees' contract rights and DOE's performance obligations beyond those negotiated by the parties.

The Government's motion was premised upon the language contained in the Standard Contract that provides – in contravention of the Yankees' damages theory – that "acceptance priority [for contract holder SNF and HLW] shall be based upon the age of the SNF and/or HLW as calculated from the date of discharge of such material from the civilian nuclear power reactor." 10 C.F.R. § 961.11, Art. VI.B.1(a) (emphasis added). In the face of unambiguous contractual requirements imposed upon DOE by the Standard Contract, the Yankees' claims to priority rely upon permissive language contained within the Standard Contract, which states that "priority may be accorded any SNF and/or HLW removed from a civilian nuclear reactor that has reached the end of its useful life or has been shut down permanently for whatever reason." Id. (emphasis added). As a matter of law, and as discussed in our motion for summary judgment, the permissive language in the Standard Contract allows DOE the discretion to accord priority to shutdown reactors, but does not mandate such priority. The Yankees, therefore, cannot base their claims for breach of contract damages upon language that vests in the Government discretionary performance obligations.

In response to the Government's motion, the Yankees essentially raise two arguments. The Yankees' primary argument involves a recitation of facts that the Yankees believe evidence that the Government would have granted priority to shutdown reactors had the Standard Contract been performed. Response at 3-13. Outside of their extensive fact analysis, the Yankees next rely upon the Court's holding in Commonwealth Edison Co. v. United States, 56 Fed. Cl. 652 (2003), for the proposition that this Court must give meaning to the "spirit and purpose" of the

Standard Contract, which purportedly means imposing priority performance obligations upon DOE where no such obligations exist in the Standard Contract. Both of these arguments fail examination.

The Yankees' recitation of the alleged factual merits of its priority claim is a red herring to the legal analysis that this Court must undertake. The Government's motion is premised upon the legal argument that the Court is required to give meaning to express contractual requirements – such as the requirement that DOE accept SNF and HLW upon an "oldest fuel first" basis – and may not award damages founded upon discretionary, permissive language that conflicts with the "oldest fuel first" requirement. As a result, it is irrelevant whether DOE "would have" granted priority to the straightforward legal analysis this Court must undertake. As a breach of contract damages case, it is breaches of contractual requirements that must form the basis for any damages award. Damages should not be awarded based upon permissive language that the Government alone had discretion to implement. Since priority is not a contractual requirement, it cannot form a basis for an award of damages here.

Second, while the Yankees spend significant time arguing the facts allegedly supporting priority, they fail in any real way to address the cases cited by the Government in support of its motion. Significantly, the Yankees fail to cite any case law that supports an award of damages premised entirely upon a permissive contract term that vests discretion to invoke the permissive term with the breaching party. The Yankees' failure is instructive upon the legal merits of their priority claim.

Instead of addressing the cases that the Government discussed in its motion for partial summary judgment, the Yankees solely rely upon the Court's holding in Commonwealth Edison,

a decision that is not applicable to the priority issue raised in the Yankees' damages claims. Commonwealth Edison does not deal with the permissive priority provision of the Standard Contract. Instead, the language cited by the Yankees for the proposition that the Standard Contract sought to "avoid the construction by utilities of additional at-reactor storage" arose in the context of a system-wide acceptance rate, not a discussion of priority. 56 Fed. Cl. at 666-67. Likewise, the Court's finding that it should read contract provisions to "effectuate the spirit and purpose" of the contract framed the discussion of the acceptance rate applicable to the Standard Contract – it was not raised in connection with the permissive contract provision that the Yankees seek to enforce here. Moreover, the portions of the holding upon which the Yankees rely largely were included within sections of the Commonwealth Edison holding applicable to the system-wide acceptance rate that this Court refused to adopt on June 26, 2003.

The Standard Contract provides that DOE may, but need not, provide priority to SNF/HLW from shutdown reactors. By arguing priority as a basis for their damages, the Yankees seek to vindicate contractual rights they do not possess. Accordingly, because the Yankees have no contractual right to priority in the acceptance of SNF in the Standard Contract, damages for breach of that contract cannot be founded upon the permissive priority term.

CONCLUSION

For the reasons outlined above and in the Government's motion for partial summary judgment, the Government respectfully requests that its motion for partial summary judgment be granted in the Government's favor upon the Yankees' claims based upon priority for shutdown reactors.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Harold D. Lester, Jr., by s/John C. Ekman
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN C. EKMAN
HEIDE L. HERRMANN
R. ALAN MILLER
RUSSELL A. SHULTIS
MARIAN L. SULLIVAN
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

April 26, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April 2004, a copy of foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman