IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC CO.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow)<br>Filed electronically: June 11, 2004 |

YANKEE ATOMIC'S OPPOSITION TO GOVERNMENT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF FUTURE DAMAGES[1]

The government's motion *in limine* to exclude evidence of future damages ("Future Damages Motion") wrongly seeks to prevent Yankee Atomic from recovering post-trial (or even post-complaint) damages even if such damages are non-speculative, well-established and necessary to make Yankee Atomic whole. The rule of law the government proposes is unsupported by any of the precedents the government cites and, indeed, is contrary to well-established contract damages principles. Moreover, the government's Future Damages Motion ignores the procedural history of this case, in which Yankee Atomic, as required by the Pretrial Order entered in 1998, long ago announced that its claim includes "minimum damages" through 2010, and both parties have conducted very extensive discovery (and "audits") of Yankee Atomic's announced damages claim for nearly six years and are now preparing for a trial of that claim next month. The government's motion is nothing more than a last-ditch attempt to deprive Yankee Atomic of damages the government now knows, based on the discovery record and the

[1] This opposition should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

impending trial evidence, that Yankee Atomic can prove to the required legal standard of "reasonable certainty."

ARGUMENT

I. This Court May Consider the Limited Future Damages Claims Yankee Has Asserted In This Action.

The cardinal principle for determining damages in contract cases is that sufficient damages should be awarded "to place the injured party in as good a position as he or she would have been had the breaching party fully performed." *Hughes Communications Galaxy, Inc. v. United States*, 271 F.3d 1060, 1066 (Fed. Cir. 2002). Moreover, continuing and future damages caused by a breach of contract are recoverable if proved with reasonable certainty. *See, e.g., Palmer v. Connecticut Ry. & Lighting Co.*, 311 U.S. 544, 559 (1941).

The reason for not awarding future damages in some "partial" breach of contract cases is that the non-breaching party could receive a windfall if future damages are awarded but the failure to perform upon which those damages are premised does not occur. *See, e.g., Guntert v. City of Stockton*, 126 Cal. Rptr. 690, 703 (Cal. Dist. Ct. App. 1976) ("A claim for future damages may be maintained despite uncertainty of amount; it may not be maintained in the face of uncertainty as to its occurrence; a mere contingency will not support a claim for damages"). As long as there is a reasonable possibility of future performance by the breaching party that would ameliorate or eliminate the future damages sought, it is inappropriate for the Court to award such future damages until it is clear that such future performance will not occur.

In this case, Yankee Atomic seeks costs it has or will incur to store its spent fuel in the absence of government performance before 2010. There is no possibility that future government performance will ameliorate or eliminate these costs. The government has made clear that it will not commence removal of spent fuel from any nuclear utility prior to 2010. *E.g.*, 60 Fed. Reg.

21793, 21794 (May 3, 1995) ("DOE currently projects that the earliest possible date for acceptance of waste for disposal at a repository is 2010"). Indeed, in *Indiana Michigan Power Co. v. United States*, No. 98-486C, slip op. at 10-11, 2004 WL 1161880, *5 (Fed. Cl. May 21, 2004), the Court considered arguments as to whether DOE might perform in 2010 or later. The government's witness described the 2010 date as merely a "viable goal." *Id.* Although the Court found this testimony credible, the Court noted that it saw no room for error or delay in the DOE schedule noted by the witness. *Id.* In this case, the government has similarly taken the position that it "plans" to begin accepting spent fuel from utilities in 2010. *See* Government Proposed Finding of Fact No. 196. There is no suggestion that DOE may come any earlier than 2010. Given that there is no possibility that any future performance by the government will eliminate the future damages sought in this case by Yankee Atomic, there is no danger of a windfall, and thus no reason not to award those damages in this proceeding.[2]

There are additional future damages, beyond those included in Yankee Atomic's "minimum" damages claim, that may well be unduly uncertain at this time. For example, if the government continues to fail to remove Yankee Atomic's spent fuel until after 2010, additional damages in the form of ISFSI operations costs would be owed. But Yankee Atomic has not sought to recover those future damages in this suit.

Yankee Atomic's damage claim is consistent with the Court's guidance and procedures. Early on, the Court made clear that it did not want to try the issue of when DOE might ultimately remove Yankee Atomic's spent fuel. *See* 5/4/99 Hearing Transcript at 25:20-26:2

---

[2] One small category of damages – for decommissioning Yankee Atomic's ISFSI – may occur later than 2010, but since the ISFSI has already been built, there is no question that (regardless what the government does in the future) Yankee Atomic will incur the costs it claims to decommission it.

("COURT: . . . As you see, I'm trying to avoid having a trial on when they actually are going to pick it up.") (Exhibit A). Yankee Atomic structured its damage claim accordingly, only seeking damages in this case assuming that DOE does not begin to perform before 2010. Consistent with the Court's Pretrial Order of November 1998 as amended by its Order of June 2, 1999, Yankee Atomic has now twice presented detailed damage claims establishing its damages using the government's own 2010 date as a cutoff point for determining its damages. And the government has now twice laboriously audited those damage claims. In addition, Yankee Atomic has expended tremendous effort responding to the government's discovery requests and testifying at depositions on these damage issues. In the government's responses to Yankee Atomic's damage claims pursuant to the Court's Pretrial Orders, although the government stated in its legal brief that future damages should not be recovered, the government never contended that any part of Yankee Atomic's damage claims are speculative because DOE might perform before 2010. Instead, the government has proposed as a factual finding that DOE does not even plan to begin performance before 2010.

Given this history, precluding the presentation of future damages would waste the tremendous effort of the parties in developing and responding to the damage claims, as well as the Court's efforts in addressing numerous disputes along the way. Moreover, the government's motion would entail substantial new work (and likely additional disputes) to determine precisely when various costs are "incurred" – i.e., before or after the scheduled 7-week trial. And for no reason.[3]

[3] Notably, DOE breached the contract when it failed to commence performance by January 31, 1998, and Yankee Atomic filed this suit on February 18, 1998. Under the government's arguments that pre-breach and post-complaint damages are precluded, the trial in this case (following nearly six years of discovery) would only address damages occurring between January 31 and February 18, 1998.

The government does not argue that the result it argues for makes sense. Instead, it argues here that special, rigid rules apply to claims for a partial breach of contract, and those rules technically bar recovery of future damages. But the cases and secondary authorities cited by the government do not establish the rule the government proposes, and are not inconsistent with Yankee Atomic's claim for future damages. The government relies heavily on §956 of Corbin on Contracts for the proposition that future damages may not be awarded in a "partial" breach case. Such reliance is misplaced. Although the language quoted in the government's brief does appear in that section of Corbin, the supplement to that section clearly recognizes the availability of future damages in a "partial" breach case: "A breach can cause future damages and still be only partial. It is not true that future damages are inconsistent with a partial breach. . . . A partial breach should be subject to . . . future damages remedies in a proper case . . . ." 9 A. Corbin on Contracts §956 at 550-551 (Interim ed. Supp. 2003).

The government's reliance on a 50-year old California Supreme Court decision, *Coughlin v. Blair*, 262 P.2d 305 (Cal. 1953) is also misplaced. In *Coughlin*, the court found that future damages can be awarded in the context of a total breach; the case does not involve a partial breach at all. Thus, the holding in *Coughlin* cannot be said to be inconsistent with Yankee Atomic's claim for future damages. In *dicta*, that court indicated that future damages would not be available in a partial breach case, but made no effort to flesh out that rule, to describe the policy basis for such a rule, or to apply the rule to specific facts. Therefore, that *dicta* should be accorded little or no weight.

A number of the other cases cited by the government are not concerned with how questions of future damages should be dealt with in a case for partial breach, but instead deal with the preclusive effect that an earlier partial breach suit would have on a later suit for

additional damages. Those cases hold that where a plaintiff elects not to join claims for additional injury suffered after the filing of the complaint in the first action, *res judicata* will not preclude subsequent litigation regarding those additional injuries. *See Kaiser v. Northwest Shopping Ctr., Inc.*, 587 S.W.2d 454, 457 (Tex. Civ. App. 1979); *May v. Morganelli-Heumann & Assoc.*, 618 F.2d 1363, 1367 n.2 (9th Cir. 1980). For the same reason, the government's reliance on the Restatement (Second) of Judgments § 26 cmt. g, *see* Future Damages Motion at 6-7, is misplaced because that section deals only with the preclusive effect of a prior suit; it does not purport to limit damages in such a prior suit.

The remaining two cases that the government relies upon, *see* Future Damages Motion at 7-8, are also not inconsistent with Yankee Atomic's claim for future damages. In *Quick v. Am. Steel & Pump Corp.*, 397 F.2d 561 (2d Cir. 1968), a former employee sought to enforce the terms of his retirement agreement with his former employer, including acceleration of payments due under that agreement after the date of trial. The Second Circuit appropriately refused to accelerate those payments, since the breaching party could avoid any future damages by performing its obligations under the contract. In *Indiana Michigan Power Co. v. United States*, the Court recently refused to award future damages to another nuclear utility in a suit premised on the government's breach of a Standard Contract. Although the Court stated that future damages are not available in a claim for partial breach of contract, that statement was *dicta* because the Court found the future damages there to be speculative. *See Indiana Michigan*, slip op. at 46, 2004 WL 1161880, *23 ("[s]uch damages depend on factual findings that we have rejected in this Opinion"); *id.* slip op. at 6, *3 ("[a]ward of plaintiff's future costs in this case depends on speculative events").

The recent decision in *Tennessee Valley Auth. v. United States*, No. 01-249-C, 2004 WL 1211893 (Fed. Cl. June 2, 2004), another case involving a DOE spent fuel contract, is fully consistent with Yankee Atomic's claim for future damages. In that case, TVA only requested damages incurred through its current fiscal year. Pursuant to TVA's request, the Court set the cutoff date for determining TVA's damages there as the end of the last fiscal year prior to trial, a reasonable structure in the context of that case. *Id.*, slip op. at 18, 2004 WL 1211893, *13. And as discussed below, the Court made clear that TVA would be made whole, as it would be permitted to return to court to seek additional damages. In Yankee Atomic's case, the 2010 date is reasonable for determining damages in the present claim, given the government's acknowledgments that it will not start to remove spent fuel before then and the parties' substantial efforts consistent with the Court's pretrial procedures to quantify and verify damages consistent with the 2010 date.

It is clear in this case that the future damages that Yankee seeks are certain to occur and that the amount of such damages can be determined with reasonable certainty. The government does not even suggest that DOE performance is possible prior to 2010. In this circumstance, the Court should allow Yankee Atomic to present evidence of those future damages at trial in this matter and, if the Court determines that such evidence is sufficient to meet the general standards regarding damages discussed above, award those future damages to Yankee.

## II. In Addition to Considering Yankee's Future Damages Claims In This Action, The Court Should Recognize Yankee's Right to Return and Seek Additional Damages In The Future.

Although its motion addresses the admissibility of evidence of future damages at trial in this action, the government also suggests that *res judicata* precludes subsequent litigation regarding any future damages that Yankee may suffer. Future Damages Motion at 10-12. This

argument is inconsistent with the law of this Circuit, generally, and the holdings of the Court in other spent fuel cases, specifically.

The Federal Circuit and its predecessors have held that in the case of a continuing contract, each subsequent breach by the government gives rise to a new cause of action (and a new statute of limitations). *See Cities Service Helex, Inc. v. United States*, 543 F.2d 1306 (Ct. Cl. 1976) (each failure by the government to pay for helium delivered pursuant to a continuing contract was a partial breach giving rise to an independent action for damages); *San Carlos Irrigation & Drainage Dist. v. United States*, 23 Cl. Ct. 276, 281-82 (1991), *aff'd,* 111 F.3d 1557 (Fed. Cir. 1997) (where government has a "continuing duty" to maintain dam, each instance where dam's floodgates failed to open constituted a separate breach of said duty); *Aktiebolaget Bofors v. United States*, 153 F.Supp. 397, 399 (Ct. Cl. 1957) (where government agreed not to export guns for an unlimited period under licensing agreement, each act of exporting guns was a separate and partial breach of licensing agreement). A claim for breach does not accrue until the claimant suffers damages. *See, e.g., Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) ("claim does not accrue until the claimant has suffered damages"). Thus, for future damages incurred due to the government's failure to remove spent fuel beyond 2010, Yankee Atomic is entitled to initiate subsequent lawsuits to recover those damages.

Such a result is consistent with the principles of "partial" breach, and with the principles articulated in the Restatement (Second) of Judgments §26(1)(e), which precludes application of principles of *res judicata* where:

> For reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of the suit, and chooses the latter course.

In *TVA*, the Court held that §26(1)(e) permits a spent fuel plaintiff to return to court in the future to seek additional future damages. *TVA*, slip op. at 17-18, 2004 WL 1211893, *12-13. The Court went further, and expressly found a right to initiate such litigation, thereby also invoking §26(1)(b) of the Restatement, which permits a second suit when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action." *Id.* at 18, *13. In *Indiana Michigan* similarly, the Court made clear that while it currently found damages based on a projected government failure to perform beyond 2010 speculative, the plaintiff may maintain a second suit when it can show that it has incurred costs that are not speculative. *Indiana Michigan*, slip op. at 55, *27-28. In the present case, at the appropriate juncture, the Court similarly should make clear that Yankee Atomic may maintain a subsequent action to recover damages incurred that have not been sought in the present action.

CONCLUSION

For the foregoing reasons, the Court should deny the government's Future Damages Motion.

Dated: June 14, 2004

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Robert E. Johnston
SPRIGGS & HOLLINGSWORTH