IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC CO.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow)<br>Filed electronically: June 21, 2004 |

YANKEE ATOMIC'S REPLY ON ITS MOTION TO EXCLUDE TESTIMONY FROM KENNETH BLAIR[1]

The government's opposition to Yankee Atomic's motion to exclude testimony from Kenneth Blair fails to explain why Mr. Blair's testimony is either relevant or reliable.

1. The government makes clear its position that Yankee Atomic should not be permitted to recover any costs for the construction of its ISFSI either because the ISFSI was not motivated by the breach or because it represents a "failed mitigation" attempt. *See* Govt. Opp. at 2-3. Under that government argument, there is no relevance to Mr. Blair's opinions regarding assignment of blame for delays in the construction of the ISFSI.

2. The government argues that Yankee Atomic is strictly liable for delays caused by its contractor in constructing its ISFSI in the same manner that a contractor is responsible for the performance of its subcontractor. *Id.* at 3. This argument is not the law. Yankee Atomic did not undertake a contractual commitment to the government to complete its ISFSI projects within the time frames initially estimated by its contractors. As recognized by this Court in its August 29,

[1] This reply should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

2003 Order and by the Court in *LaSalle Talman Bank, FSB v. United States*, 45 Fed. Cl. 64, 111 (1999), *vacated in part on other grounds*, 317 F.3d 1363 (Fed. Cir. 2003), the touchstone for judging Yankee Atomic's conduct in responding to the government's breach is reasonableness. The government may be correct in stating in a footnote of its opposition, *see* Govt. Opp. at 4, n.3, that the government should not be responsible to the extent that Yankee Atomic did not properly monitor its contractor, but as explained by Yankee Atomic in its motion to exclude, Mr. Blair has no opinion on the issue of Yankee Atomic's administration of the contract.

And contrary to the implication of the government's argument and the authorities it cites, *id.* at 4 and n.3, Yankee Atomic's damages do not become indirect, remote or other than "least cost" mitigation if one of its ISFSI contractors took longer to complete its work than initially scheduled. Mr. Blair's proposed testimony does not quarrel with Maine Yankee's decision to construct an ISFSI in response to the government's breach; instead, it seeks merely to assign blame for marginal costs incurred in the course of that ISFSI construction that Mr. Blair does not claim could have been avoided by Yankee Atomic.

3. The government argues that Mr. Blair's statements regarding the incomplete nature of his opinions reflect ordinary deductive reasoning and the government's continued gathering of additional information. *See* Govt. Opp. at 5. This response fails to come to grips with the statement in Mr. Blair's report that further documents (that this Court declined to order produced in its Orders of August 29, 2003 and December 24, 2003) *"are required"* in order to complete the analysis upon which his opinions are based. *See* A039 of Motion to Exclude. The problem is not only that Mr. Blair might seek to offer new opinions; more fundamentally, Mr. Blair's current opinions are not reliable because they are based on analysis that Mr. Blair himself acknowledges is not complete.

The government's response to the fact that Mr. Blair could not testify that he was the primary author of his report is similarly off the mark. Contrary to the government's statements, *see* Govt. Opp. at 6, Yankee Atomic is not arguing that Mr. Blair could not work with others in developing his opinions. Rather, consistent with the requirement of the rule, Mr. Blair should have prepared his own report, or at least been its primary author. As shown by the undisputed testimony from Mr. Blair noted in the motion to exclude, A047-50, that is not the case here.

Finally, the government flatly misrepresents the facts when it states in capital letters that "THE YANKEE HAVE BEEN PROVIDED WITH ALL THE DRAFTS OF MR. BLAIR'S REPORT," or that Mr. Blair only discarded "scrap paper." *See* Govt. Opp. at 7. The testimony cited by the government does not purport to dispute Mr. Blair's testimony cited in the motion to exclude admitting that he discarded earlier versions of his *report*, as well as various notes. *See* A051-56 to Motion to Exclude.

For the foregoing reasons, as well as those noted in Yankee Atomic's opening motion, the Court should exclude testimony from Kenneth Blair.

Dated: June 21, 2004

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Robert E. Johnston
SPRIGGS & HOLLINGSWORTH