# EXHIBIT 1

In the United States Court of Federal Claims

-----------------------------------x
Yankee Atomic Electric :
Company :
: NO. 98-126C
v. :
:
United States of America :
-----------------------------------x

May 10, 2004

DEPOSITION OF:

Edward C. Abbott

a witness, called by counsel pursuant to notice, commencing at 9:30 a.m., which was taken at Spriggs and Hollingsworth, 1350 Eye St., NW, Washington, DC

rate.
Q. And --
A. For each of the -- that's what we developed.
Q. You were given the pickup dates and the rates -- you were given the start dates and the rates by the Department of Justice?
A. The start dates, yes. The pickup information, the allocations as it were for each plant were given to us by the Department of Justice.
Q. Do you know where those allocations came from?
A. I don't, no.
Q. Were they given to you in spreadsheet form?
A. Yes, they were.
Q. Have we been provided those?
A. Yes, you have.
Q. I take it -- let's start with scenario by scenario.
Scenario one then, just so I understand

this, you don't have any opinion on whether in the non-breach world DOE would have or should have been picking up fuel at the rates that are assumed for scenario one here, is that right?

A. That's correct.

Q. You're not going to be offering an opinion about that?

A. I will not be offering an opinion about rates.

Q. At all in any scenario?

A. That's correct.

Q. Or about the date that DOE is going to start picking up in the breach world?

A. That is also correct.

Q. Do you know who is going to be giving opinions about that?

A. I have no idea.

Q. Do you know whether the assumptions in scenario one about rates in the non-breach world are reasonable?

MR. CRAWFORD: Objection to the lack

of foundation.
A. I don't know if they are reasonable or unreasonable.
Q. The same for the breach world assumptions in scenario one?
A. That's correct.
Q. Would you say that you don't know whether any of the assumptions about rates in any of the scenarios are reasonable or not?
A. That's correct.
Q. I take it then you would not have any opinion about which scenario among the five is the most reasonable, relatively speaking?
MR. CRAWFORD: Objection to the vagueness of that.
A. That's sort of an odd question in a way.
Q. Do you have an opinion about which of these five scenarios is the most reasonable among the five, relatively speaking?
MR. CRAWFORD: Objection.
A. Of course, the 1998 scenario didn't happen

# EXHIBIT 2

In the United States Court of Federal Claims

-----------------------------------x

Yankee Atomic Electric :
Company, Connecticut Yankee :
Atomic Power Co., Maine Yankee :
Atomic Power Co. :
: NO. 98-126C
v. : 98-154C
: 98-474C
United States of America :

-----------------------------------x

May 24, 2004

DEPOSITION OF:

R. Larry Johnson

a witness, called by counsel pursuant to notice, commencing at 9:30 a.m., which was taken at Spriggs and Hollingsworth, 1350 Eye St., NW, Washington, DC

A. There are five scenarios or alternative measures, then modified thereafter for the further consideration of failed fuel.
Q. And GTCC?
A. And GTCC.
Q. Each of the five has two variations?
MR. EKMAN: Objection.
A. Each of the five in addition to the primary has two variations.
Q. Thank you. Do you yourself have any opinions about whether any one of the scenarios is reasonable?
A. Is this the acceptance portion of the scenario or the entire scenario?
Q. That's a good question. I'm talking about the schedule assumptions in each of the five scenarios.
A. I do not have an opinion about that.
Q. Do you know if Mr. Abbott is expressing an opinion about whether the acceptance scenarios in any one or more of the five scenarios is reasonable?

MR. EKMAN: Object, relevance, foundation.

A. I don't have any opinion on the reasonableness of the acceptance scenarios. It might be that one is more reasonable than another. It might be all five are equally reasonable. I don't know.

Q. Might it be that one or more of the scenarios is unreasonable?

MR. EKMAN: Objection. Are we talking --

Q. As far as you know.

A. Acceptance scenarios?

Q. Yes.

A. Since I have no knowledge of their reasonableness I guess it's conceivable that someone could conclude that one or more was unreasonable.

Q. Scenario four is the actual damages scenario claimed by Maine Yankee, right?

A. I think we could disagree about whether it's actual or not.