IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126 C<br>(Senior Judge Merow)<br>Filed electronically: June 22, 2004 |

MOTION FOR ORDER
GOVERNING TRIAL PROCEDURES AND STIPULATIONS OF FACTS,
AND AGENDA ITEMS FOR THE JUNE 29, 2004 PRE-TRIAL CONFERENCE [1]

Yankee Atomic hereby moves for entry of an order 1) requiring the government to narrow its list of trial witnesses; 2) requiring the timely exchange of demonstrative exhibits; 3) imposing a June 28, 2004 deadline for deposition designations; and 4) deeming certain uncontested proposed findings of fact, as enumerated in Appendices A, B and C to this motion, as stipulated.

In the course of pre-trial discussions with the government on procedural matters, we have been unable to make progress on several key points to facilitate an efficient trial. While Yankee Utilities intend to raise the issues enumerated above at the June 29th pre-trial conference, plaintiffs are filing this motion now in order to make our positions clear in advance of the conference and to provide the government with an adequate opportunity to develop its positions

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

on these issues. Along these lines, we are also providing a list of additional proposed agenda topics to facilitate planning for all concerned.

1. Identification of Government Witnesses to Be Offered at Trial

Pursuant to this Court's pretrial orders issued November 4, 1998, as amended by subsequent orders, the government filed its list of witnesses on February 19, 2004, identifying 36 potential trial witnesses for the case of *Yankee Atomic v. United States*.[2] Consistent with this Court's efforts to "save time and expense for all concerned" and to avoid any unnecessary trial preparations (*see* Order dated March 30, 2004 granting, in part, defendant's motion to require plaintiff to identify those exhibits plaintiff's will rely upon at trial), Yankee Utilities have made a good faith attempt to identify sufficiently in advance of trial the witnesses that they will likely offer at trial and have *already* furnished the government with a copy of this list. (*See* Appendix D to this motion, letter dated June 21, 2004 from Mr. Stouck to Mr. Lester noting Yankee Utilities provided their list of "will call" witnesses on May 13, 2004). Plaintiffs provided their list to the government to facilitate efficient trial planning and preparation. Despite repeated requests for the government to provide the Yankees' with a similar list of "will call" witnesses to enable Yankee Utilities to likewise avoid undue efforts in preparing for trial, no such list has been forthcoming. Instead, the government's current witness lists contain far more witnesses than the government can reasonably expect to present at trial, even under its own estimate for the length of its trial presentation, and absent any reduction will result in undue and unnecessary trial preparation costs for Yankee Utilities. The government's failure to provide a realistic list of witnesses who will likely be called at trial appears to be an attempt to impede efficient

---

[2] The government has identified a similar number of witnesses in *Connecticut Yankee v. United States* and *Maine Yankee v. United States*.

preparation for cross-examination. Under this Court's pre-trial procedures, the government has been informed for several *years* now as to the bases of the Yankee Utilities' claims in detail; thus, any contention by the government that it needs to hear all of the evidence before attempting to narrow its witness list to the categories of "will call" versus "may call" is meritless. Moreover, given the descriptions of the proposed testimony of the witnesses, the government's presentation would be unduly cumulative unless the list is substantially shortened. We, therefore, respectfully request an order from this Court requiring the government to, in good faith, identify which of the witnesses currently on its lists it intends to offer at trial, as soon as possible, and not later than 5 p.m. on July 2, 2004.

Additionally, to facilitate planning and scheduling of resources, and consistent with the normal practice of this Court, we seek an order requiring the parties to furnish to opposing counsel the names of its trial witnesses, together with the order in which the witnesses are expected testify, no less than 7 calendar days prior to each trial week, which shall be defined to begin on a Monday. Of course, as a normal courtesy, each party will be expected to promptly notify the parties of any unexpected changes in the order of witnesses.

2. <u>Delivery of Demonstrative Exhibits</u>

To provide sufficient time for review of demonstrative exhibits, and thus avoid disputes over the use of each exhibit immediately prior to or in the course of their use at trial, the Court should require the parties to serve by hand copies of all demonstrative exhibits to be used at trial by July 9, 2004. We recognize that the parties may need to modify or add demonstrative exhibits after this time, and they should be permitted to do so by agreement or upon a showing of good cause.

3. Deadline for the exchange of Deposition Designations

Yankee Utilities have previously advised the government on numerous occasions of their intent to file deposition designations in advance of trial. At this point, the government has not indicated any intent to offer its own depositions designations on substantive issues. (*See* Appendix E, Letter dated June 14, 2004 from Mr. Ekman to Mr. Skalaban opposing such designations for anything other than authentication purposes). In any case, should the government wish to offer deposition testimony pursuant to Rule 32, we ask the Court to facilitate timely exchange of such designations by both parties, and respectfully request this Court to order that all deposition designations be exchanged on or before June 28, 2004 so that any potential disputes regarding use of any such designations may be addressed at the June 29, 2004 pre-trial conference.

4. Order Deeming Certain Proposed Findings of Facts as Stipulated

Pursuant to paragraph 2(d) of the Court's pretrial order of November 4, 1998, the government on February 19, 2004 submitted its Response to each of the "[Yankee Plaintiff's] 2003 Statement of Relevant Facts in the Form of a Proposed Stipulation of Facts." Appendix A, B, and C to this motion contain the Yankee Utilities' statement of facts for which, pursuant to the procedures established by this Court, the government has indicated that it deems such facts as (a) "relevant and stipulated" or (b) "agreed to but deemed not relevant."[3] With respect to the latter group of objections, the government has agreed to such statement of facts. The question of relevance, however, is an evidentiary issue that has no bearing on whether the government agrees

[3] In its November 4, 1998 Order, the Court stated, "any numbered fact not circled or bracketed is submitted as relevant and stipulated." The Court further stated that "each numbered fact or portions thereof, if any, which is agreed to but deemed to be not relevant" should be "enclosed between ink brackets." Moreover, the Court stated that "each numbered fact or portions thereof, if any, which is disputed" should be "circled in black ink."

to a proposed fact or not. Thus, as indicated by its response to Yankee Utilities' Statement of Relevant Facts, these facts are uncontested and the Court should enter an order deeming such statements as stipulated.

5. <u>List of Agenda Items for the June 29, 2004 Pre-Trial Conference</u>

In addition to the preceding issues, there are a number of additional topics that we intend to raise for discussion at the June 29, 2004 pre-trial conference. Yankee Utilities are providing a list of topics in advance of the hearing to allow the government an adequate opportunity to consider its positions on these issues and to formulate its response prior to the conference. As of this date, the Yankee Utilities expect to raise the following topics for discussion and exploration of the Court's preferences. Where appropriate we have indicated our position for the Court's consideration.

a. <u>Opening statements</u>

Yankee Utilities estimate a maximum of 2 hours for opening statements, although plaintiffs likely expect to use less than the full two hours. Yankee Utilities expect to call their first witness on July 12th, immediately following opening statements.

b. <u>Rule 52(c) Motions</u>

To facilitate scheduling, we wish to explore the Court's procedural preferences in the event the government files a 52(c) motion at the close of the Yankee Utilities' case-in-chief; in particular, whether the Court is likely to hear oral argument on the matter or decide the matter on the briefs.

c. Closing statements

Yankee Utilities wish to explore whether the Court intends to hold closing arguments immediately following trial or at a specified time following the close of the post-trial briefing schedule, or both.

d. Evidentiary Issues

Yankee Utilities are continuing to confer with the government on a number of disputed evidentiary issues related to the parties' proposed trial exhibits. Yankee Utilities will be prepared to address any such issues at the pre-trial conference. However, because at present there remain a large number of unresolved objections to proposed exhibits, Yankee Utilities respectfully suggests the Court may want to schedule an additional hearing prior to trial to resolve outstanding objections.

e. Pending Motions *In Limine*

Yankee Utilities will be fully prepared on June 29 to address each of the pending motions *in limine*, but will defer to the Court's preference should the Court prefer to decide these motions on the briefs.

The above are the issues known to date. Should additional topics of discussion arise, Yankee Utilities will be pleased to inform the government – and the Court – prior to the June 29th hearing. Yankee Utilities similarly request that the government provide them with its list of agenda topics and positions at or before noon on June 28, 2004 so that Yankee Utilities may prepare their response.

## Conclusion

For the foregoing reasons, Yankee Atomic respectfully moves this Court for an order:

1) requiring the government to exchange its list of “will call” witnesses as soon as possible, but not later than 5 p.m., Friday, July 2, 2004;

2) requiring the parties to identify the names of its trial witnesses, together with the order in which the witnesses are expected testify, no less than 7 calendar days prior to each trial week, which shall be defined to begin on a Monday;

3) requiring the parties to serve by hand copies of each demonstrative exhibit it intends to use no later than July 9, 2004;

4) setting the deadline for the exchange of any deposition designations on or before June 28, 2004;

5) deeming the proposed findings of facts in Appendices A, B, and C to this motion as stipulated;

6) requiring the government to exchange its list of pretrial conference agenda topics at or before noon on June 28, 2004.

Respectfully submitted

s/ Jerry Stouck________

Date: June 22, 2004

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
Tel. (202) 898-5800
Fax (202) 682-1639

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
SPRIGGS & HOLLINGSWORTH