IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC CO., Plaintiff, | |
| v. | No. 98-126C (Senior Judge Merow) |
| UNITED STATES OF AMERICA, Defendant. | Filed electronically: June 23, 2004 |

YANKEE ATOMIC'S REPLY ON ITS MOTION TO EXCLUDE TESTIMONY FROM DANIEL FISCHEL[1]

The government's opposition to Yankee Atomic's motion to exclude testimony from Daniel Fischel fails to explain why Mr. Fischel's testimony would either be reliable or useful to the Court.

1. The government argues that Mr. Fischel is not opining about the nature and scope of the obligation breached by the government because Mr. Fischel says that he not offering a legal opinion. *See* Govt. Opp. at 4-5. But neither Mr. Fischel's conclusory assertions nor those of government counsel establish this point. In fact, in its opposition, the government quotes excerpts of Mr. Fischel's testimony at his deposition confirming that his causation opinion is based on his view that the breach only constitutes a failure to "begin" removal of spent fuel by January 31, 1998 and not a failure to continue removal of spent fuel. *See* Govt. Opp. at 3 ("Yankee Atomic's damages claim is 'not linked to a failure to start . . . .'" *quoting* Fischel Tr. at 47, A7 to Govt. Opp.; *see also id.* (" . . . Yankee Atomic's experts have failed to 'measure

[1] This reply should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

what the damages are as a result of failing to begin removal as of January 31, 1998.'"), *quoting* Fischel Tr. at 66, A11 to Govt. Opp.

2. The government argues that Mr. Fischel's speculativeness opinion is admissible on the ground that Fed. R. Evid. 704 permits testimony on ultimate issues if it is otherwise admissible. *See* Govt. Opp. at 7. But this argument misses the mark, because, as Yankee Atomic showed in its opening motion at 6-7, Mr. Fischel does not claim to be offering an opinion on the ultimate issue of whether Yankee Atomic's damages meets the legal definition of "speculative" (and, therefore, is not recoverable). Instead, he is using his own idiosyncratic definition of "speculative" (*e.g.* an event shown within a likelihood of 99 percent to be true may still be "speculative" under Mr. Fischel's definition). And as explained in *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997), cited in Yankee Atomic's opening motion and not disputed by the government, such testimony is confusing and not helpful to the trier of fact. Moreover, as explained in *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002), cited by the government, Fed. R. Evid. 704 does not lower the bar for the admission of expert testimony under Fed. R. Evid. 702, and under that rule, "[e]xpert testimony that merely states a legal conclusion is less likely to assist the jury in its determination."

3. The government argues that Mr. Fischel's speculativeness opinion is reliable even though his methodology is nameless because Mr. Fischel has adequately explained "the manner in which he examined Yankee Atomic's claims." *See* Govt. Opp. at 8. But a review of the testimony cited by the government reveals more obfuscation than explanation. For example, after the telephone hearing with the Court over Mr. Fischel's refusal to state whether his methodology has a name, Mr. Fischel was asked this question again, and the response he provided spans four pages of transcript (but still failed to acknowledge that his methodology is

nameless). *See* Govt. Opp. at 8, *citing* Fischel Tr. at 236-39, A29-30 to Govt. Opp. Moreover, the absence of a name for Mr. Fischel's analysis is not a mere technicality. It reflects the fact that this "analysis" is not reliable; it is not recognized by other experts, and not capable of being tested for accuracy or replicated by any other experts.

4. The government's responses to the problems with the subsidiary opinions underlying Mr. Fischel's speculativeness conclusion noted in Yankee Atomic's opening motion highlight those problems rather than resolve them. Regarding Mr. Fischel's future events opinion, for example, the government admits that Mr. Fischel did not identify any specific events that could affect future damages. *See* Govt. Opp. at 9. More importantly, the government admits that Mr. Fischel lacks the expertise to quantify the extent to which uncertainty regarding future events affects damages. *Id.* at 9-10. Regarding Mr. Fischel's GTCC waste and failed fuel opinions, similarly, the government admits that Mr. Fischel lacks the expertise to estimate the costs of storage of such materials. *Id.* at 13. The government asserts that its other experts, Messrs. Abbott and Johnson, have expertise on this issue, but this argument does not explain how Mr. Fischel's testimony on this issue would be helpful to the Court.

For the foregoing reasons, as well as those noted in Yankee Atomic's opening motion, the Court should exclude testimony from Daniel Fischel.

Dated: June 23, 2004

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
SPRIGGS & HOLLINGSWORTH