IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR ORDER GOVERNING TRIAL PROCEDURES AND STIPULATIONS OF
FACTS AND AGENDA FOR ITEMS FOR JUNE 29, 2004 PRE-TRIAL CONFERENCE

Defendant, the United States, respectfully responds to the "Motion for Order Governing Trial Procedures and Stipulations of Facts and Agenda for Items for June 29, 2004 Pre-Trial Conference" that plaintiff, Yankee Atomic Electric Company ("Yankee"),[1] filed on June 22, 2004.

Yankee's motion was filed without sufficient notice to the Government, which has resulted in the briefing of otherwise unnecessary issues. Indeed, when the motion was filed on June 22, 2004, the Government had nearly competed its response to a letter sent by Yankee's counsel after the close of business the previous evening that addressed many of the issues now raised in the pending motion. Ultimately, the Government responded by letter dated June 25, 2004, a copy of which is attached to this response. Nevertheless, in this response, we will address each of the issues contained within Yankee's motion.

[1] The term "the Yankees" refer to the plaintiffs in Yankee Atomic Electric Company v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Company v. United States, No. 98-154C (Fed. Cl.); and Maine Yankee Atomic Power Company v. United States, No. 98-474C (Fed. Cl.). The Government requests that this response be deemed applicable to each of the three Yankee cases listed above.

1. Identification Of Government Witnesses To Be Offered At Trial

In response to Mr. Stouck's June 21, 2004 letter, the Government provided counsel with its list of "will call" witnesses. See App. 2. Of course, as this Court recognized at the May 13, 2004 pretrial conference, the Government's witness list may require modification – either with the addition or removal of witnesses – based upon the manner in which the trial progresses. Transcript of Proceedings, at 20 (May 13, 2004). The Government therefore reserves the right to add or remove witnesses as we deem appropriate. Additionally, the Government also reserves the right to re-call any of the witnesses that the Yankees call in their case-in-chief, to the extent that topics upon which a witness is knowledgeable were outside the scope of the direct examination. The Government does not anticipate exceeding the scope of direct examination in this case with any witness and expects to call certain witnesses back to the stand in our case-in-chief.

While the Yankees are critical of the Government for failing to provide them with a "will call" list, the Yankees fail to mention that they have never provided the Government with their list of "will call" witnesses in writing. At this time, the Government has nothing more than an oral representation from Mr. Shapiro as to which witnesses the Yankees expect to call. See App. 2-3. We have placed our understanding of the Yankees' "will call" witnesses in a letter that we sent to the Yankees on June 25, 2004, and we hope that the Yankees will confirm, at least at the pre-trial conference scheduled for June 29, 2004, that this list is accurate.

The Government also requests that a preliminary order of witnesses for the first week of trial be provided by July 1, 2004. Outside of the July 1, 2004 deadline for the preliminary order of witnesses for the first week of trial, the Government has no objection to the Yankees'

suggestion that the names of trial witnesses and the order of those witnesses for any particular week be provided by each party no less than seven calendar days prior to each trial week.

2. Delivery Of Demonstrative Exhibits

In its motion, Yankee requests that this Court require that all demonstrative exhibits be exchanged by July 9, 2004, and that any additional demonstratives only be permitted by "agreement or upon a showing of good cause." Motion, at 3. This request is unacceptable. As the Government stated in the May 13, 2004 pretrial conference, it is impossible for us to prepare all of our potential demonstrative exhibits before the plaintiffs have even begun to present their case. The testimony of our witnesses, and their use of any demonstrative exhibits, will be to respond to the testimony and evidence presented by the plaintiffs at the trial of this case. It is not the Government's obligation at trial to prove that the plaintiffs have incurred or have not incurred any damages. Instead, the burden is upon the plaintiffs in this litigation to prove that they have incurred particular damages for which the Government is responsible, and our obligation is to rebut the case that the plaintiffs presented at trial. Until the plaintiffs have presented their case at trial, we cannot decide specifically the manner in which we will present testimony, introduce evidence, or use demonstratives because we will not have complete knowledge regarding the evidence and testimony that the plaintiffs will actually present. This is particularly true given that the majority of demonstratives likely will be used with the Government's experts – all of whom are likely to testify at the end of trial.

In the Indiana Michigan trial, the agreement between the parties that was accepted by the Court was that copies of any demonstratives that would be used with a particular witness would be provided to the opposing party at least two days in advance of the use of that demonstrative.

Because, in practice, notice of only two days did not provide an adequate opportunity to use the demonstrative in preparing for cross-examination of that witness, we believe the disclosure of demonstratives four days in advance of the use of the demonstrative is appropriate.

3. Deadline For The Exchange Of Deposition Designations

Yankee's motion seeks the imposition of a June 28, 2004 deadline for the exchange of any deposition designations, "so that any potential disputes regarding use of any such designations may be addressed at the June 29, 2004 pre-trial conference." Motion, at 4. Yankee contends that the "government has not indicated any intent to offer its own designations on substantive issues." Id. It is unclear at the present time the scope or extent of the deposition testimony that Yankee will attempt to introduce as evidence in this case (as opposed to the use of depositions for impeachment purposes) or the basis upon which Yankee intends to attempt to introduce that testimony. Until we are provided with that information, we have no basis at this time upon which to identify any objections to the introduction of that testimony. Although we expect generally to oppose the introduction of deposition testimony by the Yankees outside of the limited scope of Rule 32, we will evaluate Yankee's deposition designations when we receive them. Nevertheless, given that we do not yet have any such designations, we do not anticipate that we will have sufficient time prior to tomorrow's pre-trial conference adequately to review those designations to discuss them. Further, although Yankee asserts that the parties should simultaneously submit deposition designations by June 28, 2004, the Government should have an opportunity, after Yankee identifies any deposition designations, to identify any objections to those designations and to identify its own deposition designations in response to Yankee's designations. Given that the Government's role in this litigation is to respond to Yankee's case,

the Government should not be obligated to anticipate Yankee's designations and identify responsive information, if necessary and appropriate, before even learning what the testimony is to which it is required to respond.

4. Order Deeming Certain Proposed Findings of Facts As Stipulated

The Government has no objection to the entry of the stipulations of fact contained in Appendices A, B, and C, although many of these facts are irrelevant to the issues at trial. The Government further notes that the limited number of agreed-upon stipulations and the innocuous nature of each of those stiuplations belies earlier contentions by Yankee that the Government failed to contest numerous substantive stipulations that the Yankees proposed.

5. List Of Agenda Items For The June 29, 2004 Pre-Trial Conference

The Government respectfully responds to Yankee's proposed agenda items to be addressed at the pre-trial conference.

a. Opening Statements

The Government believes that two-hour opening statements are excessive. Instead, the Government recommends that each party be limited to a maximum of an hour. Even with that restriction, the Government does not anticipate that its opening statement will be nearly that lengthy. The Government agrees that Yankee should be prepared to call its first witness on July 12, 2004 (although we understand that some of the first day of trial may involve issues relating to the admission of documents) and requests that the identity of that witness be disclosed on June 29, 2004, with the remaining order of witnesses for the first week of trial to be disclosed by July 1, 2004.

b. Rule 52(c) Motions

The Government will evaluate whether a Rule 52(c) motion is appropriate as the Yankees present the evidence in their cases and, if we determine that a Rule 52(c) motion is appropriate at the conclusion of the Yankees' presentation of evidence, expect that we would make that motion to the Court. If the Government determines that a Rule 52(c) motion is appropriate, we believe that oral argument upon that motion may also be appropriate. One of the purposes of a Rule 52(c) motion is to eliminate the need to present a responsive case where judgment in the defendant's favor is required. As a result, the motion should be resolved prior to the presentation of the Government's case. The Government would not object to a short period of time being given to the Yankees to review the motion and prepare any response.

c. Closing Statements

The Government requests that closing statements be heard at the Court's convenience the week following the close of evidence. This amount of time would provide each party the opportunity to review all the evidence admitted in the case and to incorporate any recently admitted evidence into its closing argument. The Government recommends a two-hour limit for each closing argument.

d. Evidentiary Objections

The Government understands that the Court intends to admit into evidence any exhibits to which no objection has been asserted at the June 29, 2004 pre-trial conference. With regard to exhibits to which objections remain, the Government understands that these objections largely will be heard during the first day of trial. See Order, dated June 23, 2004.

e. Pending Motions *In Limine*

Based upon the Court's order dated June 23, 2004, the Yankees' discussion of argument concerning the motions *in limine* is moot.

f. Special Requirements For The Protection Of Safeguards Information

During the pre-trial conference on June 29, 2004, the Government expects to discuss with the Court issues relating to special protections necessary for testimony and evidence involving safeguards information. Safeguards information is a special category of sensitive unclassified information authorized by Section 147 of the Atomic Energy Act. That information specifically identifies a nuclear reactor licensee's detailed security measures for the physical protection of special nuclear material or security measures for the physical protection and location of certain plant equipment vital to the safety of facilities licensed by the Nuclear Regulatory Commission ("NRC"). We anticipate that a representative of the NRC will attend the July 29, 2004 pre-trial conference to explain the protective measures that will be necessary when safeguards information is being discussed, which will include special requirements for court reporting services of which both the Court and its court reporting service need to be aware, and restrictions upon the Court's and the parties' ability to place safeguards information upon computer systems that have not been approved for that purpose. We will discuss this matter with the Court in greater detail at the pre-trial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN C. EKMAN
HEIDE L. HERRMANN
R. ALAN MILLER
RUSSELL A. SHULTIS
MARIAN L. SULLIVAN
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

June 28, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of June 2004, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER GOVERNING TRIAL PROCEDURES AND STIPULATIONS OF FACTS, AND AGENDA FOR THE JUNE 29, 2004 PRE-TRIAL CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.