# APPENDIX

U.S. Department of Justice

Civil Division

PDK:DMC:HDL:JCE
154-98-126

Telephone:
(202) 305-7562

Washington, D.C. 20530

June 25, 2004

VIA FACSIMILE AND UNITED STATES MAIL

Jerry Stouck
Peter Skalaban
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Re: *Yankee Atomic Electric Co. v. United States*, No. 98-126C (Fed. Cl.); *Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C (Fed. Cl.); *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C (Fed. Cl.)

Dear Messrs. Stouck and Skalaban:

This letter is intended to respond to several issues raised in two letters that you sent to us on Monday afternoon, June 21, 2004, one from Mr. Stouck to Mr. Lester and one from Mr. Skalaban to Mr. Ekman. While Mr. Stouck's letter - faxed at 5:35 p.m. - states that a motion concerning the matters raised in your letters will be filed "within the next few days," the receipt by the Government of that motion at 3:05 p.m. the following day came as a surprise. In fact, this letter was initially completed prior to the receipt of your motion and could have eliminated the need to brief every issue with the Court. Indeed, given the perfunctory nature of your motion, we fail to understand why we were not given an opportunity to respond informally. Nevertheless, we will attempt to respond to your two letters here.

1. Admission Of Expert Reports

In our previous letter to your office dated June 14, 2004, we suggested that the parties mutually agree that the expert witness reports would be admitted into evidence. In Mr. Skalaban's letter to me, your office has rejected our proposal that expert reports be admitted as evidence at trial, but provides no alternative suggestion. As I informed Mr. Skalaban on June 4, 2004, we are willing to consider alternative treatments of expert reports. Notwithstanding the fact that the Yankees initially identified each of their expert reports as exhibits, the rejection of the our proposal combined with the lack of any explanation or alternative suggestion was unhelpful.

As an alternative to our prior proposal, we propose that expert reports be supplied to the Court as demonstrative exhibits, consistent with the case law discussed below. We believe that the reports would assist the Court in understanding the testimony of the expert witnesses.

2. The Government's "Will Call" Witnesses

In his letter to Mr. Lester, Mr. Stouck complains that, in response to the plaintiffs' identification of a "will call" list of witnesses, the Government "has not served a similar, good faith list to plaintiffs." Contrary to the implication of your assertion, we never have received a written "will call" list from the Yankees. Although we have received an oral representation from Mr. Shapiro concerning the witnesses that the Yankees currently intend to call, it is unclear to us whether that oral list is final. The Yankees' complaints concerning the Government's alleged failure to provide such a list are not well taken.

In any event, we understand your "will call" list is composed of the following witnesses: Ivan Stuart, Charles Pennington, Frank Graves, Dan Collier, John Bartlett, Carla Pizzela, Loring Mills, Thomas Bennet, Mickey Thomas, Russ Mellor, Mike Meisner, Kate Jewell-Kelleher, Ken Heider, Kenneth Wise, Todd Smith, and George Whittier. If this list is in error, please advise us of any changes immediately.

In response to Mr. Stouck's letter - and, now, your pending motion - what follows is a list of the witnesses that the Government currently intends to call in its case. Of course, we may determine that this witness list needs to be modified - either with the addition or removal of witnesses - based upon the manner in which the trial progresses, and we reserve the right to add or remove witnesses as we deem appropriate. In any event, at this time, we expect to call: Edward Abbott, Kenneth Blair, Alan Brownstein, Patrice Bubar, John Buchheit, Billy Cole, Daniel Fischel, Rudy Grube, David Huizenga, Larry Johnson, Robert Jordan, Andrew Kadak, Christopher Kouts, Thomas LaGuardia, Michael Lawrence, Ronald Milner, Robert Morgan, Stephen O'Connor, Tom Pollog, Robert Rosselli, Benard Rusche, Nancy Slater-Thompson, Skip Young, and David Zabransky.

Of course, we also reserve the right to re-call any of the witnesses called by the Yankees in their case in chief, to the extent that topics upon which a witness is knowledgeable were not within the scope of the direct examination. We do not anticipate exceeding the scope of direct examination in this case and expect to call certain witnesses back to the stand when the Government presents its case. Additionally, we reserve the right to call any witnesses listed by the Yankees upon their witness lists that ultimately are not called by the Yankees in their case.

3. <u>Designation of Deposition Transcripts</u>

In your motion and your letters dated June 21, 2004, you propose that any deposition designations be exchanged before June 28, 2004, so that any potential disputes can be resolved at the pre-trial conference on June 29, 2004. As we have previously informed your office, the Government will generally oppose the introduction of deposition testimony by the Yankees outside of the limited scope of Rule 32, absent the unavailability of witnesses. In any event, your proposal leaves little time for the Government to review any designations prior to the pre-trial conference. Of course, we will review any designations provided to us as quickly as possible. However, since we do not know the number of designations you intend to offer, or the date upon which those designations will be made available, we cannot guarantee that we will be in a position to discuss objections to those designations by June 29, 2004.

4. Exchanges of Demonstratives

In his June 21, 2004 letter, Mr. Stouck suggests that the parties agree to "a deadline for the exchange of demonstrative exhibits" of July 9, 2004. That suggestion is unacceptable. It would be impossible for us to prepare all of our potential demonstrative exhibits before the plaintiffs have even begun to present their case. The testimony of our witnesses, and their use of any demonstrative exhibits, will be to respond to the testimony and evidence presented by the plaintiffs at the trial of this case. It is not our obligation at any trial to prove that the plaintiffs have incurred or have not incurred any damages. Instead, the burden is upon the plaintiffs in this litigation to prove that they have incurred particular damages for which the Government is responsible, and our obligation is to rebut the case that the plaintiffs presented at trial. Until the plaintiffs have presented their cases at trial, we cannot decide specifically the manner in which we will present testimony, introduce evidence, or use demonstratives because we will not have complete knowledge regarding the evidence and testimony that the plaintiffs will actually present.

In the Indiana Michigan trial, the agreement between the parties was that copies of any demonstratives that would be used with a particular witness would be provided to the opposing party at least two days in advance of the use of that demonstrative. Because, in practice, notice of only two days did not provide an adequate opportunity to use the demonstrative in preparing for cross-examination of that witness, we would be willing to agree to disclosure of demonstratives four days in advance of the use of the demonstrative. However, your suggestion that the Government must provide the plaintiffs with all possible demonstratives before the trial of this matter even begins is wholly unacceptable.

In your discussion of demonstratives, you identify the need for an opportunity to object to the Government's demonstratives. To ensure that no misunderstanding exists regarding the purpose and admissibility of demonstratives, we want to address that issue here. "Compilations or charts which are used only to summarize or organize testimony or documents which have themselves been admitted into evidence are distinguished from those used as evidence pursuant to Rule 1006 of the Federal Rules

of Evidence." United States v. Blackwell, 954 F. Supp. 944, 971 (D.N.J. 1997). However, "[c]harts that summarize documents or testimony, already admitted into evidence, may be admissible under Rule 611(a) . . . of the Federal Rules of Evidence, as demonstrative evidence, as opposed to Rule 1006, as substantive evidence." Id. "When Rule 611 charts are used, however, it is required the charts be accompanied by an instruction from the court which 'informs the jury of the summary's purpose and that it does not constitute evidence.'" Id. at 972 (quoting United States v. Paulino, 935 F.2d 739, 753 (6th Cir.), cert. denied, 502 U.S. 914 (1991)). In this case, we will object to any effort by the plaintiffs to introduce demonstrative exhibits as substantive evidence. At best, they may be admitted for the limited purpose of allowing the Court to understand an expert witness' testimony and opinion, but not as substantive evidence.

Finally, we do not believe that a further meeting concerning the exhibits and objections would be productive. Instead, we will provide you with a list of the Government's objections to the Yankees' "will use" list, as well as a final Government "will use" list by the end of the day on June 28, 2004. Following our June 4, 2004 meeting to discuss objections to exhibits, and in addition to our prior withdrawals, you will see that we have withdrawn objections to numerous Yankee exhibits. The objections that remain constitute our final positions upon each exhibit, and any final resolution will need to involve the Court.

Consistent with the Court's order dated June 23, 2004, we will provide you with a list of all the Yankee "will use" exhibits to which we have asserted no objection. Those exhibits then will be admitted into evidence at the pre-trial conference. Please provide us with a list of the Government's exhibits to which you have asserted no objection, so that those exhibits can be admitted as well.

As you will see from our revised objections, and consistent with our meeting on June 4, 2004, we have withdrawn the majority of the hearsay objections that we asserted with respect to Government documents. We anticipate that you likewise will withdraw the hearsay objections you asserted with respect to Yankee company memoranda, letters, and documents - the majority of which were asserted against documents that contradict the Yankees' litigation position. If you refuse to withdraw hearsay

objections to documents that are clearly not hearsay under Rule 801, we may need to revisit our decision to withdraw that objection to similar Government documents for purposes of consistent treatment of the parties.

We anticipate that we will be provided with a revised list of the Yankees' objections to our current "will use" list and the final list of the Yankees' "will use" exhibits by June 28, 2004.

If you have any further questions regarding these matters, please feel free to contact me.

Sincerely,

John C. Ekman / by HDE

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch