# In the United States Court of Federal Claims

No. 98-126C
(Filed June 28, 2004)

******************************
YANKEE ATOMIC ELECTRIC COMPANY, Plaintiff,

v.

THE UNITED STATES, Defendant.
******************************

**ORDER**[1/]

Remaining from the extensive discovery controversies in this matter is plaintiffs' motion to compel the full production of three documents partially disclosed pursuant to the Order, filed August 25, 2003. Two of the documents were originally withheld from production on the basis of asserted deliberation process privilege, and one document was omitted from the privilege log furnished to plaintiffs' counsel. The August 25, 2003 Order compelled production of the two documents (and, by example, the omitted document) but provided that attorney-client material could be deleted prior to production. By the current motion to compel, plaintiffs contest the deletions made by defendant.

Document No. 70 in the privilege log (HQR 166-0032) is a December 13, 2001 memorandum from the Acting Director of the Department of Energy's ("DOE") Office of Civilian Radioactive Waste Management ("OCRWM") to DOE's Assistant Director for Environmental Management. Defendant notes it deleted two and one-half sentences prior to production. Plaintiffs assert that the document indicates that the deletion likely exceeds attorney-client material.

Document No. 205 in the privilege log (NRC 004-0243) is an October 22, 2001 internal Nuclear Regulatory Commission ("NRC") e-mail concerning the NRC's

---

[1/] This should also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 C and *Maine Yankee v. United States*, No. 98-474 C.

review of a DOE draft response to a letter from Governor King of the State of Maine. Prior to the production ordered by the August 25, 2003 Order, defendant deleted what appears to be two paragraphs of the document as legal advice material. Plaintiffs contest the extent of the deletion.

Document HQR 236-0030 to 0032 was omitted from the privilege log, but was produced, in redacted form after the August 25, 2003 Order and the omission from the log has been corrected. The document comprises a fax transmittal forwarding budget information regarding Greater than Class C radioactive waste ("GTCC") and other unrelated material. The redacted information is asserted by defendant to be irrelevant and non-responsive to the discovery sought by plaintiffs.

Plaintiffs now seek full production of the three documents, *i.e.*, with no deletions. Defendant responds that there is no basis to assume that the deletions made do not comprise attorney-client material which the August 25, 2003 Order permitted to be removed prior to production. While an *in camera* inspection could be undertaken to resolve the matter, it is concluded that sufficient justification for this step has not been established. An examination of the redacted documents, submitted as exhibits to plaintiffs' motions, in context, is adequate for this purpose. Plaintiffs have not shown any viable basis to question the deletions on documents Nos. 70 and 205. From the context, the deletions appear to be consistent with their asserted nature. However, one set of deletions on HQR 236-0030 do not appear to be justified as irrelevant or non-responsive material. On the cited page the entries for the columns "Associated Funding", "FTE's" and "Transfer" for the "Activity" listed as "Greater than Class C Waste" have been deleted. From the context, these deletions do not comprise legal advice and would not appear to fit an irrelevant or non-responsive category.

Accordingly, it is **ORDERED** that plaintiffs' motion to compel, filed March 12, 2004, shall be **GRANTED**, to the extent that the deleted entries on HQR 236-0030 for the "Greater than Class C" activity shall be produced, and the motion shall, otherwise, be **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge