IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow) |

**YANKEE ATOMIC'S MOTION FOR LEAVE TO FILE DESIGNATED DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a)(2)**[1]

Yankee Atomic respectfully submits this motion for leave to admit certain designated deposition testimony as substantive evidence, pursuant to Rule 32(a)(2), in Yankee Atomic's affirmative case. A chart identifying the specific pages and lines of the depositions is attached at Exhibit 1, and copies of the relevant transcript pages are attached at Exhibits 2 - 4. Because this deposition testimony was elicited from a government RCFC 30(b)(6) witness and then high-level DOE officials in the Office of Civilian Radioactive Waste Management (*i.e.* the spent fuel program), Yankee Atomic may use the testimony at trial "for any purpose." RCFC 32(a)(2). Yankee Atomic seeks to have this admissible evidence admitted in advance of trial because doing so will streamline Yankee Atomic's trial preparation and reduce trial time and cost.[2]

**I. Discussion.**

Rule 32(a) of the Rules of the Court of Federal Claims provides:

---

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

[2] During the course of trial, plaintiff may seek to admit additional deposition testimony.

> At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions . . . (2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director or managing agent, or a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party *for any purpose*.

RCFC 32(a)(2) (emphasis added). Under this Rule, a party may "introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial." *Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) (citing *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978)).

Consistent with the Rule and authorities, the designated testimony is admissible as evidence "for any purpose." The testimony is relevant to issues the government disputes – such as GTCC waste acceptance, a reasonable acceptance schedule in the non-breach world, or the appropriateness of Yankee Atomic's use of multi-purpose canisters (in the breach world) to store its spent fuel on site while it awaits DOE's performance. Moreover, as noted below, this testimony was elicited from qualifying witnesses under Rule 32(a)(2) – *i.e.* a government Rule 30(b)(6) witness and officers, directors or managing agents of DOE's spent fuel program.

### A. The testimony of the Rule 30(b)(6) witness is admissible against the government.

Yankee Atomic seeks first to enter into evidence relevant excerpts from the Rule 30(b)(6) deposition of Susan Klein. During coordinated discovery, the government offered Ms. Klein as a Rule 30(b)(6) witness concerning DOE's obligation to accept GTCC waste, the role and purpose of the shutdown priority provision in the contracts, and various other topics. *See* Ex. 5 (April 18,

2002 Notice of Rule 30(b)(6) Deposition). Under Rule 32, this deposition testimony is admissible evidence. *Weaver-Bailey Contractors, Inc.*, 19 Cl. Ct. at 483. (Rule 32 "provides the requisite basis for admitting . . . deposition testimony," when that deposition testimony has been provided "on behalf of the government under rule 30(b)(6)"). Accordingly, Yankee Atomic requests that this Court admit the attached, designated portions of the Rule 30(b)(6) testimony of Susan Klein (Ex. 2).

**B. The deposition testimony of high-ranking spent fuel program officials is admissible against the government.**

Rule 32(a)(2) provides that the deposition testimony of an individual who "at the time of taking the deposition was an officer, director, or managing agent" of a party may also be admissible "for any purpose." RCFC 32(a)(2). Pursuant to this provision, Yankee Atomic offers as substantive evidence the designated deposition testimony of Lake Barrett (Ex. 3) and Ronald Milner (Ex. 4). These two witnesses were officers or directors of the Office of Civilian Radioactive Waste Management when deposed. Mr. Barrett was then the Deputy Director of OCRWM. *See* Ex. 3 (Barrett tr. at 10:21 - 11:1). When deposed, Mr. Milner was the Chief Operating Officer of OCRWM. *See* Ex. 4 (Milner tr. at 60:5-7). OCRWM is the arm of DOE that is charged with carrying out the functions of the Secretary under the Nuclear Waste Policy Act, *see* 42 U.S.C. § 10224; 42 U.S.C. § 10131(b)(2). As the Deputy Director and Chief Operating Officer, Mr. Barrett and Mr. Milner were the second- and third- ranking officers, respectively, of the spent fuel program. *See* Ex. 6 (OCRWM Organizational Chart); Ex. 4 (Milner tr. at 59:14 - 60:4) (testifying that this chart accurately portrayed OCRWM's organizational structure at the time of the depositions).

Moreover, Mr. Barrett has held leadership roles in OCRWM and has been either the Acting Director or the Deputy Director of OCRWM from 1993 to the present. Ex. 3 (Barrett tr.

at 84:2 - 85:2). Mr. Barrett had "ultimate responsibility" for OCRWM's Annual Capacity Reports and delivery commitment schedules. Ex. 3 (Barrett tr. at 138:2-17). Likewise, Mr. Milner – OCRWM's then COO – identified himself as an individual whom personnel at OCRWM "report[] up to," Ex. 4 (Milner tr. at 60:5-10), and had responsibility for managing the operational aspects of OCRWM, Ex. 4 (Milner tr. at 12:17 - 13:11), including personnel and contract matters, as well as all of OCRWM's publications, including its TSLCC and fee adequacy reports, *see* Ex. 4 (Milner tr. at 60:11-16).

As such, Mr. Barrett and Mr. Milner were "directors" or "officers" of DOE. They also qualify as "managing agents" of DOE. Courts have examined the following factors in determining whether an employee of an organization is a managing agent.

> First, the employee should be a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters. Second, the employee should be a person who could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer. Third, the employee should be a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties.

*Rubin v. General Tire & Rubber Co.*, 18 F.R.D. 51, 56 (S.D.N.Y. 1955) (citations and quotation omitted). *See also Crimm v. Missouri Pacific Railroad Co.*, 750 F.2d 703, 708 (8th Cir. 1984) (examining "whether the interests of the individual are identified with those of his principal and on the nature of his functions, responsibilities and authority . . . ." (quotation omitted)). These factors apply equally to government officials. *See Warren v. United States*, 17 F.R.D. 389, 390 (S.D.N.Y. 1955) (concluding that Chief and Civil Chief of Gun Mount and Missile Division of Navy Bureau of Ordinance were "managing agents" of government); *Fay v. United States*, 22 F.R.D. 28, 32 (E.D.N.Y. 1958) (concluding that captains or chief officers in charge of United

States naval vessels are "in a position analogous to that of a managing agent of a private corporation").

This test is readily met here. As the second - and third - ranking officers of OCRWM, both Mr. Barrett and Mr. Milner exercised judgment and discretion in dealing with spent fuel program matters. Indeed, over Yankee Atomic's objections, Judge Sypolt held that Mr. Milner could invoke the deliberative process privilege, on behalf of DOE, in this litigation. *See Yankee Atomic Elec. Co. v. United States*, 54 Fed. Cl. 306, 309-11 (2002). Likewise, as leaders of DOE's spent fuel program, when deposed, they could be depended upon to provide testimony on behalf of the government in this case and to identify with the interests of the government over Yankee Atomic. Accordingly, these officials are "managing agents" under RCFC 32(a)(2). *See also The Globe Savings Bank, F.S.B. v. United States*, No. 91-1550C, 2004 WL 1416014 at *1-7 (Fed. Cl. June 24, 2004) (admitting deposition testimony of then-government employee under F.R.E. 801(d)(2)).

In summary, the designated testimony is properly admissible under RCFC 32(a)(2). In addition to being admissible by rule, Yankee Atomic fully expects that this admission of this testimony now will likely save time and costs at trial. The designated testimony attached as Exhibits 2 - 4 should be admitted.

Respectfully submitted

Date: June 28, 2004

s/ Jerry Stouck________
JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
Tel. (202) 898-5800
Fax (202) 682-1639

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
SPRIGGS & HOLLINGSWORTH