# In the United States Court of Federal Claims

No. 98-126 C
(Filed June 28, 2004)

******************************
YANKEE ATOMIC ELECTRIC COMPANY, Plaintiff,

v.

THE UNITED STATES, Defendant.
******************************

## ORDER[1/]

This matter is before the court on defendant's Motion for Partial Summary Judgment Regarding Priority for Shutdown Reactors. Plaintiffs filed their Opposition and Appendix; defendant filed its Reply. Having reviewed these materials, the court deems oral argument unnecessary.

Acknowledging that a breach of contract has already been determined, with the upcoming trial to be focused on damages, defendant asserts that once the government commences performance, the Standard Contract does not require priority be given to shutdown reactors. As the three plaintiffs in the cases now before the court have shutdown reactors, and at least one of their damages model assumes such a priority, defendant asks the court to conclude, as a matter of law, that such a priority is **not** required under the Standard Contract, and plaintiffs are not entitled to recover damages based upon such a priority.

According to defendant, the Standard Contract is clear; no expert testimony is necessary or appropriate; and, on its face, there is no priority for shutdown reactors. While the government **may,** in its discretion, grant such priority, it is not required under the Standard Contract. Defendant also asserts that, in fact DOE has refused to

[1/] This should also be deemed applicable in *Connecticut Yankee v. United States,* No. 98-154 and *Maine Yankee v. United States*, No. 98-474.

grant priority to shutdown reactors, citing deposition testimony of various individuals. The court notes that in one of the cited depositions, it was DOE's policy not to grant priority to shutdown reactors at that time, but it is always possible that DOE may grant priority in the future. *See* deposition of Tomas Pollog, p. 205, ll, 9-16, cited in defendant's Motion at p. 7.

Plaintiffs complain that defendant's motion does not seek judgment in the government's favor "'upon all or any part of a claim or counterclaim,'" and thus is not an appropriate summary judgment motion under RCFC 56(a). Addressing the merits, plaintiffs contend defendant's motion misconstrues or misunderstands their position on the priority issue. Plaintiffs embrace the discretionary "may" language. Plaintiffs state that construing the entire contract, giving meaning to all of its parts, and its purpose and spirit, priority to shutdown reactors was an option and would have been extended in the "but for world" had the defendant not breached. Citing the court's June 26, 2003 Order which adopted, in part, the reasoning of *Commonwealth Edison Co. v. United States*, 56 Fed. Cl. 652 (2003) that the Standard Contract procedure has not dictated a controlling waste acceptance schedule, plaintiffs suggest that discretion is inherent in the Standard Contract. Plaintiffs proffer evidence and their responses to interrogatories and contend that a significant purpose of the Standard Contract and of the underlying statute, the Nuclear Waste Policy Act, was to enable utilities to avoid incurring additional on-site storage costs after 1998. Granting priority to shutdown reactors was one of the contractual tools available to DOE to meet this goal, citing *Roedler v. DOE*, 255 F.3d 1347, 1352 (Fed. Cir. 2001)(construing the Standard Contract and instructing that "[for] determination of contractual and beneficial intent when, as here, the contract implements a statutory enactment, it is appropriate to inquire into the governing statute and its purpose.").

Plaintiffs also complain that the deposition testimony cited by defendant was in the context of the "breach world" – when DOE had given up on having a repository by 1998. Plaintiffs proffer that in the "non-breach" world addressed by plaintiffs' experts, if DOE had begun accepting fuel in 1998 at a 3,000 MTU rate (or at that rate following a reasonable ramp-up ) such a priority could be given. The government commissioned studies to investigate acceptance scenarios that would be the most reasonable and cost-efficient which included extending priority for shut-down reactors.

The parties agree that the Standard Contract, not a model of clarity, provides both that DOE "shall," except as provided elsewhere, accept oldest fuel first, and DOE "may" grant priority to shutdown reactors. "[A]cceptance priority **shall** be based upon the age of the SNF and/or HLW as calculated from the date of discharge of such material from the civilian nuclear power reactor." Standard Contract, Art. VI.B.1(a)(emphasis added). "Notwithstanding the age of the SNF and/or HLW, **priority may be accorded** any SNF and/or HLW removed from a civilian nuclear power reactor that has reached the end of its useful life or has been shut down permanently for whatever reason." Standard Contract, Art. VI.B.1.(b)(emphasis added). Discretionary priority to shutdown plants is, in a sense, inconsistent with mandatory priority to oldest fuel first. The court needs to hear evidence to interpret this ambiguity, or, in the context of good faith contract administration, to construe and harmonize these and other terms in the Standard Contract. *Commonwealth Edison Co. v. United States*, 56 Fed. Cl. 652, 662 (2003)(concluding an acceptance rate term was missing from the Standard Contract construed to "'effectuate the spirit and purpose of the entire contract such that an interpretation which gives a reasonable meaning to all of its parts will be preferred to one which leaves a portion of it useless, inexplicable, inoperative, void, insignificant, meaningless, superfluous or achieves a weird and whimsical result.'")(citations omitted).

In its Reply, defendant contends that DOE had sole discretion to determine whether or not priority may be (or would be) granted removal of SNF and/or HLW from shutdown reactors, and, as a matter of law, damages may not be awarded based on a priority dependant upon DOE's discretion. Assuming discretion for the purposes of ruling on this motion, discretion to approve or reject must be exercised reasonably and rationally. *Reservation Ranch v. United States*, 39 Fed. Cl. 696, 714-15 (1997), *aff'd*, 217 F.3d 850 (1999). *See also Hayes v. United States*, 43 Fed. Cl. 735, 740 (1999). Accordingly, it cannot be said as a matter of law that plaintiffs may not recover otherwise proven damages that assume priority for shutdown reactors. This must be determined on the basis of a factual record.

Accordingly, defendant's motion is **DENIED,** in that the need for ventilation of factual issues precludes resolution of this priority issue on summary judgment.

s/ James F. Merow
James F. Merow
Senior Judge