IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126 C<br>(Senior Judge Merow)<br>Filed electronically: July 2, 2004 |

MOTION TO SET A HEARING ON THE ADMISSIBILITY OF EXHIBITS FOR JULY 9, 2004[1]

Yankee Atomic respectfully requests that the Court schedule a hearing on the admissibility of objected-to exhibits for July 9, 2004.

The government has maintained a substantial number of objections to the admissibility of documents on plaintiffs' will-use exhibit list. To date, the government has objected to the admissibility of 152 documents on plaintiffs' will-use list. *See* Ex. 1.[2] The government has agreed to the admissibility of only 111 documents on plaintiffs' will-use list, and many of these documents are the same as exhibits on the government's will-use exhibit list. It is clear that the parties have fundamental differences on the admissibility of exhibits that will not be resolved without the Court's assistance. For instance, we understand that the government has based relevancy objections on the fact that a DOE document is marked "draft" or a document was

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

[2] Exhibit 1 is a copy of plaintiffs' will-use exhibit list. On this table, exhibits that are in dispute are in white; admitted exhibits are shaded.

prepared by DOE contractors. Plaintiffs are concerned that unless the Court rules on objections pretrial, the first day of trial, or even more, could be consumed with exhibit issues. Our witnesses have planned their schedules according to a trial plan that assumes testimony begins July 12. If that schedule is delayed, it may disrupt and complicate the availability of plaintiffs' witnesses and plaintiffs' planned order of witnesses.

Plaintiffs have raised this issue with the government. Ex. 2. Plaintiffs have asked the government to categorize its objections by their nature and to join plaintiffs in requesting a hearing to resolve objections on July 9. While the government has agreed orally to attempt to categorize its objections[3] and to meet with plaintiffs on July 7 to discuss exhibits, the government has not formally responded to our proposal for a hearing on July 9. Moreover, based on an informal discussion with the government, plaintiffs believe that the government is likely to oppose such a hearing.

Plaintiffs are committed to working with the government to narrow objections where we can, but without the Court's help significant objections will remain that will consume trial time and may disrupt witnesses' schedules. Accordingly, and because the Court has already indicated (at the pretrial conference) its availability and willingness to address exhibit objections the week of July 5, plaintiffs respectfully request that the Court set a hearing on July 9 to resolve evidentiary objections.

---

[3] Plaintiff is reviewing its objections to the government's exhibits in an attempt to narrow them.

Respectfully submitted,

s/ Jerry Stouck

Date: July 2, 2004

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
Tel. (202) 898-5800
Fax (202) 682-1639

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Peter J. Skalaban Jr.
SPRIGGS & HOLLINGSWORTH