IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET A HEARING ON THE ADMISSIBILITY OF EXHIBITS FOR JULY 9, 2004

Defendant respectfully provides this opposition to plaintiff's motion to set a hearing on the admissibility of exhibits for July 9, 2004, one business day before trial of these cases is scheduled to commence.[1] The Yankees are correct that the parties have fundamental differences with regard to the admissibility of some of the proposed exhibits in these three cases. While a reading of the Yankees' motion leaves the impression that only the Government has entered a significant number of evidentiary objections, that is not the case. In fact, the Yankees have objected to approximately half of the Government's proposed exhibits. Nonetheless, the parties' arguments with regard to both the plaintiffs' and the Government's exhibits can and should be resolved by the Court at the outset of, or during, the trial of this matter.

DISCUSSION

Pursuant to this Court's orders, the parties have met in an attempt to reach agreement regarding the admissibility of as many of the parties' proposed exhibits as possible. To that end, through the course of discussions with the Yankees, the Government has withdrawn numerous

[1] The Government requests that this response be deemed applicable in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-484C (collectively known as "the Yankees").

objections to the plaintiffs' exhibits. In addition, in response to the Yankees' June 30, 2004 request, the Government has attempted to categorize its objections, where possible, in an effort to streamline discussions about our objections, as well as argument about the objections, should such argument ultimately be deemed necessary. Further, the Government has agreed to meet with the Yankees again on June 7, 2004, to discuss the categorization of objections and to assist in making the argument regarding these objections as efficient as possible.

The Government has been more than cooperative with the Yankees in all of its attempts to streamline this process. Indeed, significant progress has been made in this respect. However, given the very nature of litigation, arguments regarding the admissibility of evidence, which can only be resolved by the Court, are inevitable.

The Yankees' representation that they have scheduled their witnesses' testimony to begin immediately on Monday, July 12, 2004, with no time scheduled for argument upon the admissibility of exhibits, reflects an apparent scheduling error on their part. This Court has repeatedly emphasized that it did not wish to use time in the middle of trial, while witnesses are on the stand, to argue the admissibility of evidence. Thus, it has always been clear to both parties that, if the Yankees did not wish to wait until the end of their case-in-chief to admit evidence, such argument would have to take place at the outset of trial. Indeed, in its June 23, 2004 order, the Court indicated that the opening session of the trial would be devoted to the admission of proposed exhibits prior to testimony, to the extent possible.

Knowing that the trial would begin with admissibility arguments, and knowing that the parties had "fundamental differences" with regard to the admissibility of their exhibits, it is not clear why the Yankees scheduled their witnesses with the assumption that no such argument would take place. Nevertheless, the Government certainly should not now be penalized for the

Yankees' scheduling error. Only three business days remain before the commencement of trial. To schedule a hearing upon the admissibility of exhibits, which the Yankees predict may take more than a full day,[2] would effectively start the trial of this matter three days early, and would rob the Government of at least one day of trial preparation on the very eve of trial.

If, as the Yankees assert, their witnesses' schedules are really that difficult to work around that the argument contemplated by this Court's order is infeasible, or if the Yankees' order of witnesses, set without regard for the argument scheduled by the Court, cannot be altered in any way, the Government will be happy to defer arguments regarding the admissibility of exhibits until the close of the Yankees' case-in-chief, after all of their witnesses have been dismissed. This solution, which the Government has proposed more than once, will ensure that the Yankees can begin presenting testimony on the first day of trial, eliminate any unwarranted disruption in the Yankees' projected order of witnesses, and prevent the inconvenience of evidentiary arguments while witnesses are on the stand. More importantly, it will allow both parties to use the remaining three business days leading up to trial for preparation, rather than for argument that is properly held during trial.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the Yankees' motion to set a hearing on the admissibility of exhibits prior to the commencement of trial and allow the parties to complete their pre-trial preparation.

[2] We do not anticipate that arguments about exhibits will take as much time as the Yankees have suggested, at least not from the Government's perspective, but we cannot predict the extent of the Yankees' intended argument time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN C. EKMAN
HEIDE L. HERRMANN
R. ALAN MILLER
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attorneys for Defendant

July 7, 2004

CERTIFICATE OF FILING

I hereby certify that on this 7th day of July, 2004, a copy of foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET A HEARING ON THE ADMISSIBILITY OF EXHIBITS FOR JULY 9, 2004" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.