IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow)<br><br>Filed Electronically July 7, 2004 |

**YANKEE ATOMIC'S MOTION FOR LEAVE TO FILE DESIGNATED DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE AND REBUTTAL EVIDENCE PURSUANT TO RCFC 32 AND FEDERAL RULE OF EVIDENCE 801(d)(2)(D)**[1]

Yankee Atomic respectfully submits this motion for leave to admit certain designated deposition testimony of DOE employees as substantive evidence, pursuant to RCFC 32(a)(1) and Fed. R. Evid. 801(d)(2)(D), in Yankee Atomic's affirmative case. The designated deposition testimony is identified, by page and line number, in a chart attached at Exhibit 1, and copies of the designated testimony are attached at Exhibits 3-8.

In addition – in view of the Court's direction that the parties must submit all of their deposition designations by July 7, 2004 – Yankee Atomic has also identified certain "rebuttal" designations. These rebuttal designations relate to theories that Yankee Atomic expects the government to pursue at trial. Yankee Atomic is not now offering these potential rebuttal designations into evidence, but may do so in presenting Yankee Atomic's rebuttal case. These potential rebuttal designations are also identified, by page and line number, on a chart attached at

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

Exhibit 9, and copies of the designated rebuttal testimony are attached at Exhibits 10-12.

**I. Discussion.**

Yankee Atomic seeks the admission of the attached deposition testimony of Messrs. Robert Campbell, Alan Brownstein, Lake Barrett, Ronald Milner, and Victor Trebules, and Ms. Nancy Slater-Thompson as substantive evidence under RCFC 32(a)(1), which states, "[a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, *or for any other purpose permitted by the Federal Rules of Evidence*." RCFC 32(a)(1) (emphasis added).[2] The attached depositions constitute non-hearsay admissions by a party-opponent under Fed. R. Evid. 801(d)(2)(D) and are therefore admissible. *See Hughes v. United States*, No. 90-878C (Fed. Cl. April 26, 2004) (finding admissible under RCFC 32(a)(1) deposition testimony of employees of Office of Thrift Supervision); *Globe Savs. Bank, F.S.B. v. Phoenix Capital Group, Inc.*, No. 91-1550C, 2004 WL 1416014 at *4 (Fed. Cl. June 24, 2004) (finding deposition testimony of government employee admissible pursuant to Fed. R. Evid. 801(d)(2)(D)).

A statement is admissible as a non-hearsay admission of a party-opponent if: (1) the statement is offered against a party, (2) concerning a matter within the scope of the declarant's agency or employment, and (3) the statement is made during the existence of the relationship. *See* Fed. R. Evid. 801(d)(2)(D)*; Globe Savs. Bank,* No. 91-1550C, 2004 WL 1416014 at **4-5. So long as the declarant is employed by the government at the time of the deposition, the

---

[2] Plaintiff has already moved for the admission of certain testimony of Messrs. Barrett and Milner pursuant to Rule 32(a)(2). *See* Yankee Atomic's Motion for Leave to File Designated Deposition Testimony as Substantive Evidence Pursuant to RCFC 32(a)(2) (filed June 28, 2004). In view of the deadline for deposition designations, we have continued to review their transcripts, and have identified some additional testimony that Yankee Atomic seeks to offer into evidence. This testimony is admissible pursuant to both Rule 32(a)(2), for the reasons Yankee Atomic explained in its prior motion, and Fed. R. Evid. 801(d)(2)(D).

statement may relate to a matter formerly within the government employee's responsibility. *See id.* at *5. In *Globe*, the Court examined whether the deposition testimony of a former employee of the Federal Savings and Loan Insurance Corporation (FSLIC) qualified as substantive non-hearsay evidence under the Federal Rules of Evidence. *See id.* at **3-5. The *Globe* Court concluded that the deposition testimony met the standards under Fed. R. Evid. 801(d)(2)(D), because the testimony was offered against the United States as a party, the declarant testified regarding matters that were within the job description of his former employment with FSLIC, and he continued to be employed by the United States government, although in a different agency, at the time he was deposed.[3] *See id.* Here, as discussed below, the designated deposition testimony meets the requirements of Fed. R. Evid. 801(d)(2)(D).

**A. The deposition testimony of the government's agents and/or servants is admissible as substantive evidence under Fed. R. Evid. 801(d)(2)(D).**

Yankee Atomic is offering the designated deposition testimony against the government, which satisfies the first prong of the test for non-hearsay. *See* Fed. R. Evid. 801(d)(2)(D). As demonstrated herein the designated deposition also satisfies the remaining two prongs of the rule: the deponents were all DOE employees/servants at the time of their depositions and the statements all related to matters that are or were within the scope of their employment at DOE. *See id.*

First, Yankee Atomic seeks to offer deposition testimony from Robert Campbell from his June 13 -14, 2002, and January 29, 2003 depositions. At these times, Mr. Campbell was a program manager, employed at DOE's Office of Environmental Management, who had

[3] The Court in *Globe* stated, "[i]t is immaterial that at the time of Mr. Reidhill's deposition FSLIC no longer existed and that he was head of the Policy Research Section of the FDIC. The Rule expressly concerns the declarant's relationship with the party-opponent, which in this case

Footnote continued on next page

responsibility for GTCC waste issues. *See* Ex. 3 (6/13/02 tr. at 27:5-10; 31:2-15; 1/29/03 tr. at 465:1-6). The designated testimony all relates to GTCC waste issues. *See id.* As such, the designated testimony of Mr. Campbell is admissible. *See* Fed. R. Evid. 801(d)(2)(D).

Second, Yankee Atomic seeks to admit the deposition testimony of Alan Brownstein from his depositions on April 9 - 10, 2002, and May 23, 2002. When deposed, Mr. Brownstein was a DOE employee, *see* Ex. 4 (4/09/02 tr. at 9:21 – 10:14), serving as a senior policy advisor to Lake Barrett, who was then Deputy-Director of OCRWM (the Spent Fuel Program), *see* Ex. 4 (4/09/02 tr. at 27:22 - 29:11). As of February 19, 2004, Mr. Brownstein was still a senior policy advisor in the Spent Fuel Program. *See* Ex. 12. Mr. Brownstein joined DOE in 1985. *See* Ex. 4 (4/09/02 tr. at 13:21-25). Beginning in 1985, he was a nuclear industry specialist in the Spent Fuel Program, where he had responsibility for various "schedule" issue matters, such as creating the Annual Capacity Reports (ACRs). *See* Ex. 4 (4/09/02 tr. at 31:10 - 32:5; 33:7 - 34:7). In the late 1980s into early 1995, he served as the branch chief, and later a division leader, *see id.* (4/09/02 tr. at 34:8 - 35:20), and during the period 1985-1995, he testified that he was responsible for implementing the terms of the standard contract and dealing with the utility industry. *See id.* (4/09/02 tr. at 37:3-9); *see also id.* at 40:11 - 41:10. Not surprisingly, the government identified Mr. Brownstein as one of the eight most knowledgeable individuals at DOE on various schedule issues that are in dispute in the case. *See* Ex. 2 at 3-10 (question nos. 1-7, 10-12, and 14). The designated deposition testimony of Mr. Brownstein all relate to issues that were within the scope of his duties at DOE, and are therefore admissible. *See* Ex. 4; *see also* Fed. R. Evid. 801(d)(2)(D).

---

Footnote continued from previous page
is the United States, not a particular agency. *Globe Savings Bank, F.S.B.*, No. 91-1550C, 2004 WL 1416014, at *3.

Third, Yankee Atomic seeks to admit testimony from the April 21-22, 1999 and June 13, 2002 depositions of Nancy Slater-Thompson. Ms. Slater-Thompson joined DOE's Spent Fuel Program in August of 1991, *see* Ex. 5 (6/13/02 tr. at 8:15), and was employed in its Regulatory Coordination Division at the time of her depositions. *See* Ex. 5 (4/21/99 tr. at 5:25 - 6:13 & 6/13/02 tr. at 5:2 - 6:25). From 1991 until 1995, Ms. Slater-Thompson was involved in "schedule" issues, such as the preparation of ACRs, Annual Priority Rankings (APRs), exchanges, and shutdown priority, and she responded to questions internally and externally regarding the terms and conditions of the contracts. *See id.* (4/21/99 tr. at 19:21 - 22:10). Not surprisingly, the government identified Ms. Slater-Thompson as one of the eight most knowledgeable individuals at DOE on exchanges of spent fuel delivery allocations, the rate of acceptance, and other schedule-related issues. *See* Ex. 2 at 3-10 (question nos. 1-7, 10-12, 14). The designated testimony of Ms. Slater-Thompson all relates to schedule-related issues. *See* Ex. 5. As such, the testimony is admissible. *See* Fed. R. Evid. 801(d)(2)(D).

Yankee Atomic is offering certain additional designations from the deposition transcripts of Ronald Milner (then Chief Operating Officer of the Spent Fuel Program) and Lake Barrett (then Deputy Director of the Spent Fuel Program). This testimony is admissible for the reasons discussed in detail in Yankee Atomic's Motion for Leave to File Designated Deposition Testimony as Substantive Evidence Pursuant to RCFC 32(a)(2) (filed June 28, 2004) ("Plaintiff's Motion"). The designated deposition testimony is also admissible pursuant to Fed. R. Evid. 801(d)(2)(D). Messrs. Milner and Barrett were both employed by DOE at the time of their depositions and were senior officers within DOE's Spent Fuel Program. *See* Plaintiff's Motion at 3-4. Indeed, the government identified Messrs. Milner and Barrett as two of the eight most

knowledgeable individuals within DOE on many disputed issues. *See* Ex. 2 (question nos. 3-5 (both), 16-20 (Milner), and 27 (Barrett)).

Finally, Yankee Atomic seeks to admit the certain testimony from the April 17, 2002 and April 19, 2002 deposition of Victor Trebules. Mr. Trebules worked for DOE (formerly the Atomic Energy Commission) since 1972, and was working at DOE as of the date of his deposition. *See* Ex. 8 (4/17/02 tr. at 10:18-22; 11:1-9). Mr. Trebules had responsibility for coordinating the preparation of DOE's 1985 Mission Plan. *See id.* (tr. 16:5-17). Mr. Trebules' testimony relates to his work in preparing the Mission Plan, and is therefore admissible. *See id.*

### B. The Deposition Testimony of the Government's Witnesses is Admissible for Rebuttal

As noted above, Yankee Atomic is disclosing at this time various testimony from Messrs. Brownstein, Milner, and Ms. Slater-Thompson that Yankee Atomic may seek to admit in connection with Yankee Atomic's rebuttal case. If offered, this testimony will be admissible for the reasons described above in Section A of this Motion.

## II. Conclusion.

In summary, these admissions of DOE employees are admissible under RCFC 32(a)(1) and Federal Rule of Evidence 801(d)(2)(D) and /or RCFC 32(a)(2) (Messrs. Milner & Barret). Plaintiff respectfully requests that the Court admit the deposition testimony identified in exhibits 3-8 as evidence.

Respectfully submitted

s/ Jerry Stouck________

Date: July 7, 2004

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
Tel. (202) 898-5800
Fax (202) 682-1639

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Peter J. Skalaban, Jr.
SPRIGGS & HOLLINGSWORTH