# In the United States Court of Federal Claims

No. 98-126 C
(Filed July 8, 2004)

*******************************
YANKEE ATOMIC *
ELECTRIC COMPANY, *
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
Defendant. *
*******************************

**ORDER**[1/]

This matter is before the court on Plaintiffs' Motion to Set a Hearing on the Admissibility of Exhibits for July 9, 2004, filed July 2, 2004. Defendant's Opposition was filed on July 7, 2004. The court deems a Reply unnecessary, particularly because the requested hearing is for tomorrow and trial is set to commence on Monday, July 12, 2004.

Plaintiffs represent that despite commendable efforts by counsel on both sides to reach agreement as to admissibility of exhibits, significant differences remain. While the parties have organizationally categorized exhibits over which consensus as to admissibility is lacking, defendant objects to the admissibility of 152 documents. Plaintiffs are reviewing their objections to government exhibits in an attempt to narrow the number of their objections. Plaintiffs are concerned that unless the court rules on objections before trial, the first day of trial, or even more, could be concerned with exhibit issues. Witness schedules presumed that testimony commences on July 12th. Delay in that schedule may disrupt and complicate the availability and order of witnesses, plaintiffs assert. The court indicated its availability to address exhibit objections the week of July 5th, plaintiffs state; therefore, a hearing on July 9, 2004 is

[1/] This should also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 and *Maine Yankee v. United States*, No. 98-474.

feasible and would promote the flow of witnesses without the detractions of evidentiary disputes concerning exhibits.

Defendant agrees that the parties have fundamental differences with regard to the admissibility of some of the proposed exhibits in these three cases; indeed plaintiffs object to approximately half of defendant's proposed exhibits. While numerous objections have been withdrawn as a result of cooperation between counsel, the inevitable disagreements that remain are best resolved at the onset of, or during trial. Plaintiffs' scheduling concerns are of their own making defendant posits, as this court has stated that, to the extent possible, trial time should not be used to argue the admissibility of evidence. As the court stated in its June 24, 2004 Order, "[t]he opening session of the trial will also be devoted to the admission of proposed exhibits prior to testimony to the extent possible. Trial time will not be devoted to the admission of exhibits, except where testimony is required in this regard." Foundational questions may require witness testimony. Other categories of exhibits may be suited for argument at the commencement of trial.

With only a short time remaining until trial, absent agreement of counsel, the court is not inclined to hold a hearing on July 9, 2004 on the admissibility of exhibits. The direction in the court's June 24, 2004 Order remains. However, as suggested by defendant, plaintiffs' concern about witness schedules and orders may be ameliorated by deferring ruling on the admissibility of at least some of the exhibits until the case is sufficiently developed. Some objections, such as foundation, may by necessity require resolution while a witness is on the stand. Counsel are urged to continue to narrow the list of objections and categorize those that remain. In this regard, upon review of the List of Exhibits Plaintiffs "Will Use" at Trial (With Government Objections), attached to plaintiffs' motion, the court notes generally that objections as to relevancy are not favored if there is any relationship to an issue(s) in litigation, however limited. Objections as to authenticity where the author is unknown may best be vented by questioning witnesses or otherwise establishing the facts surrounding the acquisition of the document.

At pre-trial, mention was made of hearsay or relevancy objections as to data or statements made by an entity or individual under contract or other legal relationship with DOE or another government agency. In this regard, counsel are requested to provide the court with legal authority, if any, on this issue in connection with the introduction of such exhibits pursuant to Fed. R. Evid. 801(d)(2) or otherwise.

As noted previously, the initial portion of the opening session of the trial will be devoted to admission of exhibits to the extent feasible, but the court may defer ruling on admissibility of certain contested exhibits until either an appropriate witness is on the stand, or until the case is sufficiently developed so that rulings on remaining objections become appropriate.

Accordingly, it is **ORDERED** that plaintiffs' Motion for a Hearing on July 9, 2004, shall be **DENIED.**

s/ James F. Merow
James F. Merow
Senior Judge