IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-126C<br>(Senior Judge Merow) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PUBLISH JUNE 28, 2004 DECISION ON FUTURE DAMAGES, PRE-BREACH DAMAGES AND ELECTION OF REMEDIES

Defendant, the United States, respectfully responds to the "Motion To Publish June 28, 2004 Decision On Future Damages, Pre-Breach Damages And Election Of Remedies" that plaintiff, Yankee Atomic Electric Company ("Yankee"), filed on July 8, 2004.[1]

In its motion, Yankee asserts that the Court should publish its decision because it is "of significant relevance" to other spent nuclear fuel ("SNF") cases pending before this Court. However, in its June 28, 2004 order, the Court, after reviewing the parties' briefing, stated that, with regard to the plaintiffs' right to present evidence of future damages, it was "not convinced that at this stage plaintiffs should be precluded from offering testimony, evidence and argument of damages from the DOE's failure to act to commence performance on December 30, 1998 until 2010" and that limiting recovery of damages to those incurred either to the date of the filing of the complaint or the date of trial "may well not adequately compensate plaintiffs and restore them to the position they would have been in but for the breach." Order, at 4 (emphasis added). Further, with regard to the plaintiffs' ability to recover damages that precede the partial breach of

[1] This response should also be deemed applicable in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C.

contract in this case, the Court "conclude[d] that plaintiffs will not be precluded from presenting evidence of and on pre-breach damages," Order, at 11, finding that DOE's actions prior to January 31, 1998, "may have commenced an earlier partial breach," that "[t]hese are matters for trial," and that the Court "will not preclude evidence and argument in this regard." Order, at 10.

The Court's June 28, 2004 order does not appear to be a final adjudication of the legal issues presented in this case with regard to pre-breach and future damages, and the Court has provided the parties with an opportunity at trial to present the facts of this case and to place them in the context of the legal issues that the case presents. Given that this Court is currently considering the testimony and evidence being presented at trial, and given that the Court will soon be in a position to place its preliminary analysis of these legal issues into the context of the facts of this case, it appears appropriate for the Court to defer publication of a pre-trial order regarding the evidence to be presented at trial, discussed in the abstract and without thorough context, and to issue the Court's full analysis of these legal issues in the context of the facts as they exist in this case. Given the current status of the proceedings in this case, publication of the Court's order should await a more fully developed record and briefing.

To the extent that the Court were to publish its June 28, 2004 decision, we would respectfully request that the Court correct its preliminary determination that the Government has admitted "that performance will not commence at the earliest until 2010." Order, at 3. As we explained on the first day of the trial of this case, although the Department of Energy has announced that it currently anticipates that it will be unable to begin spent nuclear fuel acceptance until 2010, the possibility always exists that congressional or other action could provide a means for the Department to satisfy its contract obligations prior to that date, and we

presume that the Court is not precluding the Government from offering such evidence at trial. Although we certainly acknowledge the Department of Energy's representations about the date by which it currently anticipates it will be able to begin spent fuel acceptance, our "admission" is limited to that concession. To the extent that the Court publishes its June 28, 2004 order, we respectfully request that the Court amend this representation to preclude future confusion about the Government's positions in the spent nuclear fuel litigation.

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion for publication of the Court's June 28, 2004 order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
HEIDE L. HERRMANN
R. ALAN MILLER
JOHN C. EKMAN
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

July 26, 2004

CERTIFICATE OF FILING

I hereby certify that on this 26th day of July, 2004, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PUBLISH JUNE 28, 2004 DECISION ON FUTURE DAMAGES, PRE-BREACH DAMAGES AND ELECTION OF REMEDIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.