No. 98-126C
(Senior Judge Merow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO INTRODUCE DEPOSITION TESTIMONY AND, TO THE EXTENT THAT PLAINTIFF'S MOTION IS GRANTED, SUBMISSION OF DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
Washington, D.C. 20585
JANE K. TAYLOR
Office of General Counsel

KEVIN B. CRAWFORD
HEIDE L. HERRMANN
STEPHEN FINN
R. ALAN MILLER
JOHN C. EKMAN
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
SONIA ORFIELD
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

July 29, 2004

Attorneys for Defendant

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO INTRODUCE DEPOSITION TESTIMONY AND, TO THE EXTENT THAT PLAINTIFF'S MOTION IS GRANTED, SUBMISSION OF DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. WHEN, AS HERE, THERE HAS BEEN NO SHOWING THAT A WITNESS IS UNAVAILABLE TO TESTIFY AT TRIAL, THERE IS A STRONG PREFERENCE FOR LIVE TESTIMONY . . . . . . . . . . . . . . . . 2

II. YANKEE HAS DESIGNATED TESTIMONY BEYOND THE SCOPE OF MS. KLEIN'S RCFC 30(b)(6) DEPOSITION . . . . . . . . . . . . . . . . . . . . . 9

III. YANKEE CANNOT SEEK TO INTRODUCE THE DEPOSITION TESTIMONY OF MR. BROWNSTEIN, MR. MILNER AND MS. SLATER-THOMPSON AS "REBUTTAL EVIDENCE" INSTEAD OF LIVE TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. NOTWITHSTANDING PLAINTIFF'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

### FEDERAL CASES

Allegier v. United States, 909 F.2d 869 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 9

American Steel Works v. Hurley Construction Co., 46 F.R.D. 465 (D. Minn. 1969) . . . . 3

Angelo v. Armstrong World Industrial, 11 F.3d 957 (10th Cir. 1993) . . . . . . . . . . . . . 4, 9

Banks v. Yokemick, 144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . 3

Faigin v. Kelly, 184 F.3d 67 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Geders v. United States, 425 U.S. 80 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Grimna v. Makousky, 76 F.3d 151 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992 (11th Cir. 1982) . . . . . . . . 13

Keyes v. Lauga, 635 F.2d 330 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Kolb v. County of Suffolk, 109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . 3

Lynch v. City of Boston, 180 F.3d 1 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Northwestern National Insurance Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994) . . . . . . . . . . 9

Page v. Barko Hydraulics, 673 F.2d 134 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . 13

Tramonte v. Fibreboard Corp., 947 F.2d 762 (5th Cir. 1991) . . . . . . . . . . . . . . . . . 12, 13

Tuf-Flex Glass v. NLRB, 715 F.2d 291 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Mathis, 559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Wilson, 134 F.3d 855 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 12

Varga v. Rackwell International Corp., 242 F.3d 693 (6th Cir. 2001) . . . . . . . . . . . . . . 13

Young & Associate Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521 (D. Utah 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**MISCELLANEOUS**

8A Wright, Miller, & Marcus Federal Practice and Procedure § 2142 (2d ed. 1994) . . . . 4

McCormick, Evidence 2d § 244 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO INTRODUCE DEPOSITION TESTIMONY AND, TO THE EXTENT THAT PLAINTIFF'S MOTION IS GRANTED, SUBMISSION OF DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS

Pursuant to the discussion in court during the trial of this matter on Tuesday morning, July 27, 2004, about the Government's response to plaintiff's deposition designations, defendant, the United States, respectfully submits this response and opposition to "Plaintiff's Motion For Leave to File Designated Deposition Testimony As Substantive Evidence Pursuant to RCFC 32(a)(2)," filed June 28, 2004, and "Plaintiff's Motion For Leave To File And Designate Deposition Testimony As Substantive Evidence And Rebuttal Evidence Pursuant To RCFC 32 and Federal Rule Of Evidence (FRE) 801(d)(2)(D)," filed July 7, 2004. Plaintiff, Yankee Atomic Electric Company ("Yankee"), seeks to introduce deposition testimony for use at trial in lieu of live testimony of a number of past and present Government employees.[1] We oppose Yankee's attempt to introduce deposition testimony in lieu of live testimony because Yankee has not overcome the preference for live testimony and met its burden to "show cause" under

[1] To the extent that the Court deems plaintiff's motion to apply to Connecticut Yankee Atomic Power Company v. United States, No. 98-154C (Fed. Cl.), and Maine Yankee Atomic Power Company v. United States, No. 980474C (Fed. Cl.) (collectively known as "the Yankees"), the Government requests that this response also be deemed applicable in those cases.

RCFC App. A § 15(b). Further, the lack of notice that the Government received regarding the substantial volume of deposition designations has been and continues to be highly prejudicial to the Government, having consumed substantial amounts of time that the Government, had it received notice more than three business days prior to the commencement of trial of the broad scope of Yankee's designations, would otherwise have been available for other trial preparation. To the extent that this Court may grant any, or part, of Yankee's motions, we respectfully request that the Court rule upon the objections that are contained in the testimony designated by Yankee, pursuant to RCFC 32(b), and consider the deposition testimony that the Government has counter-designated, pursuant to FRE 106. The list of these objections and counter-designations are found in the appendix to this response.

## DISCUSSION

### I. WHEN, AS HERE, THERE HAS BEEN NO SHOWING THAT A WITNESS IS UNAVAILABLE TO TESTIFY AT TRIAL, THERE IS A STRONG PREFERENCE FOR LIVE TESTIMONY

Yankee proffers no evidence, and makes no suggestion, that any of the witnesses whose deposition testimony it has designated has been or is unavailable to testify at the trial in this case. Indeed, all witnesses, with the exception of Mr. Victor Trebules, are located in Washington D.C., where this trial is taking place. Moreover, Yankee never made any inquiry of the Government regarding the availability of these witnesses to testify at trial.

The preference that live testimony, when available, be presented at trial has been well-noted by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during their discussion of the events in which they were involved. Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witnesses' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony."); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony"); Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985)("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by

deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court . . .*" RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition transcripts under RCFC 32 is further informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A Wright, Miller, & Marcus Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see FRE 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination").

Yankee has not shown "good cause" for using any of the designated deposition testimony. See RCFC App. A § 15(b) ("[A]ny party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted.")(emphasis added); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under

Federal Rule of Civil Procedure 32). Yankee argues only that the admission of the designated testimony will "streamline Yankee Atomic's trial preparation and reduce trial time and cost." Pl. Mot. June 28, 2004, at 1 & 5. However, Yankee's request that this testimony be admitted as substantive evidence has burdened the Government's trial preparation. The Government was presented with a motion for admission of significant amounts of deposition testimony on June 28, 2004, followed by another set of a substantial number of designations on July 7, 2004, only three business days before trial. These actions hardly "streamline" the case and have only served to prejudice the Government, which has had to devote significant resources during trial to review and put into context the volume of designations that Yankee identified. All of this effort, when the witnesses in question are readily available to testify, was unnecessary.

Further, the claim that the deposition testimony will reduce time and cost is unfounded. To admit this testimony, the Court will have to read, or have read into the record, the designated transcripts and counter-designations. The Court will have to rule on each of the objections made at the time of the deposition and those objections specifically not waived during deposition. RCFC 32(d)(3)(A)("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). The resultant presentation of evidence is of little value to the Court and is unnecessary and inefficient. FRE 403.

The lack of trustworthiness in permitting deposition testimony over live testimony is aptly demonstrated from Yankee's designation from the deposition of Mr. Victor Trebules, which include the following:

> Q. []Would you agree that at the time that you were working on the plan in 1984 and 1985 it was an objective of the spent fuel program that program be operated in an economically efficient manner?
>
> MR. SHULTIS: Objection as to "economically efficient." It's vague.
>
> A. I believe we said words to that effect in the mission plan, that's correct.
>
> Q. Why was that an objective?
>
> A. To the best of my recollection, I think we used phrases like fiduciary responsibility. People working in the program felt that they had an obligation to try to execute the program efficiently and effectively.
>
> Q. Why was that an objective?
>
> A. We knew the program was going to cost a lot of money over its lifetime.
>
> I guess it's my opinion that the people felt they ought to try to be efficient in carrying out that program.

Victor Trebules April 19, 2002 Dep. Tr. 4:22-5:20. However, Yankee's designation does not fully reflect Mr. Trebules testimony. Yankee omitted the following related deposition testimony from its designation:

> Q. Is that concept of full cost recovery related to the objective of economic efficiency?

MR. SHULTIS: Same objection. [Legal conclusion].

A. To the best of my understanding, it is.

Q. What's the relationship, if you would just explain that?

MR. SHULTIS: The same objection.

A. Not being an economist, I guess I would explain it in more or less layman's terms.

The people working in the program knew they had a source of funds, that was the nuclear waste fund, and any appropriations to cover the disposal of defense high level waste.

They wanted to conduct the activities, the scientific characterization, the design and the engineering aspects essentially at the minimum cost, do the necessary, but sufficient work to develop the facilities, the geologic [r]epository and the transportation system to manage and dispose of the radioactive waste.

Q. Is it your understanding at the time of this mission plan, at the time this mission plan was written, these words we've been looking at, <u>is it your understanding that this objective of economic efficiency was a requirement for the program?</u>

MR. SHULTIS: Objection to the degree it's calling for a legal conclusion.

A. <u>I don't ever remember back then some 16, 17, 18 years ago it being described as a requirement.</u>

<u>My recollection is, as exhibit six states, it was a policy goal that guided DOE's implementation of that program.</u>

> I don't ever remember the terms requirement when it came to conducting the program in a cost effective manner.

Victor Trebules April 19, 2002 Dep. Tr. 7:5-8:19 (emphasis added).

Yankee's method of introducing evidence in this instance deprives this Court of the opportunity to see Mr. Trebules respond to questions from both sides, fill in the gaps in his testimony, explain possible inconsistencies, and respond to the Court's questions. Although Mr. Trebules is in Nevada, this Court possesses national jurisdiction and can summon witnesses to testify from throughout the United States when necessary. RCFC 63. Evidence from a cold paper record deprives this Court from observing the witness' demeanor and hearing the witness' tone of voice in determining the witness' credibility and assigning weight to the testimony. This Court should adhere to the strong preference for live testimony.

Moreover, Yankee requests that the Court review voluminous snippets of substantive testimony, replete with objections, forcing the Government to make voluminous counter-designations, themselves replete with objections, in order to introduce evidence before this Court. At first encounter, this approach may seem to "streamline" the trial, but, in fact, this exercise is inefficient because all of these objections must be decided and counter-designations considered. Merely designating snippets of substantive deposition testimony is not the time honored or proper method for proving a case.

Clearly, Yankee has failed to "show cause" why this Court should admit the designated testimony as evidence in this trial. The Court will have to engage in

substantial effort to resolve all of the evidentiary objections that the Government has raised in these depositions before it can rely on this testimony. Indeed, the preference for live testimony lends efficiency to this Court's proceedings allowing the Court to observe and question the witnesses and properly to admit and weigh the testimony that they provide.

## II. YANKEE HAS DESIGNATED TESTIMONY BEYOND THE SCOPE OF MS. KLEIN'S RCFC 30(b)(6) DEPOSITION

Yankee also seeks admission of portions of Ms. Klein's RCFC 30(b)(6) deposition testimony, pursuant to RCFC 32(a). This subsection of Rule(32)(a) provides as follows:

> The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) . . . to testify on behalf of a . . . governmental agency which is a party may be used by an adverse party for any purpose.

RCFC 32(a)(2). The party that seeks to introduce deposition testimony bears the burden of establishing that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not satisfied, the designated deposition testimony must be excluded. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994). As indicated by the repeated objections, much of Ms. Klein's designated testimony was beyond the scope of the RCFC 30(b)(6) deposition.

Ms. Klein was noticed to testify as a 30(b)(6) witness on the following matters:

> DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

> DOE's consideration of its obligation to accept Greater-Than-Class-C waste.
>
> The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.
>
> The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

Klein Dep. Tr. April 24, 2002 at Ex. 1. Notwithstanding the limitations incorporated in the Notice of Deposition, Yankee now moves into evidence testimony clearly beyond the scope of her notice and that was objected to at the deposition. By its very nature, this evidence is inadmissible under RCFC 32(a), which provides for admission of deposition designations only "so far as admissible under the rules of evidence." This Court's consideration of any designated testimony beyond the scope of Ms. Klein's RCFC 30(b)(6) designations is improper.

Yankee's basis for admission pursuant to RCFC 32(a)(2) is Ms. Klein's status as a RCFC 30(b)(6) witness. In other words, testimony "beyond the scope" of the 30(b)(6) notice not only implicates admissibility of the evidence pursuant to RCFC 32(a) and the Federal Rules of Evidence, but, in addition, under RCFC 32(a)(2) raises a fundamental flaw in designation of her testimony because the basis for the designation is her status as a RCFC 30(b)(6) witness. In this instance, the "beyond the scope" objections are not merely routine evidentiary objections, but are structural objections.

A substantial portion of Ms. Klein's designated testimony is subject to this objection:

Q. Do you know when the last time the DOE used the acceptance rates in the 1995 ACR for planning purposes?

MS. POWELL: Object to beyond the scope. You can answer to your personal knowledge.

THE WITNESS: No, I don't.

Klein Dep. Tr. April 24, 2002 at 62:9-14 (emphasis added).

Q. Do you agree that the Nuclear Waste Policy Act contemplated that process of siting, licensing, and constructing a repository would have been completed by10 January 1998?

MS. POWELL: I object, beyond the scope and to the extent it calls for a legal conclusion. You can answer.

THE WITNESS: I'm thinking. Yes.

Klein Dep. Tr. April 24, 2002 at 172:7-14 (emphasis added).

Q. All right. Now, let me just ask you in general. Is one of the purposes of the total system life cycle cost reports to determine the total cost of the Nuclear Waste Disposal Program?

. . .

MS. POWELL: Beyond the scope[]

THE WITNESS: Yes.

. . .

Q. And is one of the reasons that that's done to make a determination whether the fees that are being charged to the utilities are sufficient?

. . .

MS. POWELL: Same objection. []

> THE WITNESS: I think that's required by the statute that we do that, yes.

Klein Dep. Tr. April 24, 2002 at 196:1-17 (emphasis added). The remainder of the Government's objections to the scope of testimony designated for Ms. Klein is indicated in the appendix. The Court should not admit any of the testimony it finds to be beyond scope of the RCFC 30(b)(6) deposition.

## III. YANKEE CANNOT SEEK TO INTRODUCE THE DEPOSITION TESTIMONY OF MR. BROWNSTEIN, MR. MILNER AND MS. SLATER-THOMPSON AS "REBUTTAL EVIDENCE" INSTEAD OF LIVE TESTIMONY

In addition to seeking the admission of deposition testimony in its case-in-chief, Yankee also submits, while reserving offering into evidence, rebuttal deposition designations for Mr. Brownstein, Mr. Milner and Ms. Slater-Thompson. These designations are in addition to the deposition testimony of these individuals that Yankee seeks to add to its case-in-chief. "The principal objective of rebuttal is to permit a litigant to counter new, unforseen facts brought out in the other side's case." Faigin v. Kelly, 184 F.3d 67, 85 (1st Cir. 1999). Whether a plaintiff is given an opportunity to offer rebuttal testimony is a matter of discretion with the Court, not a matter of right for plaintiffs. United States v. Wilson, 134 F.3d 855, 866-67 (7th Cir. 1998); see also Geders v. United States, 425 U.S. 80, 86 (1976) (court has discretionary authority to control scope of rebuttal testimony).

In applying this discretion, courts have held that a plaintiff should not be permitted to present evidence that it clearly anticipated or could have foreseen to be important, and to thereby reopen its case-in-chief in its rebuttal case. See, e.g., Tramonte

v. Fibreboard Corp., 947 F.2d 762, 764 (5th Cir. 1991) ("[w]hen a plaintiff makes a prima facie case, therefore, it also must offer evidence on any other issue of potential importance to the outcome in its case in chief"); Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992, 1019 (11th Cir. 1982) (evidence in rebuttal was excluded where proponent knew of the issue which the proffered evidence on rebuttal addressed, but did not include evidence in its case-in-chief); Keyes v. Lauga, 635 F.2d 330, 335 (5th Cir. 1981) (exclusion of rebuttal evidence not an abuse of discretion when plaintiff reasonably could have anticipated the necessity for the rebuttal testimony).

Similarly, the Court may properly bar plaintiffs from presenting cumulative evidence in a rebuttal case. Lynch v. City of Boston, 180 F.3d 1, 18 (1st Cir. 1999) (citing Geders, 425 U.S. at 86-87). Finally, plaintiffs are precluded from remedying defects in their case-in-chief through use of rebuttal evidence. Tuf-Flex Glass v. NLRB, 715 F.2d 291, 298 (7th Cir. 1983) (where company failed to identify any new matters raised by union's case-in-chief, hearing officer acted within discretion in excluding direct evidence ostensibly in rebuttal); Tramonte, 947 F.2d at 765; see also Page v. Barko Hydraulics, 673 F.2d 134, 140 (5th Cir. 1982) (court did not abuse discretion in not allowing plaintiff to remedy a defect in its case-in-chief through rebuttal evidence). "Real rebuttal evidence is evidence presented to rebut 'new' evidence, and evidence is new 'if, under all the facts and circumstances, . . . the evidence was not fairly and adequately presented to the trier of fact before the defendant's case-in-chief.'" Varga v. Rackwell Int'l Corp., 242 F.3d 693, 701 (6th Cir. 2001)(quoting Benedict v. Unitec States, 822 F.2d 1426, 1429 (6th Cir. 1987)).

With these standards as a guide, this Court should not allow Yankee to designate as "rebuttal" the deposition testimony of Mr. Brownstein, Mr. Ronald Milner and Ms. Slater-Thompson into evidence. Yankee decided not to present evidence related to the Standard Contract's delivery commitment schedule process. That decision does not open the door for the rebuttal evidence designated. The Government's arguments regarding the delivery commitment schedule process are not new or unforeseen facts or arguments in this trial and will not be a proper subject for rebuttal in this case. Indeed, the opportunity to present its case on their interpretation of the Standard Contract, a reasonably anticipated subject, has been provided in the case-in-chief. See Tramonte, Keyes. Yankee's attempt to designate deposition testimony in "rebuttal" should be rejected.

## IV. NOTWITHSTANDING PLAINTIFF'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court grants any of Yankee's motions, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). In addition, the Government requests that the Court consider the Government's counter-designations of testimony from these same depositions. FRE 106. These objections and counter-designations are identified in the appendix to this motion.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Plaintiff's motion with respect to the deposition testimony they have designated or, in the

alternative, assuming that plaintiff's motions are granted, in whole, or in part, that the Court also rule upon the objections and admit the Government's counter-designations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
Washington, D.C. 20585

KEVIN B. CRAWFORD
HEIDE L. HERRMANN
STEPHEN FINN
R. ALAN MILLER
JOHN C. EKMAN
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
SONIA ORFIELD
Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

July 29, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of July 2004, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO INTRODUCE DEPOSITION TESTIMONY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Stephen Finn