TABLE OF CONTENTS

PAGE(S)

INTRODUCTION . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . 3

I. THE COURT'S RULE 52(c) STANDARD . . . . . . . . . . 3

II. THE YANKEES HAVE THE BURDEN OF PRESENTING SUFFICIENT EVIDENCE TO ESTABLISH THAT AN AWARD OF DAMAGES CAN BE BASED UPON THE HYPOTHETICAL EXCHANGES MODEL THAT MR. GRAVES CREATED FOR THIS LITIGATION . . . . . . . . . . 4

A. The Yankees Cannot Support Their Exchanges Theory Solely Through A Hypothetical Model Based Upon Speculation . . . . . . . . . . 4

B. The Yankees Must Also Support Their Exchanges Theory With Contemporaneous Documents, Not Post Hoc Expert Testimony In Conflict With The Contemporaneous Documentation . . . . . . . . . . 5

III. THE YANKEES HAVE FAILED TO SATISFY THEIR BURDEN OF ESTABLISHING THAT, ABSENT THE DEPARTMENT OF ENERGY'S PARTIAL BREACH, EXCHANGES WOULD HAVE OCCURRED IN PRECISELY THE MANNER THAT MR. GRAVES PREDICTS . . . . . . . . . . 7

A. The Evidence Demonstrates That Mr. Graves' Model Goes To The Fact Of Damages, Not To The Quantum Of Damage . . . . . . . . . . 7

B. In Developing His Model, Mr. Graves Did Not Seek Any Testimonial Or Documentary Evidence Supporting His Conclusion That Exchanges Would Have Occurred In The Manner And To The Extent Required By His Model . . . . . . . . . . 11

C. The Evidence Adduced At Trial Contradicts Mr. Graves' Assumption That The Exchanges That Underlie His Model Would Have Occurred . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . 16

# TABLE OF AUTHORITIES

CASES PAGE(S)

Affiliated Foods, Inc. v. Puerto Rico Marine Mgmt.,
645 F. Supp. 838 (D.P.R. 1986) . . . . . . . . 8

Alaska Pulp Corp. v. United States,
59 Fed. Cl. 400 (2003) . . . . . . . . 6

Applied Companies v. United States,
144 F.3d 1470 (Fed. Cir. 1998) . . . . . . . . 6

Argus, Inc. v. Eastman Kodak Co.,
801 F.2d 38 (2d Cir. 1986), cert. denied, 479 U.S. 1088 (1987) . . . . . . . . 7

Burns v. Secretary of DHHS,
3 F.3d 415 (Fed. Cir. 1993) . . . . . . . . 6

Columbia First Bank v. United States,
60 Fed. Cl. 97 (2004) . . . . . . . . 10, 11

Cooper v. United States,
37 Fed. Cl. 28 (1996) . . . . . . . . 3

Cucuras v. Secretary of DHHS,
993 F.2d 1525 (Fed. Cir. 1993) . . . . . . . . 7

Ellison v. United States,
25 Cl. Ct. 481, 499 (1992) . . . . . . . . 7

Energy Capital Corp. v. United States,
302 F.3d 1314 (Fed. Cir. 2002) . . . . . . . . 10, 11

Fifth Third Bank of Western Ohio v. United States,
55 Fed. Cl. 223 (2003) . . . . . . . . 4

Howard Industrial v. United States,
126 Ct. Cl. 283, 115 F. Supp. 481 (1953). . . . . . . . . 3

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004) . . . . . . . . 9

Interstate General Government Contractors v. West,
12 F.3d 1053 (Fed. Cir. 1993) . . . . . . . . 7

James A. Mann, Inc. v. United States,
210 Ct. Cl. 104, 535 F.2d 51 (1976) . . . . . . . . 7

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Montgomery Coca-Cola Bottling Co. v. United States,
222 Ct. Cl. 356, 615 F.2d 1318 (1980) . . . . . . . . . . 6

Morganti National, Inc. v. United States,
49 Fed. Cl. 110 (2001), aff'd, 36 Fed. Appx. 452 (Fed. Cir. 2002) . . . . . . . . . . 7

Ramsey v. United States,
121 Ct. Cl. 426, 101 F. Supp. 353 (1951) . . . . . . . . . . 8

Southern National Corp. v. United States,
57 Fed. Cl. 294 (2003) . . . . . . . . . . 5

United States v. Gypsum Co.,
333 U.S. 364 (1948) . . . . . . . . . . 5, 6

Wilner v. United States,
23 Cl. Ct. 241, 261 n.15 (1991) . . . . . . . . . . 7

Wunderlich Contracting Co. v. United States,
173 Ct. Cl. 180, 351 F.2d 956 (1965) . . . . . . . . . . 8, 9

REGULATIONS

10 C.F.R. § 961.11, Art. V.E . . . . . . . . . . 12