IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE MOTION TO
MODIFY THE SUBPOENA SERVED UPON RUSSELL A. MELLOR

Defendant, the United States, respectfully responds to "Russell A. Mellor's Motion To Modify Subpoena," which was filed on August 15, 2004.[1] For the reasons identified below, the Court should deny the motion and order Mr. Mellor's attendance on Tuesday, August 17, 2004, so that the Government can complete its case-in-chief at the trial of this matter. Although we regret the inconvenience to Mr. Mellor, the situation that has necessitated his renewed attendance at trial was not of our making.

As the Court is aware, Mr. Mellor has already testified in this trial as part of the plaintiffs' case-in-chief. As the Court is also aware, the Government raised the fact that it had some questions that it wanted to ask Mr. Mellor which could be deemed to exceed the scope of the plaintiffs' direct examination of Mr. Mellor. The plaintiffs strongly objected to the Government's request to ask Mr. Mellor an additional line of questions, even though Mr. Mellor had already traveled from his home in New York to Washington, D.C., to testify and even though, if the Government called him in its case, Mr. Mellor would once again have to travel to Washington,

[1] The Government requests that this response be deemed applicable in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C.

D.C. Despite the future inconvenience to Mr. Mellor, the plaintiffs maintained their position that we would have to make Mr. Mellor return to Washington, D.C., if we wanted to ask the line of questions that it had for him. Based upon the plaintiffs' objections, the Court deferred our questions for our case-in-chief.

Based upon the events at trial during the plaintiffs' case-in-chief, both the plaintiffs and Mr. Mellor were well aware of the likelihood that the Government would call Mr. Mellor to testify a second time in this case. On Wednesday, August 11, 2004, we notified the plaintiffs that we intended to call Mr. Mellor to testify on Wednesday, August 18, 2004. Subsequently, during the afternoon of Thursday, August 12, 2004, we were informed that Mr. Mellor was traveling to Kiev and would be unable to testify until August 31, 2004, at the earliest. Yet, we learned that Mr. Mellor was not leaving for Kiev until Thursday, August 19, 2004, and that the trip is business-related. Accordingly, as the Court is aware, in an attempt to accommodate Mr. Mellor's trip while allowing the Government to complete its case-in-chief, we offered to have Mr. Mellor testify on Friday, August 13; on Saturday, August 14; on Monday, August 16; or on Tuesday, August 17. Apparently, the plaintiffs would prefer to defer Mr. Mellor's testimony until <u>after</u> the entire trial is over.

We understand that it will be an inconvenience for Mr. Mellor to testify again in this case, and we regret the necessity of that inconvenience. Unfortunately, the plaintiffs' actions created this situation. Although we could simply have asked Mr. Mellor the few questions that we had for him when he was previously here in Washington, D.C., for earlier testimony in this case, the plaintiffs refused and insisted that he would have to return to offer any additional testimony. Of course, the plaintiffs did not mention when opposing the Government's original efforts to

complete the Government's questioning of Mr. Mellor that Mr. Mellor would be leaving the United States on August 19, 2004, and apparently would be unavailable to testify from at least August 11, 2004, through the end of the currently scheduled trial date prior to that departure. Further, the Government was not made aware of Mr. Mellor's unavailability until we were informed of that fact in court on Thursday, August 12, 2004.

Mr. Mellor's asserted unavailability to testify, despite the fact that he is not leaving the country for a business-related trip until August 19, 2004, severely prejudices the Government. The Government expects to conclude its case no later than early during the week of August 23, 2004. To the extent that the plaintiffs have any proper rebuttal case to present, it should be concluded by the end of the week of August 23, 2004, which is the currently scheduled date for the conclusion of the trial of this matter. Although Mr. Mellor asserts that he is willing to travel to Washington, D.C., to testify on August 31, 2004, the Government already is being required to participate in status conferences in BXW Technologies, Inc. v. United States, No. 04-96C (Fed. Cl.), and Systems Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), and an oral argument upon the Government's motion for summary judgment in Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.), on that same day. Based upon the fact that the trial in this case was scheduled to conclude on August 27, 2004, other judges of this Court have scheduled numerous proceedings in other spent nuclear fuel cases after August 27, and the Government is required to be prepared to participate in them. Extensions of the conclusion of this trial are unnecessary and prejudicial to the Government at this point in time.

We only expect to have Mr. Mellor testify for a short period of time. His travel and trial testimony should require no more than a day trip. We can put him on the stand as soon as he

arrives in Washington, D.C., so that he can quickly return to New York. Because of the necessity of completing this case, and because neither the Government nor the Court was ever made aware prior to Thursday, August 12, 2004, that Mr. Mellor's availability to testify for a second time in this case was limited, we respectfully request that the Court order him to appear for trial on Tuesday, August 17, 2004.

For the foregoing reasons, the United States respectfully requests that the motion to amend Mr. Mellor's subpoena be denied and that he be required to appear for testimony on Tuesday, August 17, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

August 16, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of August 2004, a copy of foregoing "DEFENDANT'S RESPONSE TO THE MOTION TO MODIFY THE SUBPOENA SERVED UPON RUSSELL A. MELLOR" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.