# EXHIBIT 1

# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 98-126 |
| | ) | |
| UNITED STATES, | ) | |

Pages: 1 through 100

Place: Washington, D.C

Date: June 29, 2004

**HERITAGE REPORTING CORPORATION**

*Official Reporters*

1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 98-126 |
| | ) | |
| UNITED STATES, | ) | |

Courtroom 8
National Courts Building
717 Madison Place, N.E.
Washington, D.C.

Tuesday,
June 29, 2004

The parties met, pursuant to notice of the Court, at 2:00 p.m.

BEFORE: HONORABLE JAMES MEROW
Judge

APPEARANCES:

For the Plaintiff:

ROBERT L. SHAPIRO, Esquire
PETER J. SKALABAN, Esquire
JERRY STOUCK, Esquire
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005
(202) 898-5800

the construction of this facility. And as I said, we do have some other photographs as well that I think will be instructive.

Deposition designations, as Mr. Lester mentioned, we did submit on Friday -- no, yesterday --

THE COURT: Right.

MR. STOUCK: -- designations under Rule 32, and I think our position on this is we are also aware, as I mentioned before, and I assume the Court is, of this recent decision by Judge Lettow in the Globe case which addresses the utility of Rule of Evidence 801(d)(2) as being able to submit deposition designations.

We are considering, in light of that ruling, considering some additional designations, but the ones that we submitted on Monday, yesterday, under Rule 32 are, we believe, as we said in the motion, you know, consistent with the rule.

We also may have some rebuttal designations from the depositions on issues that really are not part of our case, like DCSs and whatnot. But I think if the government is planning to make use of the rules to similarly designate deposition testimony as evidence, we would like that to be done, I think it's appropriate that that be done in advance of trial so

that we can deal with any issues they may raise through our witnesses or through our trial preparation, and not be surprised by that.

But it's actually my understanding from some of the correspondence was that the government -- my understanding was -- we can hear from them today -- was that they were not planning to do this.

THE COURT: To be totally fair, I have an unpublished decision that I issued in the Hughes case that I am trying now, and probably should have a copy of it. Yes, sir, please.

MR. STOUCK: Thank you.

It's unpublished?

THE COURT: It's unpublished. But anyway, it deals with relatively the same subject, so I would probably be consistently right or wrong, depending on how you look at it.

(Laughter.)

MR. STOUCK: Would you like a preview or?

THE COURT: Well, those over 100 miles situation.

MR. STOUCK: Okay. Well, we'll take a look at it.

THE COURT: So on use of depositions. But yes, I think really there should be before trial

designations if either side intends to designate any further.

MR. LESTER: Actually, Your Honor, I am a little disturbed at the moment because I just heard Mr. Stouck say they are going to designate more.

The stack that we got last night, I mean, we haven't even gotten through this, I mean, I didn't see it until this morning because it was filed after close of business. But I can tell you from what I have seen through here there are lots of objections in the middle of the testimony that's been designated.

So we're going to have to go through with the Court all of these objections. The Court is going to have to rule on all these objections.

THE COURT: Well, let me shorten that substantially by saying that, and you will hear this all during the trial, I am a great advocate of post-trial findings of fact, and briefing it post-trial. And so I don't make sticklers on terms of evidence rulings during the trial. I'm liable to kick it down the alley to the post-trial situation on the theory that if you have it in the record, you can propose a finding on it later, and the other side can argue that it's not appropriate because there is an objection t it and so on and so forth.

So that applies mainly to written stuff, so that I think that that's the sort of thing that we don't have to worry about pre-trial, in other words.

MR. LESTER: With all due respect, Your Honor, I think that this is actually an important issue because this will affect what the government has to do in terms of developing a response in its portion of the case.

If we've got to respond to -- let me use Ms. Klein's deposition as an example.

THE COURT: Okay. She is testifying as a 30(b)(6) deponent.

THE COURT: Right.

MR. LESTER: A lot of these questions and a lot of the objections over things that are circled are outside the scope of that 30(b)(6) deposition. The effect of the testimony given that -- you know, the Court's ruling on whether or not it was within the scope of the deposition, the level of reliance that the Court can have on the deposition transcript, those are all very important factors for us in determining whether or not we have to call Ms. Klein to get up on the stand.

Some of these questions are about what does she understand the Nuclear Waste Policy Act to say.

You know, things like that, do we really have to put people on the stand to testify as to what the act says? You know, we have to then -- if the Court doesn't make a ruling on whether or not that type of testimony is admissible, then we have got to go put on a whole bunch of needless testimony perhaps, and I am trying to avoid that, because it just unnecessarily lengthens the trial, but it also makes it very unpredictable as to what it is we are really fighting against.

Are we really fighting the -- trying to develop factual findings, or are we having people testify as to what the law is? And I really want to, to the best I can, stay away from that, but if all that comes in then I have to try to figure out what to do in response.

THE COURT: Supposing she does testify as to what the law is, it certainly wouldn't be binding to me.

MR. LESTER: Well, this is the question, Your Honor. You know, they are saying she is testifying under Rule 30(b)(6) witness. Does that have a different effect than --

THE COURT: It doesn't bind the Court.

MR. LESTER: Well, we have to then try to

make -- another issue on --

THE COURT: She may have a view of what the law is, and that's her view.

MR. LESTER: Well, Your Honor, another issue she is going to be, beyond these designations, and you can see, I mean, this is a pretty substantial designation, each one of these pages has designated testimony on it. We have got to now read through all this, and even though --

THE COURT: Well, you may want to add other passages too, so you do have a view from that standpoint.

MR. LESTER: And we may have to add witnesses to respond to all of these -- all of this testimony. There is a lot of stuff in here. And I am hearing now that we're going to have more deposition designations potentially. You know, where does it stop? And how much of this becomes then a paper, an administrative record as opposed to a trial with live witnesses?

THE COURT: Sounds like the District Court.

MR. LESTER: Well, I mean, obviously this case though is not an APA review case. This is supposed to be a trial with --

THE COURT: It happens to everybody in the

District Court.

MR. LESTER: With APA review, yes, but --

THE COURT: No, also with witnesses who are more than 100 miles away.

MR. LESTER: Well, that's true, but we have witnesses that are available that can actually provide live testimony, and we're going to have -- I mean, we have a huge --

THE COURT: I am sure, Mr. Lester, that you can deal with it, so I'm not a least little worried about it.

MR. LESTER: Well, Your Honor, I guess then we need a deadline, not just for the government but for the Plaintiff so we can see what it is that's going to be designated so we can identify designations in response.

THE COURT: That's what we are talking about. What deadline do you think is appropriate?

MR. LESTER: Well, I would have thought that given the breadth of what's been given to us, what we got late last night, I'm very concerned that this should have been given to us awhile ago. I don't know what deadline, but we need one pretty quickly because I need to know what we're up against here because this is really beyond what I could have even imagined was

going to be designated.

THE COURT: Mr. Stouck, when are you going to --

MR. STOUCK: Well, Your Honor, we raised at the May 13 conference our perception of a need for a deadline, and you know, we weren't able to work that out with the government, so we didn't want to wait too much longer.

And as far as the breadth and depth of the stack of papers, I would just point out that it's the government's witnesses that have provided that testimony before trial.

Let me talk about the further designations. There are two issues. Rule 32, as you know, limits the designations to 30(b)(6) witnesses, or generally senior government officials. That's what we submitted.

Judge Lettow's ruling suggests that under 801(d)(2), the rule on admissions, the non-hearsay nature of admissions, it would be appropriate, it is appropriate to designate additional testimony. There are lots of other government witnesses who have said lots of things that are very consistent with our case, and very supportive of our case. And if those are admissible evidence, we would certainly like to admit

those, and we are willing to live by a deadline that I am proposing, which is the pretrial.

Secondly, there is also a lot of government testimony in the depositions about DCSs, APRs, all of that stuff. That is no part of our case. We think that's all irrelevant. The Court's ruled that that's irrelevant. It's, you know, planning purposes, and nobody is really planning for -- I think the Court is familiar with the issue. That is no part of our case.

If the word "DCS" didn't come up in this trial, that would fine by us. We expect though that the government is going to raise those issues in their case, about how the process is binding or whatever may survive the Court's adoption of the Commonwealth Edison ruling.

If that occurs, then we would like to, and I think it would be appropriate and important that we submit to the Court the deposition testimony from the government's own witnesses, the government's own witnesses that the Court has seen in it summary judgment briefing that the DCS process was not binding. They never understood it to be binding. No one understood it to be binding.

And so forth as a responsive point to the -- you know, again, it's similar, I guess maybe this is

the mirror image of at least part of what the government is saying about their witnesses. We don't know what they are going to say. But if they do say some things that their own witnesses have disavowed in their depositions, we would want to have the opportunity to submit those.

THE COURT: You're talking about rebuttal, I assume then.

MR. STOUCK: Rebuttal.

THE COURT: Okay.

MR. LESTER: I'm sorry, Your Honor. I am actually very disturbed by this. You know, we prepared our defense based on the witnesses that the Plaintiffs identified in their witness list.

Why in the world are we going to have a whole bunch of deposition testimony from little snide-bits of various depositions when all those witnesses are available to testify? What is the fear about having these people testify? And why weren't they listed on the Yankee's witness list to start with if they wanted to present testimony from these folks?

Neither were the excerpts identified earlier in these proceedings when the government was -- before the government prepared its responses -- its defensive case, and so the government -- you know, we haven't

potentially prepared a response to identify deposition testimony that the Yankees may now try to bring into this case without calling actual witnesses who again were not listed on their witness list.

I would hate to be in a position where then we have got to like try to add people to our witness lists that are not even on there now to try to respond to paper deposition testimony that wasn't previously identified as a part of this case.

THE COURT: Well, the depositions that -- the excerpts that are listed, were these particular individuals listed as a part of the Plaintiff's case as witnesses?

MR. LESTER: Not as part of the Plaintiff's case. Now, the government has put those three people on -- we had those three people on our witness list. Well, only one of them is currently a will call. Two of them are may calls. But my understanding is none of these people were actually on the Plaintiff's witness list.

MR. STOUCK: Your Honor, in response to the Court's question, our witness lists, as I think I have mentioned at the last conference, did announce that we would reserve the opportunity to call anyone that the government named.

THE COURT: Right.

MR. STOUCK: But the live testimony point, I think, goes nowhere. We are complying with the Court's rules. It's called Rule 32. This is their witnesses, their sworn testimony that happens to support our case. That's what Mr. Mr. Lester doesn't like about it.

THE COURT: I think each party said that they would -- on their witness lists they also included the witnesses listed by the opposing party as I recall. So I would be concerned if there was no indication at all that these persons would -- I mean, if they came out of the blue, it would be a problem. But the fact there are depositions indicate that there was some knowledge that they would be witnesses in the case.

MR. LESTER: Well, Your Honor, with all due respect, I think there was an indication that they were being deposed. But when they weren't placed then on witness lists, why in the world would we develop a defense to testimony that wasn't going to be presented at the trial?

You know, I have no idea what else they are intending to designate because we haven't been told that.

THE COURT: Well, I assume that -- I haven't looked at the witness list, but I seem to recall that each party reserved the right to call any witness that the other didn't call that they listed, and so it wouldn't be an objection if you didn't call Mr. Kadak or something if the Plaintiff called him in that respect, because you're on notice that any of the people you list, but then don't call, can be called by the opposing party.

So maybe you all wouldn't do that, but Defendant also reserves the right to call all witnesses listed on Plaintiff's witness list, so on your own witness list you reserve the right to call all the witnesses listed on the Plaintiff's witness list, and I think --

MR. STOUCK: I believe we did the same.

MR. LESTER: Sure.

THE COURT: I think probably the Plaintiff did likewise.

MR. LESTER: Sure, and I don't dispute that, Your Honor. What I am saying is there actually were a lot of people deposed that aren't on anybody's lists.

THE COURT: Yes.

MR. LESTER: I am just sitting here guessing as to what we're going to get from the Plaintiff.

THE COURT: Well, I would be concerned if somebody tries to present deposition testimony from somebody who nobody has listed as proposed witness. That would be a problem. If it has prejudice aspects, well, that would be a definite problem because my pretrial does indicate that you have to designate all the witnesses that you intend to call. You have to. give the other side notice so that it would be a definite problem if that occurred.

I don't think that's the current situation.

MR. LESTER: Well, quite frankly, Your Honor, I have no idea because I have for the first time here today heard that there is going to be potentially more deposition designations. I don't know how extensive these are going to be or when we're going to get them, or what the Yankees are intending.

THE COURT: All right, that's what we are talking about. I mean, the trial starts on the 12th.

MR. LESTER: And Your Honor --

THE COURT: So there isn't a lot of time left before trial, but I would think definitely that you would need designations by no later than the 7th or 8th.

MR. STOUCK: Eighth is fine with us, Your Honor, if the government can make that deadline.

MR. LESTER: Well, Your Honor, actually, I would be very -- I would very much like to have all designations before that time. I mean, if they are going to be as extensive or even more extensive than what we have already gotten, I mean, the stack that we got late last night is going to take us a significant amount of time to get through, particularly in light of all the objections that are in the circled testimony.

You know, if we get more testimony on the 8th or 9th, and it's this thick or thicker, you know, we're not going to have any time to go through it before the trial begins, and I would ask that we -- because then we are going to have to try to go through and identify other testimony in those depositions that we might need to tag to explain or put in context the testimony that's been circled, and to identifying any other objections that we might have to it.

If we are going to have to be prepared on the 12th to respond to all of it, it's a pretty big burden if we're talking about incredibly thick deposition designations.

THE COURT: I'll just throw this out for counsel to think about, what about if they are admitted for all non-objected to questions with the

objected to questions reserved for future briefing issues?

MR. LESTER: Again, Your Honor, I think that puts us in a position where then we have to put evidence in in our responsive case to respond to it because we don't know what the admissibility rulings on the testimony are going to be.

If we take a risk and don't put on responsive testimony, and the Court finds it's admissible, then we haven't responded to it. If we go ahead and respond to it, and the Court finds it wasn't admissible, we have apparently -- potentially we have put the evidence into the case anyway even though it shouldn't have properly been there, or wouldn't have properly been there in the Plaintiff's case.

MR. STOUCK: Your Honor, could I get some clarification on what the government's position is here?

I mean, they want to respond to this stuff. I haven't heard any suggestion of a time when counter-designations would be due, so that's one issue.

I mean, but is there any dispute that Rule 32 is in force in this case?

MR. LESTER: Mr. Stouck, I think I would like to talk to the Judge since we're in Court rather

than you --

MR. STOUCK: No, I'm trying to find out what we are arguing about.

MR. LESTER: -- having conversations with me.

MR. STOUCK: I have asked for a deadline prior to trial for submission of designations, and we are willing to live with the 8th, or we would even consider perhaps an earlier date. I mean, it's not much time, but there is some very important, as you can tell not to emphasize the point too much, but I think as you can tell here there is some very important testimony from the government's witnesses that squarely powerfully supports our case.

It was given under oath. In the case of Ms. Klein, it was given by a witness who was put up by Mr. Lester as a 30(b)(6) witness. I think the rule permits that to be admitted in evidence, and we would like to have it admitted.

THE COURT: Well, I'm not so sure that there is a huge issue on objections. I mean, there are a lot of issues that arise that are kind of wipe-out when you get down to the point. But if in fact you raise objections, if there are objections to any testimony designated, and that you feel definitely

have to be resolved, then raise those issues and I'll look at them, and it can be done.

But I do think that all designations should be in by no later than -- well, I would say by Wednesday the 7th actually by both sides, and then we will worry about cross-designations hopefully within a reasonable time thereafter, but preferably with a goal toward by the 12th.

MR. LESTER: And Your Honor, just for the record regarding Mr. Stouck's comment about Ms. Klein and the 30(b)(6) nature, you are going to see a lot of the questions that were asked were objected to because they were beyond the scope of the 30(b)(6). Ms. Klein was not put up for a lot of the questions that were asked, so she was not speaking as a government representative for a lot of the questions that they are attempting to designate her as a 30(b)(6) witness after the fact for.

So I also would just like to point out Mr. Stouck has said that all this testimony they are going to designate apparently is, you know, crucial and strongly supports their case. They want to put that in. If that's the case, I don't understand why they haven't called any of those witnesses.

Apparently it's strong on paper but it's not

strong, I guess, if they call the witness to actually testify, and I think this is a real problem with just wholesale admissions of deposition transcripts.

THE COURT: Well, it's not going to be wholesale.

MR. LESTER: Well, it's pretty extensive at least what we have so far, and I'm very concerned about what we're going to get by the 7th.

THE COURT: Well, we will deal with it if we get wholesale submissions. Well, they have a right to do it so we will just make the best that we can in the time that we have, and I will, to the extent possible, make rulings on the objections if in fact they are raised to me.

MR. STOUCK: Thank you, Your Honor.

The next issue -- actually, just for the record we, of course, believe that the questions were all within the scope of the designation 30(b)(6), but we can hash that out some other time.

Proposed findings as stipulated, I believe the parties actually, my understanding, my recollection is that the parties actually agree that the --

THE COURT: Yes.

MR. STOUCK: -- stipulations that we --

REPORTER'S CERTIFICATE

DOCKET NO.: 98-126

CASE TITLE: Yankee Atomic v. United States

HEARING DATE: June 29, 2004

LOCATION: Washington, D.C.

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the United States Court of Federal Claims.

Date: July 5, 2004

Charity Davis
Official Reporter
Heritage Reporting
Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018