# EXHIBIT 2

# In the United States Court of Federal Claims

No. 98-126C

(Filed November 4, 1998)

RECEIVED NOV 6 1998

274-CC2
Pldgs.

******************************************
YANKEE ATOMIC ELECTRIC COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
******************************************

## PRETRIAL ORDER (RULE 16)[1/]

It is considered that "Appendix G" procedures will most likely not constitute the most efficient method of completing pretrial activity. If, however, counsel conclude otherwise, a motion to reinstate Appendix G proceedings should be filed promptly. Rather, it is concluded that pretrial exchanges between counsel will assist in obtaining a just, speedy and inexpensive determination of the issues in this litigation (Rule 1). Upon the completion of these pretrial submissions and their review, counsel will be contacted to

---

[1/]This order contemplates that trial proceedings are required. If either party determines that resolution of this suit can be accomplished through nontrial proceedings, a status report or a motion to stay further compliance with this order shall be filed promptly. Such report or motion shall specify the nontrial procedure(s) contemplated and the time necessary therefor.

schedule a pretrial conference (if needed) or trial at a time convenient to all concerned.[2]

Accordingly, it is **ORDERED** that, except as otherwise ordered, "Appendix G" procedures shall not be applicable to this litigation, and instead:

1. Plaintiff's Submissions. Within 60 days after service of defendant's answer in this matter, counsel of record for plaintiff shall furnish the following items to counsel of record for defendant:

(a) a list, headed by the caption of this case, describing the documents to be offered in evidence with each document numbered in the order it will be offered (preferably in chronological order);

(b) a legible copy of each document listed pursuant to (a) except that no copy is required where counsel has knowledge that opposing counsel already possesses the document or an exact legible copy of the document as it will be offered in evidence;

(c) a list, headed by the caption of this case, containing the name, address and occupation of each witness intended to be called to testify, together with a succinct statement of the nature and scope of the testimony to be presented by each such witness including the information specified in FRCP 26(a)(2)(B) for any witness who is to provide expert testimony;

---

[2] Depending upon a number of factors, such as the location of counsel, the location of the trial, the extent of pretrial agreement, etc., a formal pretrial conference in advance of trial may, or may not, be feasible or needed. In the event a pretrial conference is not scheduled in advance of trial, the opening portion of the trial would normally be devoted to proceedings in the nature of a pretrial conference. Agreed exhibits and other pretrial matters would be placed in the record, where possible, in advance of testimony. Counsel may, of course, request that a pretrial conference(s) be scheduled in advance of trial, as needed.

(d) schedule(s) or summary(ies) setting forth all items and figures, from books of account or other records, and any calculations or estimates derived therefrom, which are to be introduced in evidence such as will permit their pretrial verification by examination or audit or also serve to obviate the introduction into evidence of voluminous original materials (*see* Rule 1006, Federal Rules of Evidence; RCFC 33(c));[3/]

(e) a statement with respect to each schedule or summary furnished under (d) describing the source(s) for the items or figures listed (ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who will be made available to the opposing party during any examination or audit of the source material to provide information and explanations required for verification of the listed items or figures;

(f) a statement of relevant facts, headed by the caption of this case, in the form of a proposed stipulation of facts (particularly encompassing those facts deemed to be undisputed) with each fact separately numbered, preferably in chronological order;

(g) a brief, headed by the caption of this case, of not more than 10 pages setting forth the points of law and authorities relied upon in the matter;

(h) a statement, headed by the caption of this case, setting forth the preferred date(s) and location(s) for trial, together with an estimate of the trial time required for each location listed.

---

[3/] A schedule(s) or summary(ies) will often be submitted as a proposed exhibit(s) and listed in response to (a). Any such exhibit shall again be identified in response to this item (d). This schedule/summary item shall be headed by the caption of this case, and shall incorporate the information required by item (e).

2. __Defendant's Submissions and Responses__. Within 60 days of the receipt of the material transmitted under 1., counsel of record for defendant shall furnish the following items to opposing counsel of record:

(a) defendant's submissions as required by the text of 1. (a)-(h);

(b) a statement, headed by the caption of this case, admitting or denying the authenticity or admissibility of each document listed by opposing counsel for introduction into evidence, together with the reason(s) for any denial of admissibility or authenticity keyed to the applicable Federal Rule(s) of Evidence;

(c) a statement, headed by the caption of this case, admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted by opposing counsel, which statement shall encompass each item and figure submitted and reflect and set forth the results of an examination or audit of the source material from which the submissions were derived and shall set forth the reason(s) for any denial of accuracy, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility, keyed to the applicable Federal Rule(s) of Evidence;

(d) a reproduced copy of the proposed stipulation of facts as submitted by opposing counsel under this order, with each numbered fact or portions thereof, if any, which is disputed circled in black ink and each numbered fact or portions thereof, if any, which is agreed to but deemed to be not relevant enclosed between black ink brackets, with the result that any numbered fact not circled or bracketed is submitted as relevant and stipulated.

3. __Plaintiff's Responses__. Within 30 days of the receipt of the material transmitted pursuant to 2., counsel of record for plaintiff shall furnish to opposing counsel plaintiff's submissions as required by the text of 2. (b)-(d).

4. __Submissions and Status of Pretrial Materials__. Counsel shall furnish each submission to opposing counsel and send two copies of each

submission required by this order to the court (by a cover letter addressed to the assigned judge), except that copies of documents proposed as exhibits need not be transmitted to the assigned judge. The pretrial exchanges required by this order are not furnished to the Clerk of the Court, and are not filed as a part of the record in this matter except to the extent the submissions, or portions thereof, are so admitted either at a pretrial conference (Rule 16(c)-(e)), at trial, or by order of the court by way of sanctions for noncompliance with this order pursuant to Rule 16(f) or otherwise.

5. Complete Submissions, Discovery and Amendment of Pleadings. As it is contemplated that the pretrial submissions shall each be complete, absent exceptional good cause, any item or matters not adequately disclosed in the submissions will not be admissible at trial. Discovery, if required to provide a complete submission, shall be undertaken prior to its preparation, but counsel are expected to cooperate to obviate any need for duplicative discovery undertakings. The discovery period shall not extend beyond these exchanges except upon the filing of a motion for leave showing exceptional good cause. Any amendment of pleadings shall also be completed during this scheduled pretrial exchange process. If an enlargement of time for any submission is needed, the requirements of Rule 6(b) shall be applicable.

James F. Merow
Senior Judge