IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-------------------------------------------------x

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | : |
| (98-126C)(Merow, S.J.) | : |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | : |
| (98-154C)(Merow, S.J.) | : |
| MAINE YANKEE ATOMIC POWER COMPANY | : |
| (98-474C)(Merow, S.J.) | : |
| FLORIDA POWER & LIGHT COMPANY | : |
| (98-483C)(Wilson, J.) | : |
| NORTHERN STATES POWER COMPANY | : |
| (98-484C)(Wiese, J.) | : |
| DUKE POWER, a Division of DUKE ENERGY CORP. | : |
| (98-485C)(Sypolt, J.) | : |
| INDIANA MICHIGAN POWER COMPANY | : |
| (98-486C)(Hodges, J.) | : |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | : |
| (98-488C)(Yock, S.J.) | : |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | : |
| (98-614C)(Merow, S.J.) | : |
| COMMONWEALTH EDISON COMPANY | : |
| (98-621C)(Hewitt, J.) | : |
| BOSTON EDISON COMPANY | : |
| (99-447C) (Allegra, J.) | : |
| GPU NUCLEAR, INCORPORATED | : |
| (00-440C)(Bush, J.) | : |
| WISCONSIN ELECTRIC POWER COMPANY | : VOLUME |
| (00-697C)(Merow, S.J.) | : II |
| POWER AUTHORITY OF THE STATE OF NEW YORK | : |
| (00-703C)(Damich, J.) | : |
| OMAHA PUBLIC POWER DISTRICT | : |
| (01-115C)(Bush, J.) | : |
| NEBRASKA PUBLIC POWER DISTRICT | :Discovery |
| (01-116C)(Sypolt, J.) | :Judge: |
| TENNESSEE VALLEY AUTHORITY | :(Judge |
| (01-249C)(Bruggink, J.) | :Sypolt) |
| Plaintiffs, | :PAGES |
| v. | :275 - 533 |

THE UNITED STATES, :

Defendant. :

-------------------------------------X

Deposition of Susan Klein

Washington, DC

Thursday, April 25, 2002

Reported by: Denise Dobner Vickery, RMR, CRR

JOB NO. 144540

A. That's true. They also haven't proposed to put it in a repository either, yes.

Q. But you're aware of studies suggesting -- DOE studies suggesting that the most economical place to put commercial GTCC is in the repository?

A. I can't cite you to any studies, but that's an understanding I have from conversations with people that it could be economical to put it in the repository when we are authorized to do that.

Q. And it would be difficult to get -- to site another repository for disposal of GTCC, correct?

A. Yes, that is correct.

(Discussion off the record.)

MR. MACDONALD: 46.

(Thereupon, the reporter marked for identification Deposition Exhibit No. 46.)

BY MR. MACDONALD:

Q. Ms. Klein, I've had marked as Exhibit 46 a document entitled "Teleconference Call Summary." It is Bates page SNL-001-0227 and it refers to a teleconference call held on June 22, 1999. Do you have that before you?

ESQUIRE DEPOSITION SERVICES
1020 19TH STREET, NORTHWEST
SUITE 620
WASHINGTON, D.C. 20036

ERRATA SHEET

Case Name: Yankee Atomic Electric Co., et al. V. The United States

Witness Name: Susan Klein

Deposition Date: April 24, 2002 4/25/02

Job No.: 144539

| Page No. | Line No. | Change from | To |
|---|---|---|---|
| 469 | 8 | Bower | Bauer |
| 471 | 7 | Bower | Bauer. |
| 471 | 8 | OCRWM 2." | OCRWM." |
| 473 | 16 | at | in |
| 477 | 10 | think GTCC | think they do |
| 477 | 15 | the EM | that EM |
| 483 | 7 | it and in | it in |
| 485 | 2 | WMP | YMP |
| 491 | 9 | repository. Or | repository or |
| 511 | 11 | Because the 1985 | Because before the 1985 Act |
| 522 | 22 | was rulemaking | was the rulemaking |
| 529 | 13 | believe | believed |
| 530 | 15 | was | is |
| 530 | 16 | cue | queue |

Signature [signature] Date 5-29-02

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - -x

YANKEE ATOMIC ELECTRIC COMPANY :
(98-126C)(Merow, S.J.) :
CONNECTICUT YANKEE ATOMIC POWER COMPANY :
(98-154C)(Merow, S.J.) :
FLORIDA POWER & LIGHT COMPANY :
(98-483C)(Wilson, J.) :
NORTHERN STATES POWER COMPANY :
(98-484C)(Wiese,J.) :
DUKE POWER, A Division of :
DUKE ENERGY CORP. :
(98-485C)(Sypolt,J.) :
INDIANA MICHIGAN POWER COMPANY :
(98-486C)(Hodges, J.) :
SACRAMENTO MUNICIPAL UTILITY DISTRICT :
(98-488C)(Yock, S.J.) :
SOUTHERN NUCLEAR OPERATING COMPANY, :
et al. :
(98-488C)(Yock, S.J.) :
COMMONWEALTH EDISON COMPANY :
(98-621C)(Hewitt, J.) :
BOSTON EDISON COMPANY :
(99-447C)(Allegra, J.) :
GPU NUCLEAR, INCORPORATED :

Certified Copy

(00-440C)(Bush, J.) :
WISCONSIN ELECTRIC POWER COMPANY :
(00-697C)(Merow, S.J.) :
POWER AUTHORITY OF THE STATE OF NEW YORK :
(00-703C)(Damich, J.) :
OMAHA PUBLIC POWER DISTRICT :
(01-115C)(Bush, J.) :
NEBRASKA PUBLIC POWER DISTRICT :
(01-116C)(Sypolt, J.) :
TENNESSEE VALLEY AUTHORITY :
(01-249C)(Bruggink, J.) :
Plaintiffs, :
v. :Discovery
THE UNITED STATES, :Judge:
Defendant. :(Judge
- - - - - - - - - - - - - - - - - - - - -xSypolt)

McLean, Virginia
Tuesday, April 9, 2002

Deposition of ALAN BROWNSTEIN, a witness, called for examination by counsel for Plaintiffs in the above-entitled matter, pursuant to notice, the witness being duly sworn by CATHERINE S. BOYD, a Notary Public in and for the Commonwealth of Virginia, taken at the offices of Shaw Pittman, LLP, 1650 Tysons

the letter that Mr. Kraft was concerned about was in his mind, the department could potentially meet its obligation again in my mind, following commencement of facility operations by accepting a single fuel assembly from a utility, and, and they were concerned about that.

Q. Did you have a view about that issue?

A. We viewed the contract and the law, you know, contain sufficient performance standards.

It was clear that in return for payment, ultimately and conditionally, we would be required to take their waste, and that's the ultimate performance standard.

Everything else were intermediate milestones or goals as opposed to contractual commitments.

Q. Do you know whether the federal Courts of Appeal have adopted your view as to the conditional nature of DOE's performance that you just articulated?

A. They have not, but that is how we, that is what we believed, and that's how we acted really at all times prior to that decision

you referred to.
Q. And what decision did you understand me to be referring to?
A. Whether we had an obligation on January 31st, 1998, whether in fact that was conditional or not.
Q. And you understand now that the courts have concluded that that obligation was not conditional, is that correct?
A. That's correct.
MR. BANES: Calls for a legal conclusion.
THE WITNESS: Sorry. That's correct.
BY MR. TOMASZCZUK:
Q. Do you think the courts were wrong about that?
A. Can I answer that?
MR. BANES: Yeah.
THE WITNESS: My --
MR. BANES: Objection -- irrelevant, but you can answer that.
THE WITNESS: I, my personal opinion is I absolutely believed my interpretation was correct.
And the reason for that is there are

BY MR. TOMASZCZUK:

Q. Did you request that Mr. McDuffie prepare this memo?

A. Either I did, or Mr. Svenson.

Q. And what was Mr. Svenson's role at this time, if you recall?

A. By this time, he probably was a direct report to me.

Q. Okay. And do you recall whether the request from either you or Mr. Svenson was made orally or in writing?

A. It probably followed the same, if I did it, it followed the same procedure I described previously to you, and if Erik did it, I'm sure he would follow the same procedure.

Whether it was a call directly to Pat or through the field office, it would have been orally.

We would have had some task order, you know, that PNL works on these subjects we ask them to review that, so --

Q. At or about this time, had you engaged PNL representatives in discussions concerning possible amendments to the contract?

A. They were part, consistent with other

documents that you have shown me, they were part of the, the issue resolution process as we called it.

I'm going to refer back to Exhibit 11, since the beginning, so you know, they were, they were involved to help me think about changes in the contract from the Day One. It was nothing new.

Q. So at this point in time, we're two years beyond that initial December 1987 meeting as I recall?

A. Right.

Q. Was there a concern at this time about the contractual definition of high-level waste in the standard contract?

A. By?

MR. BANES: Objection -- vague.

BY MR. TOMASZCZUK:

Q. Was there a concern at DOE about the definition of high-level waste used in the standard contract?

A. Not by me, but --

MR. BANES: Objection -- vague.

THE WITNESS: But maybe by others.

BY MR. TOMASZCZUK:

CERTIFICATE OF NOTARY PUBLIC

I, Catherine S. Boyd, the Notary Public before whom the proceeding occurred, pages through , do hereby certify that the witness was duly sworn, that the testimony of said witness was taken by me and thereafter reduced to this typewritten transcript under my supervision, that said transcript is a true record of the testimony given by said witness, that I am neither counsel for, related to, nor employed by any of the parties to this proceeding, and further, that I am not a relative or an employee of any attorney or counsel employed by the parties thereto, or financially or otherwise interested in the outcome of the proceeding, or any action involved therewith.

Witness my signature and seal:

Catherine S. Boyd

CATHERINE S. BOYD
Notary Public in and for
The Commonwealth of Virginia

My commission expires:
February 28, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

\- - - - - - - - - - - - - - - - - - - - -x

YANKEE ATOMIC ELECTRIC COMPANY :
(98-126C)(Merow, S.J.) :
CONNECTICUT YANKEE ATOMIC POWER COMPANY :
(98-154C)(Merow, S.J.) :
FLORIDA POWER & LIGHT COMPANY :
(98-483C)(Wilson, J.) :
NORTHERN STATES POWER COMPANY :
(98-484C)(Wiese,J.) :
DUKE POWER, A Division of :
DUKE ENERGY CORP. :
(98-485C)(Sypolt,J.) :
INDIANA MICHIGAN POWER COMPANY :
(98-486C)(Hodges, J.) :
SACRAMENTO MUNICIPAL UTILITY DISTRICT :
(98-488C)(Yock, S.J.) :
SOUTHERN NUCLEAR OPERATING COMPANY, :
et al. :
(98-488C)(Yock, S.J.) :
COMMONWEALTH EDISON COMPANY :
(98-621C)(Hewitt, J.) :
BOSTON EDISON COMPANY :
(99-447C)(Allegra, J.) :
GPU NUCLEAR, INCORPORATED :

Certified Copy

(00-440C)(Bush, J.) :
WISCONSIN ELECTRIC POWER COMPANY :
(00-697C)(Merow, S.J.) :
POWER AUTHORITY OF THE STATE OF NEW YORK :
(00-703C)(Damich, J.) :
OMAHA PUBLIC POWER DISTRICT :
(01-115C)(Bush, J.) :
NEBRASKA PUBLIC POWER DISTRICT :
(01-116C)(Sypolt, J.) :
TENNESSEE VALLEY AUTHORITY :
(01-249C)(Bruggink, J.) :
Plaintiffs, :
v. :Discovery
THE UNITED STATES, :Judge:
Defendant. :(Judge
- - - - - - - - - - - - - - - - - - - - -xSypolt)

McLean, Virginia
Wednesday, April 10, 2002

Continued deposition of ALAN BROWNSTEIN, a witness, recalled for examination by counsel for Plaintiffs in the above-entitled matter, pursuant to notice, the witness being previously duly sworn by CATHERINE S. BOYD, a Notary Public in and for the Commonwealth of Virginia, taken at the offices of Shaw Pittman,

dollar investment in dry storage capability.

BY MR. HIRSCH:

Q. But if the DOE was going to miss the acceptance date by a long period, say 12 years, then the utilities might be forced to engage in those high-cost, high-capital alternatives, correct?

MR. BANES: Objection. Calls for speculation.

THE WITNESS: It, it is, it is possible.

Again, we made no secret of this program, where we were and the difficulties of commencing facility operations, and we also made it clear in all the documents that we reviewed that until that time, we believed it was the utilities' responsibility, so you know, that burden exists on the, existed on the utilities.

I should say that responsibility.

BY MR. HIRSCH:

Q. And so in DOE's view, if the government was going to miss the 1998 acceptance date by 20 years say, that entire burden of storing waste was the utilities'?

A. The, the statements, and if necessary,

we can go back in the ACRs as that I recall them, you know, made it clear until we accepted waste, we used that type of statement, or until the facility operations commenced, responsibility for the spent fuel rested with the utilities.

That was our interpretation of the law.

Q. Without going over this too many times, that particular interpretation was rejected, correct?

MR. BANES: Objection -- misleading; calls for legal conclusion.

THE WITNESS: Yes.

BY MR. HIRSCH:

Q. Now Mr. Brownstein, will you look at page 2394 or 2395 of Exhibit 38?

Do you see there is a reference on here to NOI response summary?

A. Yes.

Q. And do you know what the NOI response summary was?

A. I do.

Q. What was it?

A. That refers to a Notice of Inquiry.

CERTIFICATE OF NOTARY PUBLIC

I, Catherine S. Boyd, the Notary Public before whom the proceeding occurred, pages ____ through ____, do hereby certify that the witness was duly sworn, that the testimony of said witness was taken by me and thereafter reduced to this typewritten transcript under my supervision, that said transcript is a true record of the testimony given by said witness, that I am neither counsel for, related to, nor employed by any of the parties to the proceeding, and further, that I am not a relative or an employee of any attorney or counsel employed by the parties thereto, or financially or otherwise interested in the outcome of the proceeding, or any action involved therewith.

Witness my signature and seal:

Catherine S. Boyd

CATHERINE S. BOYD
Notary Public in and for
The District of Columbia

My commission expires:
August 31, 2002