IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126C<br>(Senior Judge Merow) |

**YANKEE ATOMIC'S BENCH MEMORANDUM ADDRESSING THE ADMISSIBILITY OF CERTAIN EXHIBITS PREPARED BY CONTRACTORS**[1]

Yankee Atomic respectfully submits this bench memorandum in response to the Court's request for legal authority regarding the admissibility of "data or statements made by an entity or individual under contract or other legal relationship with DOE or another government agency." Order of July 8, 2004 at 2 ("Order"). During a July 7, 2004 meeting between the parties, government counsel identified the exhibits it objected to on the basis of (1) relevance and (2) hearsay because they were prepared by DOE contractors. A chart identifying these exhibits, with other pertinent information on each document, is provided at Exhibit 1[2]. The Court has requested legal authority on the admissibility of these documents "pursuant to Fed. R. Evid. 801(d)(2) or otherwise." These exhibits are plainly relevant and they are admissible under multiple hearsay exceptions.

[1] This bench memorandum should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

[2] Yankee Atomic notes that two of the challenged exhibits, PX659 and PX856, were not prepared by contractors and therefore are admissible on grounds in addition to those set forth in this memorandum.

## I. The Documents are Relevant.

The government objects to all of the exhibits identified in Exhibit 1 on the basis of relevance. Pursuant to the Federal Rules of Evidence, "'[r]elevant evidence' means evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401 (emphasis added). Although "[e]vidence which is not relevant is not admissible," FRE 402, the Rule 401 standard for relevancy presents a "low threshold." *Oddzon Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1407 (Fed. Cir. 1997). Indeed, as the Court has noted in this case, "objections as to relevancy are not favored if there is any relationship to an issue(s) in litigation." Order at 2.

These exhibits clear relevancy's "low threshold" by a wide margin. Indeed, plaintiff placed these exhibits on its streamlined "will-use" exhibit list precisely because each exhibit is probative of one or more disputed issues in the case. Both from the face of the documents and testimony, it is readily apparent that the documents were produced at the request of DOE in the course of its planning for the operation of its Spent Fuel Program or other relevant DOE activities. *See, e.g.,* Ex. 2 (Wood 5/8/02 tr. at 54:11 – 55:21 (PX0152); McDuffie 3/19/02 tr. at 309:9 – 310:14 (PX0617)).

Most importantly, the challenged exhibits concern matters that this Court has previously stated are within the broad scope of relevant evidence. For example, the exhibits are probative of the rate of acceptance in the non-breach world, (*e.g.* PX0172), shutdown priority (*e.g.* PX0152), exchanges (*e.g.* PX0745), and GTCC waste (*e.g.* PX1908), all issues that this Court has

identified as relevant its prior Orders in this litigation.[3] For all of the forgoing reasons, the government's relevance objections should not be permitted to stand.

**II. The Documents are Not Hearsay.**

The contractor-produced documents are admissible under multiple exceptions to the hearsay rule.

**A. The documents are public records of DOE and therefore admissible pursuant to FRE 803(8).**

Rule 803(8) of the Federal Rules of Evidence excludes from the hearsay rule all "[r]ecords, reports, statements, or data compilations, in any form, of public offices and agencies, setting forth (A) the activities of the office or agency . . . ." Because the challenged documents meet these criteria they should be admitted into evidence. *See McGonigle v. Combs*, 968 F.2d 810, 825 (9th Cir. 1992) (affirming trial court's ruling allowing file memorandum prepared by member of staff of state Director of Securities into evidence pursuant to FRE 803(8)). *See also Butkin Precision Mfg. Corp. v. United States*, 544 F.2d 499, 506 (Ct. Cl. 1976) (citing FRE 803(8) and allowing Renegotiation Board finding into evidence, concluding that finding was "based on reports by Government officials to the Renegotiation Board in the regular course of their and its business").[4]

---

[3] *See* June 26, 2003 Order at 2 ("The determination of the rate of acceptance, to the extent this will impact on the amount of damages claimed, is thus in dispute and must be resolved by evidentiary proceedings."), 3 ("There are disputes over material facts underlying the bases for the use of 'exchanges' with other utilities having older SNF in order to obtain an earlier assumed pick-up for damage measurement purposes."), & 4 ("However, even if it were to be determined that the contract at issue does not cover GTCC, the issue of the defendant's policy(ies) concerning GTCC removal is still relevant to the damage determination required in this case.").

[4] Alternatively, the Court may elect to allow these documents in as "business records" pursuant to FRE 803(6). *See, e.g., United States v. Frazier*, 53 F.3d 1105, 1110 (10th Cir. 1995) (admitting report prepared by independent contractor at direction of Department of Labor into evidence pursuant to FRE 803(6)).

As the location numbers identified in Exhibit 1 show, most of the challenged "contractor" documents were produced from the files of DOE (those documents with the production tags HQR or YMP) or from Pacific Northwest National Laboratory (those with the production tag PNL). *See* Ex. 3 (identifying sources of government production by code). Those documents from DOE's files, and others which on their face have been kept as records by DOE, *see, e.g.*, PX1157, constitute "records, reports, statements, or data compilations" of a public agency. Similarly, Pacific Northwest National Laboratory (PNNL), like other national laboratories, is a part of DOE, *see* Ex. 4 (webpage from PNNL's official website), and its records should be considered DOE's records. The fact that these documents may have been prepared by a contracting party (albeit working for DOE) is irrelevant to their admissibility as public records. *See Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir. 1999) (concluding that similar business records exception FRE 803(6) "does not require that the document actually be prepared by the business entity proferring the document").

Moreover, the challenged documents plainly reflect the activities of DOE – namely planning or studies for the future operation of the Spent Fuel Program – which DOE accomplishes in large measure through its contractors. DOE had conducted the Spent Fuel Program largely through contractors, including both an overall "management and operations" contractor to perform most program tasks and other individual contractors with specialized expertise for certain other tasks. *See Westinghouse Elec. Corp. v. United States*, No. 93-445C, 93-446C, 1997 WL 1068204 at *2 (Fed Cl. June 4, 1997) ("Unlike a typical Government contract through which the Government obtains products and services to assist it in carrying out its mission, DOE uses the M & O contract to *conduct its mission*. . . . DOE uses the M & O contracts for the operation, maintenance, or support of Government-owned or Government-

controlled research, development, special production, or testing facilities wholly or principally devoted to one or more major DOE programs.") (emphasis added). DOE should not be permitted to exempt its reports, records and statements from admission into evidence under FRE 803(8) simply by delegating their creation to contractors who for all intents and purposes function as DOE.

Finally, it should also be noted that "[b]ecause public records are presumed to be trustworthy, '[t]he burden of proof concerning the admissibility of public records is on the party opposing their introduction.'" *See Columbia First Bank, FSB v. United States,* 58 Fed. Cl. 333, 339 (Fed. Cl. 2003) (quoting Weinstein's Federal Evidence § 803.10[2]). The government has failed to offer any evidence tending to show that the challenged exhibits should not be admitted as public records. For all the forgoing reasons, this Court should find the exhibits referenced in Exhibit 1 admissible pursuant to FRE 803(8).

**B. The documents are authorized by DOE and therefore admissible pursuant to FRE 801(d)(2)(C).**

The challenged exhibits – mostly studies – are also admissible because DOE authorized its contractors to make the statements contained in them, rendering them admissible under FRE 801(d)(2)(C). FRE 801(d)(2)(C) provides that statements offered against a party are not inadmissible hearsay if made "by a person authorized by the party to make a statement concerning the subject." *See also Glendale Fed.l Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997) (stating that "FRE 801(d)(2)(C) applies to a person who is not an agent but is 'authorized' to speak"); *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1306-07 (9th Cir. 1983) (allowing into evidence report prepared by non-employee of defendant on the basis that it was "authorized" by defendant).

On the face of each of these studies, it is readily apparent that DOE authorized the contractors to produce the study or document – *i.e.*"authorized [the contractor] to make a statement [the study] concerning the subject." For example, PX0169 states explicitly on its inside cover that "[t]his report was prepared as an account of work sponsored by an agency of the United States Government." Clearly, this language demonstrates that this "account of work" was authorized by DOE. *See also* Ex. 1 (citing document language supporting conclusion that DOE authorized the documents). Moreover, extensive deposition testimony supporting the same conclusions has been gathered and identified. *See* Ex. 2 (citing, *e.g.*, Wood 5/8/02 tr. at 54:11 – 55:21; McDuffie 3/19/02 tr. at 309:9 – 310:14). Even absent the extensive supporting record amassed in the attached Exhibits, it is simply not credible to assume that these studies, reports, and papers were published *sua sponte*, without the DOE's authorization. Accordingly, the challenged exhibits should be deemed admissible pursuant to FRE 801(d)(2)(C).

**C. The documents are admissible as admissions by agents of DOE pursuant to FRE 801(d)(2)(D).**

The challenged documents are also admissible pursuant to Rule 801(d)(2)(D), which provides that statements offered against a party are not hearsay if made "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Although the authors of the documents at issue are contractors, "'an agency relationship can be created by contract . . . .'" *Rotec Industries, Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1256 (Fed. Cir. 2000) (quoting *Chemtool, Inc. v.* Lubrication *Technologies, Inc.*, 148 F.3d 742, 745 (7th Cir. 1998)). *See also Paul v. Federal Mine Safety and Health Review Comm'n*, 812 F.2d 717, 718 (D.C. Cir. 1987) (describing Battelle Memorial Institute, which prepared some challenged contractor documents in this litigation, as "agent" of DOE). To determine whether a contract creates an agency relationship, the court must examine

"the level of control that is exercised over the manner in which the representative accomplishes its assigned task." *Condus v. Howard Savings Bank*, 986 F. Supp. 914, 916 (D.N.J. 1997) (distinguishing between "agent independent contractors" and "non-agent independent contractors").

In the majority of cases, (PX0148, PX0152, PX0162, PX0163, PX0169, PX0172, PX0173, PX0175, PX0180, PX0209, PX0617, PX0641, PX0696, PX0745, PX0806, PX0845, PX0968, PX1157, PX1604, PX1610, PX1690, PX1914), the contractor[s] who prepared the challenged exhibits are DOE management and operations or "M & O" contractors. *See* Ex. 5 (Pollog 5/22/02 tr. at 594:25 – 595:6 (Martin Marietta Energy Systems, Inc.)); Ex. 6 (Newman 4/17/02 tr. at 7:23 – 8:8 (Battelle Memorial Institute)); Ex. 7 (Zabransky 4/18/02 tr. at 258:16 – 259:1 (TRW Environmental and Safety Systems)); Ex. 8 (DOE News Release 8/16/98 at http://newsdesk.inel.gov/press_releases/1998/prrecompete2.html (Lockheed Martin Idaho Technologies Co.)). "The DOE M & O contract is unique," *Westinghouse Elec. Co.*, 1997 WL 1068204 at *2, and is characterized by:

> (1) use of Government-owned or Government-controlled facilities; (2) DOE's need to maintain a special, close relationship with the contractor and contractor personnel; (3) work that is wholly or substantially separate from the contractor's other business, if any; and (4) the close relationship with DOE's mission and the need for a long-term continuing arrangement.

*Id.* *See also* Ex. 4 (stating that Battelle Memorial Instutite operates PNNL, but that PNNL is "managed by DOE's Office of Science"). Accordingly, those contractors should be considered agents of DOE and their statements deemed admissible pursuant to FRE 801(d)(2)(D).

**D. Certain documents are ancient and therefore admissible pursuant to FRE 803(16).**

Finally, in addition to the bases for admissibility set forth above, two of the challenged documents, PX0641 and PX0968, are independently admissible pursuant to the ancient documents rule of FRE 803(16). That rule allows into evidence "[s]tatements in a document in existence twenty years or more the authenticity of which is established." FRE 803(16). The twenty-year period is measured back from the date that the exhibit is offered into evidence. *See Columbia First Bank*, 58 Fed. Cl. at 336 (rejecting argument that period be measured "from the creation of the document to the date the controversy arises"). Accordingly, PX0641, prepared February 29, 1984, and PX0968, prepared April 27, 1984, should be deemed admissible, subject to resolution of the government's challenge to the authenticity of PX0641.

**III. Conclusion.**

For the reasons set forth above and in the exhibits to this memorandum, Yankee Atomic respectfully requests that this Court reject the government's evidentiary objections to the documents prepared by contractors identified in Exhibit 1.

Respectfully submitted,

Date: July 12, 2004

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
Tel. (202) 898-5800
Fax (202) 682-1639

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
Peter J. Skalaban
SPRIGGS & HOLLINGSWORTH