IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME[1]

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests an enlargement of time of 13 days, to and including January 5, 2006, within which to file its response to the "Supplemental Post Trial Brief Addressing Impact of *Indiana Michigan*" that the plaintiffs – Yankee Atomic Electric Company, Connecticut Yankee Atomic Power Company, and Maine Yankee Atomic Power Company (collectively, the "Yankees") – filed on December 6, 2005. Defendant's response is currently due on December 23, 2005. Defendant has not previously sought an enlargement of time for this purpose, and defendant does not believe that the requested enlargement necessarily needs to affect the hearing date currently scheduled for January 10, 2006, upon the issues addressed in the parties' cross-briefing. Counsel for plaintiffs, Jerry Stouck, has represented that the Yankees oppose this motion.[2]

---

1/ The Government requests that this motion also be deemed applicable in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C.

2/ Although we had anticipated filing this motion yesterday, December 21, 2005, we deferred our filing until today at the request of counsel for the plaintiffs, who wanted additional time to evaluate this request.

This motion is necessitated by a variety of scheduling issues. When we received the plaintiffs' supplemental brief in this case on December 6, 2005, counsel for defendant was on official travel, and he was not able to begin his review of the Yankees' supplemental brief prior to his return to the office on December 12, 2005. Further, counsel for defendant has been required to devote significant time since December 12, 2005, to the development of the Government's initial brief in the interlocutory appeal in PSEG Nuclear, LLC v. United States, No. 05-5162 (Fed. Cir.), which, like the Government's response brief in this case, is currently due on December 23, 2005. The issue that the United States Court of Appeals for the Federal Circuit in PSEG Nuclear will consider is significant to all of the spent nuclear fuel cases pending before this Court: the jurisdiction of this Court to entertain any of the spent nuclear fuel plaintiffs' contract claims. Because of the significance of this jurisdictional issue, we have found it necessary to devote significant time to the development of our brief, which must respond not only to the appellant's initial brief, but also to the amici brief that the Yankees have filed in PSEG Nuclear through their counsel in this case. In addition to this briefing, counsel for defendant has been responsible for various other matters relating to the spent nuclear fuel cases, including but not limited to the Government's document search efforts and preparation of the Government's written response to document production requests in Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.), which were served on December 21, 2005, and the preparation of the Government's briefing on delay clause issues in Nebraska Public Power District v. United States, No. 01-116C (Fed. Cl.), which is currently due on December 23, 2005. Because of the work necessitated by these various matters, we are not able to complete our analysis of the Yankees' supplemental brief in time to file our response brief by December 23, 2005. Finally, any enlargement of the current deadline to file the Government's response to the

Yankees' supplemental brief coincides with the upcoming Christmas and New Year's Day holiday period, and counsel for the Government is currently scheduled to be absent from the office from December 23, 2005, the date upon which the current response is due, through January 3, 2006. During that period of time, he will be unavailable to work upon the Government's response.

Although the Yankees oppose this enlargement, this request was precipitated, at least in part, by the enlargement requests sought by the plaintiffs in connection with this cross-briefing. Specifically, by order dated October 11, 2005, and based upon an agreement of counsel, the Court ordered that the initial briefs of the parties be filed by November 17, 2005, with all briefing and argument scheduled to conclude by December 19, 2005. Subsequently, the schedule was amended by the Court on October 11, 2005, following a conference call with the Court's administrative assistant initiated by plaintiffs' counsel that was based upon counsel for the Yankees' concerns relating to the plaintiff's petition for panel rehearing in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), reh'g denied (Fed. Cir. Nov. 25, 2005).[3] The Court's amended scheduling order required that the first round of briefing be completed on December 2, 2005, and that response briefs would be due on December 23, 2005. Thereafter, plaintiffs filed an unopposed enlargement request that adjusted the December 2, 2005 deadline to December 6, 2005. Under the original schedule entered by the Court, issues related to counsel's schedule during the holiday period likely would not have emerged. However, the

---

3/ Although the Court's October 11, 2005 order states that the "parties requested a modification of the supplemental briefing and oral argument schedule," the request for that schedule modification and the call to the Court which resulted in that schedule modification were precipated by plantiffs' counsel and not by the Government. Nevertheless, we did not oppose the plaintiffs' request for an enlargement at that time, although we do not typically contact the Court concerning unopposed enlargement requests other than by formal written motion.

Government's inability to meet the current deadline, combined with the proximity of the deadline to the holidays, necessitates the requested enlargement here.

Finally, the requested enlargement need not affect the January 10, 2006 argument upon the parties' briefs. It appears that the Yankees may be contemplating requesting a third round of supplemental briefing relating to the Indiana Michigan decision. The Court's schedule does not currently provide for a third round of briefing. Based upon the narrow questions presented by the decision in Indiana Michigan, an additional round of briefing seems unnecessary. To the extent that the plaintiffs' opposition to this enlargement request is rooted in their desire to engage in additional briefing, currently not contemplated by the Court's order, such additional briefing certainly would affect the January 10, 2006 hearing date, regardless of this enlargement request, in light of the fact that counsel for the Government will be out of the office from December 23, 2005, through January 3, 2006. While the Government believes, at this time, that a third round of briefing upon this narrow issue is unnecessary, the instant motion should not be denied based upon the plaintiffs' possible desire to further brief these limited issues and to maintain the January 10, 2006 hearing date. In any event, to the extent that the Court would prefer to defer the currently scheduled argument date beyond January 10, 2005, either because the Court may grant a request by the Yankees for a third round of supplemental briefing or because the Government's requested enlargement of time here leaves the Court with insufficient time to prepare for argument, we leave the decision regarding whether to defer that argument to the Court's discretion.

For the foregoing reasons, we respectfully request that the Court grant this request for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN C. EKMAN
HEIDE L. HERRMANN
RUSSELL A. SHULTIS
MARIAN L. SULLIVAN
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

December 22, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 22nd day of December 2005, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.