IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC CO., | ) | |
| Plaintiff, | ) | No. 98-126C |
| v. | ) | (Senior Judge Merow) |
| UNITED STATES OF AMERICA, | ) | Electronically Filed: Dec. 22, 2005 |
| Defendant. | ) | |

RESPONSE TO MOTION TO ENLARGEMENT OF TIME TO SUBMIT RESPONSIVE BRIEF CONCERNING *INDIANA MICHIGAN*[1]

Yankee Atomic has not typically opposed requests for enlargement of time in this case, but the current circumstances are not typical. Yankee Atomic objects to this enlargement requests for several reasons.

First, Yankee Atomic vigorously objects to any change in the January 10, 2006 hearing date, which is just three business days after the new due date for responsive briefs proposed by the government. Yankee Atomic's objection to the requested enlargement is based in part on concern that it could lead the Court to change the hearing date. Yankee Atomic strongly urges the Court not to do that.

Second, as noted in the Yankee Utilities' initial brief addressing *Indiana Michigan*, in other spent fuel cases the government, while arguing for a legal rule that *Indiana Michigan* supports limiting recoverable damages in these cases to those incurred

[1] This Response should also be deemed applicable to *Connecticut Yankee Atomic Power Co. v United States*, No. 98-154C and *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C.

pre-complaint, has acknowledged that the Court has discretion to consider post-complaint damages, particularly if the plaintiff submits a supplemental or amended complaint. The government has taken that position in at least four other cases of which Yankee Atomic is aware, and Yankee Atomic is aware of no other case in which the government has not acknowledged the Court's discretion to consider post-complaint damages. Nevertheless, in its initial brief here addressing *Indiana Michigan*, the government contends the Court can only consider damages incurred by the Yankee Utilities up to the filing of their respective complaints in early 1998 – with no mention of the discretion to consider post-complaint damages that the government has acknowledged elsewhere.

This raises the distinct possibility that the bare, date-of-complaint position set forth in the government's opening brief is not the government's real position. And if that is so, Yankee Atomic will only learn the government's real position from the government's responsive brief, which under the requested enlargement will not be filed until January 5, 2006, three business days before the January 10, 2006 hearing. Simply stated, to the extent the government has not set forth in its first brief its true position on the recoverability of post-complaint damages in these cases, it is neither reasonable nor appropriate for the government – which has known Yankee Atomic's position, that the Court should address damages through 2002, for nearly two weeks – to further defer articulation of the government's real position until just before the January 10 hearing.

Finally, although Yankee Atomic appreciates the substantial workload of the government's lead counsel, the government's motion indicates he will be out of the office

after tomorrow, December 23, through January 3, 2006, leaving only two days (January 4 and 5) to finalize the government's responsive brief. That brief could have and should have been finalized in the thirteen business days from the December 6 filing of the parties' first briefs addressing *Indiana Michigan* until the current due date of December 23.

Ultimately, Yankee Atomic appreciates that the Court has limited ability to "force" the government to meet the current due date. Yankee Atomic nonetheless objects to the government's requested enlargement for the foregoing reasons. To the extent the government's motion is nevertheless granted, Yankee Atomic respectfully advises that it will file its responsive brief on the same due date as the government, to preserve the simultaneity of the filings.

Dated: December 22, 2005

Respectfully submitted,

s/ Jerry Stouck

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
*Counsel for Plaintiffs*
YANKEE ATOMIC ELECTRIC COMPANY,
CONNECTICUT YANKEE ATOMIC POWER COMPANY, and
MAINE YANKEE ATOMIC POWER COMPANY

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP