IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on February 27, 2006

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC CO., | ) | |
| Plaintiff, | ) | No. 98-126C |
| v. | ) | (Senior Judge Merow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

YANKEE ATOMIC'S MOTION TO AMEND COMPLAINT[1]

Yankee Atomic moves pursuant to RCFC 15(a) for leave to file an amended complaint. The amendment divides its existing claim for partial breach of contract damages into two parts: (1) for damages incurred through 2002, and (2) for subsequently incurred damages. Yankee Atomic seeks leave to file such an amended pleading in order to facilitate the Court's award now of the damages Yankee Atomic has incurred due to the government's partial breach of contract through 2002, while preserving Yankee Atomic's claim for damages incurred after 2002 in a subsequent round or rounds of litigation.

## Background

Yankee Atomic's complaint, in addition to other claims, seeks damages for partial breach of contract stemming from DOE's failure to promptly dispose of Yankee

[1] This motion should also be deemed applicable to *Connecticut Yankee Atomic Power Co. v United States*, No. 98-154C and *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C. If the motion is granted plaintiffs in each case will file amended complaints as discussed in this motion.

Atomic's spent fuel. *See* Complaint, Count I. That Count currently seeks all such damages. The only possibility of an additional claim for partial (or total) breach of contract contemplated by Yankee Atomic's complaint would be one addressing a government failure to ultimately dispose of Yankee Atomic's spent fuel. *Id.* ¶ 31. Consistent with the claim in Count I of its complaint, Yankee Atomic presented at trial in Summer 2004 evidence of its damages for partial breach of contract through 2011.

*Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), has called into question the appropriateness of seeking damages for that entire period in a partial breach of contract case. In response to the Court's request for supplemental submissions to address the impact of *Indiana Michigan* on this case, Yankee Atomic asked the Court to award in this round of litigation the damages Yankee Atomic incurred through 2002. *See* Yankee Atomic's Supplemental Post-Trial Brief Addressing Impact of *Indiana Michigan* (filed December 6, 2005) at 4. Yankee Atomic also asked the Court to award judgment on those damages now pursuant to RCFC 54(b) while preserving for later litigation Yankee Atomic's claim for damages incurred after 2002. *Id.* at 16-18.

The government has argued that in light of *Indiana Michigan*, the Court may only consider claims for damages incurred after the filing of the existing complaint to the extent the Court grants Yankee Atomic leave to file an amended or supplemental complaint. *See* Defendant's Response to Plaintiff's Supplemental Post-Trial Brief Addressing *Indiana Michigan* (filed January 5, 2005) ("Defendant's Response") at 5-6. Although Yankee Atomic disagrees that the filing of an additional pleading is a prerequisite to the Court's award of damages incurred after the filing of its complaint in 1998, Yankee Atomic indicated at oral argument that it intended to seek leave to amend

its complaint in order to delineate its current claim for partial breach of contract damages through 2002. *See* Tr. of Hearing of January 10, 2006 at 57.[2]

Discussion

Specifically, Yankee Atomic seeks leave to divide Count I of its complaint in to two parts. Count I currently contains five paragraphs. *See* Complaint ¶¶ 29-33. Paragraphs 29-31 would remain unchanged. Count IA and Count IB as amended would each contain two paragraphs:

> 32A. As a result of DOE's partial breach of contract, Yankee Atomic has incurred additional costs associated with its extended storage of Yankee Atomic's SNF through 2002.
>
> 33A. By reason of the foregoing, the government is liable to Yankee Atomic for damages for partial breach of contract.
>
> 32B. As a result of DOE's partial breach of contract, Yankee Atomic has incurred and will continue to incur additional costs associated with its extended storage of Yankee Atomic's SNF after 2002.
>
> 33B. By reason of the foregoing, the government is liable to Yankee Atomic for damages for partial breach of contract.

---

[2] Judge Lettow's recent decision in *TVA v. United States*, No. 01-249C, 2006 WL 242671 (Fed. Cl.), also supports the conclusion that no further pleading is necessary to secure Yankee Atomic's entitlement to damages incurred after the filing of its original complaint. The Court in *TVA* awarded the plaintiff damages through September 2004, its most recent fiscal year prior to trial, even though the complaint was filed in 2001 and the plaintiffs had not since sought to amend it. Indeed, the Court in its opinion, *sua sponte*, granted amendment and supplementation of TVA's complaint to pursue damages through September 30, 2004. *Id.*, slip op. at 9, 2006 WL 242671 at *7.

The Supreme Court took a similar approach in *Mathews v. Diaz*, 426 U.S. 67, 75 (1976), wherein it rejected the government's argument that the trial court lacked subject matter jurisdiction because the plaintiff had failed to undertake a jurisdictional requirement – filing an administrative claim for government benefits – until after joining in the action. *Id.* The Supreme Court reasoned that the jurisdictional prerequisite *could* have been cured by the filing of a supplemental complaint even though the plaintiff never sought leave to file such a pleading, and the Supreme Court simply determined to "treat the pleadings as properly supplemented . . ." *Id.*

Yankee Atomic seeks leave to make these minimal amendments to its complaint to facilitate the award now of the damages Yankee Atomic has incurred through 2002, while preserving its claim for subsequently incurred damages. These minimal amendments will not prejudice the government. Accordingly, Yankee Atomic's motion should be granted.

A. <u>RCFC 15(a) Permits Amendment of Yankee Atomic's Complaint</u>

The text and policy behind RCFC 15(a) strongly favor allowing amendments except in limited circumstances not applicable here. As the Supreme Court has explained,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party has been identified as the most important factor listed by *Forman. See* 6 Wright, Miller and Kane, *Federal Practice and Procedure, 2d Ed.* § 1487 at p. 613 (1990).

There is no reason to deny leave to amend the complaint. The amended complaint would not prejudice the government, since the amendment seeks merely to divide claims that the parties have already litigated. Yankee Atomic has not unduly delayed seeking leave to amend its complaint. The Federal Circuit only resolved a petition for rehearing in *Indiana Michigan,* the decision prompting Yankee Atomic's motion for leave, just three months ago. And the time for Indiana Michigan to seek Supreme Court review of the Federal Circuit's decision has just expired.

Yankee Atomic is mindful that the Court mentioned RCFC 15(d) at the January 10, 2006 hearing rather than RCFC 15(a). *See, e.g.,* Tr. at 13, 14, 41 and 58. In our view, RCFC 15(a) is the correct rule to use in this context.[3] Amended complaints provide the cleanest mechanism for dividing the partial breach of contract claims into multiple parts. Supplemental complaints, in contrast, typically add *new* claims. Indeed, the text of RCFC 15(d) refers to a pleading "setting forth the transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Here, there is no new claim to be added; Yankee Atomic is seeking simply to restructure its existing claims. Courts have ruled that that amended, rather than supplemental, complaints are the most appropriate rule to invoke in this context. *See United States v. IBM*, 66 F.R.D. 223, 228 (SDNY 1976) (amended, rather than supplemental, complaint most appropriate where initial complaint alleged continuing violation and plaintiff seeks to add matters that constitute part of that continuing violation, even though the matters relate to occurrences taking place after the filing of the initial complaint); *accord PCB Piezotronics, Inc. v. Kistler Instrument Corp.*, 1999 WL 1067569 at *2 (W.D.N.Y.).

B. Amendment Would Help Avoid Potential Statute of Limitations Issues

Yankee Atomic filed its complaint within three weeks of the government's partial breach of contract. Its complaint was clearly timely. Yankee Atomic seeks by way of this proposed amendment to obtain payment of its damages incurred through 2002 while

---

[3] Ultimately, the choice between which part of Rule 15 to invoke may not be significant. "Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15." 6A Wright, Miller & Kane, Federal Practice and Procedure § 1504 (1990) at 184.

avoiding any problem with the six-year statute of limitations in 28 U.S.C. § 2501 – either for the "gap" period between the time of its 1998 complaint and six years prior to the filing of any additional pleading now, or for any future claim for continuing partial breach of contract damages. The filing of an amended complaint as sought here would help achieve that goal.

The potential for a spent fuel plaintiff running afoul of the statute of limitations stems from uncertainty regarding the timing of the accrual of Yankee Atomic's claim for continuing damages. *See San Carlos Irrigation and Drainage Dist. v. United States,* 23 Cl. Ct. 276, 280 (1991), *quoting* 4 A. Corbin, *Corbin on Contracts* § 951 (1951) at 823-24:

> The period fixed by a statute of limitations begins to run from the "accrual of action." Since "cause of action" is so uncertain and variable a concept, serious injustice may be done unless the court uses judicial discretion in applying such a statute in the case of "partial" breaches of a single contract.

Yankee Atomic has viewed all of its claims for partial breach of contract damages as arising on January 31, 1998, since the last event necessary to fix the government's liability – the government's failure to perform its contractual duty when due – occurred on that day. *See, e.g., Fallini v. United States,* 56 F.3d 1378, 1380 (Fed. Cir. 1995). Unlike *Indiana Michigan,* Yankee Atomic had already incurred damages from the breach by that time. All of its costs incurred thereafter are merely continuing damages stemming from the partial breach alleged in Yankee Atomic's initial complaint that had already accrued.

The government, in contrast, appears to view each day of the government's continuing failure to begin removal of Yankee Atomic's spent fuel, and the

corresponding damages incurred by Yankee Atomic each day as each constituting a separate, actionable partial breach of contract. Under this view, a separate six-year statue of limitations period would attach to each day's damages, because the cause of action for such damages accrues when the damages are incurred. *See* Defendant's Response at 7 and 16. Thus, the government has suggested that Yankee Atomic must file an additional pleading to obtain the damages it has incurred after the filing of its complaint, because Yankee Atomic's causes of action for such damages had not accrued by the time that complaint was filed.

Contrary to the government's assertions, *see* Defendant's Response at 16-17, *Indiana Michigan* provides no guidance on which party has the correct view of the timing of the accrual of a cause of action where the plaintiff is suffering *continuing* damages in a partial breach of contract case. Most importantly, the facts of *Indiana Michigan* did not enable the Court to address this issue since Indiana Michigan had not yet incurred any damages from the breach. Since the Federal Circuit affirmed the trial court's finding that Indiana Michigan has not yet incurred any damages, it dismissed Indiana Michigan's entire pending case, because no cause of action had accrued. And even if Indiana Michigan could be said to have had a cause of action, such an action was appropriately and finally resolved by the decisions of this Court and the Federal Circuit. Consistent with its rationale for dismissal of Indiana Michigan's first claim for partial breach of contract damages, the Court advised that Indiana Michigan must bring any future actions for damages related to DOE's breach within six years of incurring such damages. *Id.*[4]

---

[4] The court explained that the six-year limitations period "is jurisdictional in nature" and "may not be waived." 422 F.3d at 1378. The Federal Circuit also noted that a cause of action only accrues when all the events have occurred that fix the defendant's

The government asserts that "[t]he Federal Circuit "specifically envisioned that nuclear utility contract holders would file new complaints *in future cases* after additional costs are incurred . . ." Defendant's Response at 16 (emphasis added). In reality, however, the Federal Circuit's decision appropriately did not purport to present any overall vision of how all spent fuel plaintiffs' claims should be litigated in the future; only Indiana Michigan's unique facts were before it, and its decision rested on those unique facts. Although the filing of new complaints in "future" cases is certainly appropriate, and indeed necessary, where, as in *Indiana Michigan*, the prior case has been dismissed, in Yankee Atomic's case, there is no need or warrant for a new complaint.

Although Yankee Atomic believes that its view of the accrual of its cause of action for partial breach is correct, Yankee Atomic's suggested approach here – amend the complaint under Rule 15(a), and enter partial judgment pursuant to Rule 54(b) – avoids the need for Yankee Atomic or this Court to guess now, at their peril, as to how the Federal Circuit or the Supreme Court might ultimately view the accrual of Yankee Atomic's claim for partial breach of contract damages. If Yankee Atomic is correct, dividing its claim into two parts via RCFC 15(a) and invoking RCFC 54(b) will protect Yankee Atomic from any future argument that its claims for additional damages comes too late. The government has suggested that if Yankee Atomic were to receive final judgment on its claim for damages through 2002 (thus ending its current case), Yankee

---

liability and entitle the plaintiff to institute the action. Id. The Court reasoned that "[i]n the case of the continuing contractual obligations owed after an initial suit for partial breach has been filed, subsequent claims for future damages are considered to accrue for the purposes of the statute of limitations at the time such damages are incurred." *Id.* But this guidance should be interpreted as merely standing for the unremarkable proposition that Indiana Michigan must file a new complaint (its first action having been dismissed) within six years of the time when it first incurs damages stemming from the government's partial breach of contract.

Atomic might be precluded by the statute of limitations from filing a new complaint to seek subsequently-incurred damages. Invoking RCFC 54(b) and allowing this case to continue for adjudication of continuing damages will ensure that Yankee Atomic is not precluded from obtaining additional damages for the government's ongoing breach.

If, on the other hand, the government is correct that Yankee Atomic's claims accrue daily, amendment pursuant to RCFC 15 will protect Yankee Atomic from any arguments that its complaint was filed too *soon* to enable it to recover the damages it has incurred through 2002. The Federal Circuit has made clear that even where an initial pleading is filed prior to a jurisdictional predicate necessary to enable the Court to grant relief, it would be an abuse of discretion to deny leave to file an additional pleading pursuant to RCFC 15 to cure this defect. *See Intrepid v. Pollock,* 907 F.2d 1125, 1129-30 (Fed. Cir. 1990); *see also Mathews v. Diaz*, 426 U.S. at 75. Thus, contrary to the government's vague suggestions, *see* January 10, 2006 Hearing Tr. at 41, even under the government's view of the timing of the accrual of Yankee Atomic's cause of action, Yankee Atomic would not be prevented from recovering damages incurred during the "gap" period between the filing of its initial complaint and a period six years prior to the filing of its additional pleading. The Federal Circuit held in *Intrepid* that an additional pleading relates back in time to the earlier-filed pleading as long as the earlier pleading adequately provided the defendant with notice of the rights the plaintiff seeks to enforce given the general fact situation set forth in the original pleading. 907 F.2d at 1130.[5] Other precedent clearly rejects the notion that additional pleadings filed pursuant to Rule

---

[5] The facts of *Intrepid* are complicated by the fact that the plaintiff sought to amend its original complaint twice, but this complication does not alter the applicability of the Court's holdings to cases involving a single additional pleading.

15 cannot relate back to the filing of the original complaint so as to eliminate such "gap" arguments. *See, e.g., Black v. Secretary of Health and Human Servs.,* 93 F.3d 781, 790 (Fed. Cir. 1996) (citing *Intrepid* and applying its principles to enable a petitioner in a vaccine case to file an additional claim where the original claim was filed within the limitations period but before the occurrence of a factual predicate to the grant of relief); *William Inglis & Sons Baking Co., v. ITT Continental Baking Co.*, 668 F.2d 1014, 1056-57 (9th Cir. 1981) (concluding that subsequent pleading properly related back to filing of initial complaint so as to avoid gap in damages period in an antitrust action, and reversing district court's finding to the contrary); *Security Ins. Co. v. United States,* 338 F.2d 444, 446-49 (9th Cir. 1964) (rejecting government argument that additional complaint filed after running of statute of limitations could not relate back to filing of timely-filed initial complaint so as to cure a jurisdictional defect); *see also United Partition Systems, Inc. v. United States*, 59 Fed. Cl. 627, 644 (2004) (rejecting government argument that additional pleading could not relate back to initial complaint in order to cure a jurisdictional defect).

### C. Amendment Facilitating Award of Damages Pursuant to RCFC 54(b) Would Be More Efficient Than the Filing of New Complaints

Yankee Atomic's claims for its damages stemming from the government's breach will be before the Court indefinitely – at least, until the government ultimately removes Yankee Atomic's spent fuel. Administration of those claims will be clearer and less burdensome to the parties and the Court if they are managed through RCFC 54(b) in a single case before a single judge.

The government argues that it would be burdensome on the government and the Court and contrary to the policy favoring finality in matters pending before the Court to

enter judgment on Yankee Atomic's claim for damages incurred through 2002 now while retaining jurisdiction over Yankee Atomic's claim for subsequently-incurred damages. *See* Defendant's Response at 17-18 and n.6. The government is incorrect. As the Court observed when discussing the accrual issue, refusal to invoke Rule 54(b) would encourage utilities to file a "complaint a day." *See* January 10, 2006 Hearing, Tr. at 51. And even if substantially less-frequent complaints would be filed, the administration of such multiple cases would be needlessly burdensome, complex and susceptible to gratuitous arguments over the application of collateral estoppel and statute of limitations issues. Notably, the government offers no reason why the Court should not invoke RCFC 54(b) other than administrative inconvenience, which is a red herring because Yankee Atomic's future damages claims will be before the Court in any event.

## Conclusion

For these reasons, the Court should grant Yankee Atomic leave to amend its complaint.

Dated: February 27, 2006

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
*Counsel for Plaintiff*
YANKEE ATOMIC ELECTRIC
COMPANY

Of Counsel:

Robert L. Shapiro
GREENBERG TRAURIG, LLP