IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME ONE DAY OUT OF TIME[1]

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests an enlargement of time of 14 days, to and including March 30, 2006, within which to respond to the motion for leave to file an amended complaint that plaintiff, Yankee Atomic Electric Company ("Yankee"), filed on February 27, 2006.[2] Defendant's response currently was due on March 16, 2006. Defendant has not previously sought an enlargement of time for this purpose. Counsel for plaintiff, Jerry Stouck, has represented that Yankee opposes this motion and expects to file a written response.

As the Court is aware from the discussion at the hearing on January 10, 2006, Yankee's late-filed motion raises a number of issues, including a potential statute of limitations issue

---

1/ The Government requests that this motion also be deemed applicable in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C.

2/ We are filing this motion one day out of time. Counsel for defendant attempted to file this motion yesterday and believed that he had completed the electronic filing process. Apparently, however, he failed in that effort, as no record of the filing exists on the electronic docket, and, because of the press of other business, he did not recognize that he had not received any e-mail confirming and distributing the filing. Having been informed late this afternoon that counsel for plaintiff had not received any notice of the filing of our enlargement motion, counsel for defendant checked his own e-mails and the PACER site, and he determined that, in fact, his effort at filing had failed, and we now seek leave to file this enlargement motion one day out of time.

relating to the timing of its decision to file an amended complaint. Because of the importance of those issues here and in other cases, it is essential that we fully explore all of the issues and obtain necessary review from appropriate individuals. One of those individuals who must approve the Government's response has been out of the office since March 9, 2006, and is expected to remain out of the office until March 27, 2006, and he is unavailable to review or discuss the issues raised by Yankee's motion until his return. In addition, counsel for defendant has been responsible for numerous spent nuclear fuel case filings and discovery matters during the past few weeks, and has had to devote significant amounts of time over the past month to a personal matter, that have severely affected his ability to devote appropriate attention to Yankee's motion for leave to amend. Further, other attorneys who have worked on this case have been unavailable because of their involvement in pre-trial preparations and discovery matters in Pacific Gas & Electric Co. v. United States, No. 04-0074C (Fed. Cl.), Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.), or Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.), and/or post-trial matters in Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl.). To allow us to complete our discussions regarding these issues with the appropriate individuals and to confirm approval of the arguments that we will make in response to Yankee's motion, we respectfully request that the Court grant this enlargement of time.[3]

---

3/ During a discussion regarding this motion with counsel for defendant on March 15, 2006, counsel for plaintiff suggested that no enlargement should be necessary here, given that the Government could simply not oppose Yankee's motion for leave to amend and, in the Government's subsequent response to the newly-filed amended complaint, then raise any objections to the substance of Yankee's post-1998 claims or any statute of limitations issues. However, we believe it appropriate to raise any objections to Yankee's filing in our response to its motion for leave to amend, including any possible statute of limitations issues, particularly given that (1) futility of amendment is one reason for denying a motion for leave to amend and

For the foregoing reasons, we respectfully request that the Court grant this request for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen by Harold D. Lester, Jr.
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

March 17, 2006

---

(2) there are numerous additional objections that a responding party can raise in response to a motion for leave to amend that are unrelated to the merits of the amending party's claims. See Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-61 (Fed. Cir. 1991).

CERTIFICATE OF FILING

I hereby certify that, on this 17th day of March 2006, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME ONE DAY OUT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.