IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-126C<br>(Senior Judge Merow) |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME[1]

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests an enlargement of time of three additional business days, to and including April 4, 2006, within which to respond to the motion for leave to file an amended complaint that plaintiff, Yankee Atomic Electric Company ("Yankee"), filed on February 27, 2006. Defendant's response is currently due on March 30, 2006. Defendant was previously granted an enlargement of time of 14 days for this purpose.[2] Counsel for plaintiff, Jerry Stouck, has represented that Yankee opposes this motion.

Defendant was preparing to file its response to Yankee's motion for leave to amend today and had obtained approval to file that response. However, late this afternoon, the Court issued a published decision in Pacific Gas & Electric Co. v. United States, No. 04-0074C (Fed. Cl. March 30, 2006). In that decision, this Court addressed legal issues that are identical to some of those

---

1/ The Government requests that this motion also be deemed applicable in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C.

2/ In the order granting our motion for an enlargement, dated March 21, 2006, the Court specified that, if it grants Yankee's motion for leave to amend, the Government will have 10 days within which to respond to Yankee's amended complaint, a period that will not be enlarged "absent extraordinary circumstances." However, the Court did not specify that the Government could not seek additional time to file its response to Yankee's motion for leave to amend if circumstances warranted.

that Yankee discusses in its motion for leave to amend and that we intend to discuss in our response to Yankee's motion for leave to amend. Because of the timing of the issuance of the PG&E decision, we have not had sufficient time to review the decision in appropriate detail and to address that decision in our response brief. It seems inefficient to file a response brief now, without addressing the PG&E decision, and then immediately to seek the Court's permission to file a supplement to that response to allow us to discuss PG&E. Rather than attempting to file two separate briefs, we believe it appropriate to seek a short additional enlargement of time to allow us to incorporate into our response brief a discussion of those points in PG&E that are relevant to the issues here. To allow us an opportunity to complete that task, we respectfully request that the Court grant us an additional three business days within which to do so.

For the foregoing reasons, we respectfully request that the Court grant this request for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

March 30, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 30th day of March 2006, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.