No. 98-126C
(Senior Judge Merow)

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY,

Plaintiff,

v.

UNITED STATES,

Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D. C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN K. EKMAN
HEIDE L. HERRMANN
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
Trial Attorneys
Department of Justice
Washington, D.C. 20585

April 4, 2006

Attorneys for Defendant

TABLE OF CONTENTS

PAGE

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. PROCEEDINGS IN OTHER SPENT NUCLEAR FUEL CASES . . . . . . . . . . . . 2

II. YANKEE'S MOTION TO AMEND ITS COMPLAINT . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. YANKEE'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT PURSUANT TO RCFC 15(a), RATHER THAN TO SUPPLEMENT ITS COMPLAINT UNDER RCFC 15 (d), IS MISGUIDED . . . . . . . . . . . . . . . . . . . . 6

II. LEAVE TO AMEND SHOULD BE DENIED WHEN THE PROPOSED AMENDED COMPLAINT WOULD BE FUTILE OR WHEN THE REQUESTING PARTY UNDULY DELAYED IN ITS FILING . . . . . . . . . . . 12

III. BECAUSE YANKEE'S DAMAGE CLAIMS FOR THE PERIOD BETWEEN 1998 AND 2000 ARE BARRED BY THE STATUTE OF LIMITATIONS, YANKEE'S REQUEST FOR LEAVE TO ADD THEM TO THIS CASE IS FUTILE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IV. YANKEE HAS UNDULY DELAYED IN FILING ITS MOTION FOR LEAVE TO AMEND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

V. EVEN IF THE COURT ALLOWS YANKEE TO AMEND ITS COMPLAINT, YANKEE'S REQUEST THAT IT BE ALLOWED TO RECOVER DAMAGES THROUGH 2002 WOULD RESULT IN AN AWARD OF DAMAGES BASED UPON COST ESTIMATES, RATHER THAN ACTUAL COST DATA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

VI. YANKEE'S REQUEST THAT THE COURT RETAIN JURISDICTION OVER THIS CASE AFTER IT ISSUES A FINAL JUDGMENT IS BASELESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

CASES PAGE(S)

Alfa Laval Separation, Inc. v. United States,
47 Fed. Cl. 305 (2000) . . . . . . . . . . 13

Arnone v. Chrysler Corp.,
148 N.W.2d 902 (Mich. Ct. App. 1967) . . . . . . . . . . 9

Barron Bancshares, Inc. v. United States,
366 F.3d 1360 (Fed. Cir. 2004) . . . . . . . . . . 16

Barrow Utilities & Electric Cooperative, Inc. v. United States,
20 Cl. Ct. 113 (1990) . . . . . . . . . . 19

Bradley v. Val-Mejias,
379 F.3d 892 (10th Cir. 2004) . . . . . . . . . . 14

Coughlin v. Blair,
41 Cal. 2d 587, 262 P.2d 305 (1953) . . . . . . . . . . 3

Daimlerchrysler Corp. v. United States,
No. 05-1357, 2006 WL 708684 (Fed. Cir. March 22, 2006) . . . . . . . . . . 11

Davenport v. United States,
217 F.3d 1341 (11th Cir. 2000) . . . . . . . . . . 17

Dawco Construction Co. v. United States,
930 F.2d 872 (Fed. Cir. 1991), other parts overruled on other grounds,
Reflectone, Inc, v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995) (en banc) . . . . . . . . . . 19

E.W. Bliss Co. v. United States,
77 F.3d 445 (Fed. Cir. 1996) . . . . . . . . . . 12

Elbaor v. Tripath Imaging, Inc.,
279 F.3d 314 (5th Cir. 2002) . . . . . . . . . . 17

Fallini v. United States,
56 F.3d 1378 (Fed. Cir.1995) . . . . . . . . . . 10

First Interstate Bank of Billings v. United States,
61 F.3d 876 (Fed. Cir. 1995) . . . . . . . . . . 12

TABLE OF AUTHORITIES (cont'd)


CASES PAGE(S)

Foman v. Davis,
371 U.S. 178 (1962) . . . . . 12, 13

Garvin v. City of Philadelphia,
354 F.3d 215 (3d Cir. 2003) . . . . . 14

Hart v. United States,
910 F.2d 815 (Fed. Cir.1990) . . . . . 10

Hays v. United States,
16 Cl. Ct. 770, 772 (1989) . . . . . 13

Hickman v. United States,
43 Fed. Cl. 424 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000) . . . . . 12

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005) . . . . . 2, 3

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) . . . . . passim

Intrepid v. Pollock,
907 F.2d 1125 (Fed. Cir. 1990) . . . . . 13

Jablonski v. Pan American World Airways, Inc.,
863 F.2d 289 (3d Cir. 1988) . . . . . 14

Jefferson County School District v. Moody's Investor's Servs.,
175 F.3d 848 (10th Cir. 1999) . . . . . 14

Jennie-O Foods, Inc. v. United States,
217 Ct. Ct. 314, 580 F.2d 400 (1978) . . . . . 19

Kaiser v. Northwest Shopping Center, Inc.,
587 S.W.2d 454 (Tex. Civ. Ct. 1979) . . . . . 9

Korody-Colyer Corp. v. General Motors Corp.,
828 F.2d 1572 (Fed. Cir. 1987) . . . . . 16

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Mackensworth v. S.S. American Merchant,
28 F.3d 246 (2d Cir. 1994) . . . . . 14

Mathews v. Diaz,
426 U.S. 67 (1976) . . . . . 10, 11

Mitsui Foods, Inc. v. United States,
867 F.2d 1401 (Fed. Cir. 1989) . . . . . 13

Newman-Green, Inc. v. Alfonzo-Larrain,
490 U.S. 826 (1989) . . . . . 11

Pacific Gas & Electric Co. v. United States,
No. 04-0074C, slip op. (Fed. Cl. March 30, 2006) . . . . . 9

Pessotti v. Eagle Manufacturing Co.,
946 F.2d 974 (1st Cir. 1991) . . . . . 15

Phillips v. Illinois Central Gulf R.R.,
874 F.2d 984 (5th Cir. 1989) . . . . . 17

San Carlos Irrigation & Drainage District v. United States,
111 F.3d 1557 (Fed. Cir. 1997) . . . . . 8

Schiavone v. Fortune,
477 U.S. 21 (1986) . . . . . 16

Sepulveda v. City of New York,
No. 01-3117, 2003 WL 22052870 (S.D.N.Y. Sept. 2, 2003) . . . . . 14

Spalding & Son, Inc. v. United States,
22 Cl. Ct. 678 (1991) . . . . . 13

St. Paul Fire & Marine Insurance Co. v. United States,
31 Fed. Cl. 151 (1994) . . . . . 13

Te-Moak Bands of W. Shoshone Indians of Nevada v. United States,
948 F.2d 1258 (Fed. Cir. 1991) . . . . . 12, 13, 18

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

United States v. Craycraft,
167 F.3d 451 (8th Cir. 1999) . . . . . . . . . . 17

United States v. Duffus,
174 F.3d 333 (3d Cir. 1999) . . . . . . . . . . 17

United States v. Northern Paiute Nation,
183 Ct. Cl. 321, 393 F.2d 786 (1968) . . . . . . . . . . 16

United States v. Pittman,
209 F.3d 314 (4th Cir. 2000) . . . . . . . . . . 17

STATUTES

28 U.S.C. § 2501 (2000) . . . . . . . . . . 10, 14

42 U.S.C. § 10101-10270 . . . . . . . . . . 2

42 U.S.C. § 10222(a) . . . . . . . . . . 2

MISCELLANEOUS

6 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 1473 (2d ed. 1990) . . . . . 6

6A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 1504 (2d ed. 1990) . . . 7

9 A. Corbin, Corbin on Contracts § 956 (1951) . . . . . . . . . . 8

9 A. Corbin, Corbin on Contracts § 956 (interim ed. 1993) . . . . . . . . . . 8, 9

22 Am. Jur. 2d Damages § 488 (2003) . . . . . . . . . . 8

Restatement (Second) of Judgments § 26 . . . . . . . . . . passim

RCFC 15(a) . . . . . . . . . . 1, 6, 7, 12, 18

RCFC 15(c) . . . . . . . . . . 15

TABLE OF AUTHORITIES (cont'd)

MISCELLANEOUS PAGE(S)

RCFC 15(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7, 12

RCFC 54(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-126C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT[1]

Defendant, the United States, respectfully requests that the Court deny plaintiff's motion for leave to file an amended complaint pursuant to RCFC 15(a), dated February 27, 2006. In its motion, plaintiff, Yankee Atomic Electric Company ("Yankee"), asserts that the amendment, if allowed, would divide its existing claim into two parts: "(1) for damages incurred through 2002, and (2) for subsequently incurred damages." Yankee Mtn, at 1.[2] Because Yankee seeks to add claims that accrued after it filed its original complaint in 1998, its request to file an amended complaint pursuant to RCFC 15(a), rather than a supplemental complaint pursuant to RCFC 15(d), is improper. Further, regardless of the rule pursuant to which Yankee seeks to amend its complaint, its proposed amendment should be denied because some of the claims that Yankee seeks to add through its new complaint are barred by the statute of limitations and because of Yankee's delay in seeking to submit its proposed amendment.

---

[1] The Government requests that this response be deemed applicable not only to this case, but also to Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.).

[2] "Yankee Mtn, at __" refers to the motion for leave to amend its complaint that Yankee filed on February 27, 2006.

BACKGROUND

I. PROCEEDINGS IN OTHER SPENT NUCLEAR FUEL CASES

This case is one of 59 pending cases that are currently pending before this Court, alleging damages arising from a partial breach of the Department of Energy's "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste." Pursuant to the Nuclear Waste Policy Act, 42 U.S.C. § 10101-10270, the Department of Energy ("DOE") was authorized to enter into contracts with commercial owners and generators of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") for the disposal of that waste. Under the terms of those contracts, DOE agreed to begin acceptance of contract holders' SNF and/or HLW by January 31, 1998, in exchange for the contract holders' payment of fees in an amount established by statute. 42 U.S.C. § 10222(a). Because DOE lacks a facility to which it is authorized to take the commercial nuclear utilities' SNF, DOE was unable to begin SNF acceptance by January 31, 1998.

Seven SNF cases (including this one) have already been tried by this Court, and, recently, the United States Court of Appeals for the Federal Circuit affirmed the first trial court decision resolving damages claims allegedly arising from that partial breach. In Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005), the plaintiff, Indiana Michigan Power Company ("IMP"), had asserted that it was entitled to recover damages beginning in 1989 (based upon its alleged belief in 1989 that DOE would partially breach the contract in 1998) and extending approximately 40 years beyond the 1998 partial breach. IMP did not assert that DOE had committed a total breach of the Standard Contract, but instead claimed only that DOE had partially breached that contract. This Court, after an extensive trial

upon IMP’s damages claims, found that the nature of IMP's breach claim – a partial, rather than total, breach – affected its ability to recover future damages.[3] It found that, unlike a claimant in a total breach case, a partial breach claimant cannot recover damages into the future that it had not yet incurred. Id. at 648. Instead, the Court, relying in part upon a California court decision, Coughlin v. Blair, 41 Cal. 2d 587, 262 P.2d 305 (1953), found that the partial breach claimant was limited to those damages that it had incurred as a result of partial breaches up to the "date of trial." Id. This Court also found that the partial breach claimant was entitled to return to court as it incurred damages in response to future partial breaches. Id.

On appeal to the Federal Circuit, IMP challenged the trial court's holdings regarding a partial breach claimant's ability to recover future damages in a single action, arguing that a partial breach claimant should be permitted to recover damages beyond the date of trial and that the claimant should not have to return to court to seek additional damages after they have been incurred. In our response to IMP's future damages argument, we informed the appellate court that, according to section 26 of the Restatement (Second) of Judgments, a partial breach claimant, unlike a total breach claimant, cannot recover future damages for future partial breaches that it anticipates will occur, but that the partial breach claimant may return to court in the future after it has actually incurred those costs. We also identified two different applications of this rule: the rule espoused in section 26 of the Restatement (Second) of Judgments, allowing a partial breach claimant to recover damages incurred by the date that it filed its complaint, and

[3] This Court also made various findings regarding a partial breach claimant's ability to recover pre-breach damages. Because Yankee’s motion for leave to amend its complaint relates to damages that post-date its original complaint, rather than pre-breach damages, we will not address that issue here.

that espoused in the California court decision upon which this Court had relied, allowing recovery of damages incurred through the time of trial.

In its decision, issued on September 9, 2005, the Federal Circuit agreed that, in a partial breach case, future damages are not recoverable. It found that, instead, a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1377 (Fed. Cir. 2005) (quoting Restatement (Second) of Judgments § 26(1)(e) & cmt. g (1982)). Although the Court did not expressly discuss the distinction between the California court's "time of trial" rule for a partial breach damages award and the Restatement's "institution of the action" rule, the appellate court expressly found that the grievance at issue "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377). IMP sought panel rehearing of that aspect of the appellate court's decision dealing with whether damages in a partial breach case should be limited to the date of complaint or the date of trial, but IMP's petition for rehearing was denied on November 25, 2005.

## II. YANKEE'S MOTION TO AMEND ITS COMPLAINT

On February 27, 2006, Yankee filed its motion for leave to amend its complaint. Although no proposed amended complaint accompanied the motion, Yankee represented in its motion that it wanted to “restructure” its existing complaint to divide its claims into those involving damages incurred prior to 2002 and those involving subsequently incurred damages.

Yankee Mtn, at 1. Yet, Yankee has been well aware for a significant period of time of the Government's position that, in this partial breach of contract case, this Court lacks jurisdiction to award damages that post-date the filing of Yankee's 1998 complaint. In our original contentions of fact and law, filed in 2002, we indicated that Yankee could not recover future damages in a partial breach case. By motion *in limine* dated June 1, 2004, we sought to exclude any evidence from the trial of this matter relating to damages incurred after the date upon which Yankee's complaint was filed in 1998, citing to the rule established in section 26(1)(e) of the Restatement (Second) of Judgments. We reiterated this position in our post-trial briefing filed on November 18, 2004. Yet, in response to these arguments, Yankee took no action to seek to supplement its complaint in this matter. Instead, disregarding the legal authorities that we had cited, Yankee argued that no new complaint was necessary to allow it to recover damages that post-dated its complaint and that even post-dated the trial in this case. Subsequently, this Court issued its decision in Indiana Michigan, which the plaintiff there appealed to the United States Court of Appeals for the Federal Circuit. Yankee filed an amicus brief in that appeal, directly addressing the Government's legal arguments relating to whether a plaintiff in a partial breach case could recover future damages. After the Federal Circuit issued its decision in Indiana Michigan, agreeing with our positions about a partial breach plaintiff's ability to recover post-complaint damages, Yankee continued to elect not to file a motion for leave to file a supplemental complaint pursuant to RCFC 15(d) to add post-1998 damages to this case. Only after the parties engaged in oral argument before the Court in January 2006 regarding the effect of Indiana Michigan did Yankee then file a motion seeking leave to "amend" its original complaint, and, even then, Yankee waited more than six weeks after oral argument to do so. In its motion,

Yankee continues to assert that, despite Indiana Michigan, it has already placed before this Court all of its claims for future damages and that its request to amend its complaint is unnecessary.

## ARGUMENT

### I. YANKEE'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT PURSUANT TO RCFC 15(a), RATHER THAN TO SUPPLEMENT ITS COMPLAINT UNDER RCFC 15(d), IS MISGUIDED

In its motion, Yankee represents that it is relying upon RCFC 15(a) as a basis to amend its original complaint. Yankee Mtn, at 5. RCFC 15(a) provides that after, as here, a response to the complaint has been served:

> a party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

RCFC 15(a) (emphasis added). "The function of Rule 15(a) . . . is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 1473, at 520 (2d ed. 1990). It asserts that it is not seeking to file a supplemental complaint under RCFC 15(d) and that it is not seeking to "add *new* claims" that were not contained in its original complaint. Yankee Mtn, at 5 (italics in original). RCFC 15(d) permits a party to seek leave to file a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." RCFC 15(d). Yankee's decision to seek leave pursuant to RCFC 15(a) is misplaced, as its proposed amended complaint plainly would add new claims to this case over which this Court, based upon the existing complaint that was filed in 1998, currently lacks jurisdiction.

"Amended and supplemental pleadings differ in two respects." 6A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 1504, at 183 (2d ed. 1990). "The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings." Id. at 184. Based upon the partial breach claims that Yankee is pursuing here, Yankee's damages are currently limited to those incurred prior to the date upon which it filed its original complaint in 1998. See Indiana Michigan, 422 F.3d at 1376-78. Because Yankee's motion for leave indicates that Yankee wants this Court to consider damages claims arising out of and based upon events occurring between 1998 and 2002 – after the date of Yankee's existing complaint – Yankee's request that the Court allow it to "amend" its complaint pursuant to RCFC 15(a), rather to "supplement" its complaint pursuant to RCFC 15(d), is misguided.

Yankee argues that it is not seeking to add new claims to its complaint, asserting that "there is no new claim to be added," and that it is seeking merely to "restructure its existing claims." Yankee Mtn, at 5. In essence, Yankee is repeating the argument that it previously made in response to the Court's request for briefing upon the effect of the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), that damages in these partial breach cases may extend through the date of trial in this case and potentially beyond the date of trial. As we previously established in our own briefing in response to the Court's prior order, Yankee's assertion that its post-1998 complaints are already a part of this case directly conflicts with the Federal Circuit's decision in Indiana Michigan. The Federal Circuit in Indiana Michigan affirmed this Court's conclusion that

a claim for a partial breach of contract precludes the recovery of future damages beyond the date that the plaintiff's complaint was filed. Id. at 1376 & 1378. In so holding, the Federal Circuit explained that, "[b]ecause of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial breach." Id. at 1376 (citing San Carlos Irrigation & Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997) & 9 A. Corbin, Corbin on Contracts § 956 (interim ed. 1993)). Although the Federal Circuit noted that future damages may be awarded where a plaintiff asserts a total breach of contract, it explained that, where the breach of a contract is only partial, "the plaintiff can recover only such damages as he or she has sustained, leaving prospective damages to a later suit in the event of future breaches." Indiana Michigan, 422 F.3d at 1377 (quoting 22 Am. Jur. 2d Damages § 488 (2003)) (emphasis in original). It concluded that, where a "claim is premised upon the government's partial breach, its damages were limited to those costs incurred prior to the date of its suit." Indiana Michigan, 422 F.3d at 1376-77 (emphasis added).

Importantly, in discussing the rules for the lower court to apply in future cases, the Federal Circuit expressly stated that the plaintiff's grievance "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(1)(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377); see 9 A. Corbin, Corbin on Contracts, § 956, at 747 (1951) ("[i]t has been thought that where there has been no repudiation, the plaintiff can recover damages for his injury only to the date of

the writ – that he must treat the breach as only 'partial'") (emphasis added)); see also Arnone v. Chrysler Corp., 148 N.W.2d 902, 905 (Mich. Ct. App. 1967) (barring recovery of future damages for partial breach or breach of divisible contract); Kaiser v. Northwest Shopping Ctr., Inc., 587 S.W.2d 454, 457 (Tex. Civ. Ct. 1979) (suggesting that plaintiffs seeking damages for partial breach may recover damages incurred through date of filing pleading).

This Court, in Pacific Gas & Electric Co. v. United States, No. 04-0074C, slip op. (Fed. Cl. March 30, 2006), recently agreed with the Government's interpretation of the Federal Circuit's decision in Indiana Michigan, finding that the appellate court clearly held that damages in a partial breach suit may only be recovered to the extent that they were incurred up to the date of the complaint:

> [T]he court views Indiana Michigan II as clearly directing trial courts to allow plaintiffs suing for partial breach in spent nuclear fuel litigations to seek damages only through "the date of . . . suit," Indiana Michigan II, 422 F.3d at 1376-77, or "up to the time of the institution of the action," id. at 1377 (quoting Restatement (Second) of Judgments § 26 cmt. g (1982)); see also 9 Arthur L. Corbin, Corbin on Contracts § 956 (Interim ed. 1993) "It has been thought that where there has been no repudiation [e.g., no total breach], the plaintiff can recover damages for his injury only to the date of the writ – that he must treat the breach as only 'partial'[.]"), cited in Indiana Michigan II, 422 F.3d at 1376 (emphasis and alterations in Indiana Michigan II). The court interprets these directives to mean that plaintiff may seek damages only through the date of an amended complaint.

Pacific Gas & Electric, No. 04-0074C, slip op. at 9-10 (emphasis and brackets in original).

Contrary to Yankee's assertions, its claims for damages post-dating the 1998 filing of its original complaint are not already properly a part of this litigation. In fact, the Federal Circuit made clear in Indiana Michigan that any post-complaint damages claims were separate from the pre-complaint damages and would accrue "for the purposes of the statute of limitations at the

time such damages are incurred." Indiana Michigan, 422 F.3d at 1378 (emphasis added). In fact, the Federal Circuit viewed this accrual date as jurisdictional in nature:

> Because Indiana Michigan may bring suits for damages in the future, we must address its concern over the statute of limitations applicable to those suits. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000). "The statute of limitations is jurisdictional in nature and, as an express limitation on the waiver of sovereign immunity, may not be waived." *Hart v. United States*, 910 F.2d 815, 818-19 (Fed. Cir.1990). However, "a cause of action accrues [only] when all the events have occurred that fix the defendant's alleged liability and entitle the plaintiff to institute an action." *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir.1995). In the case of the continuing contractual obligations owed after an initial suit for partial breach has been filed, subsequent claims for future damages are considered to accrue for the purposes of the statute of limitations at the time such damages are incurred. Accordingly, Indiana Michigan must bring any future actions for damages related to DOE's breach of the Standard Contract within six years of incurring such damages.

Id. at 1378 (emphasis added). Clearly, the Federal Circuit considered damages claims accruing after the filing of the original complaint as separate and distinct from the claims set forth in the original complaint. Yankee's assertions that its post-complaint damages claims are already properly a part of this case conflict with this holding in Indiana Michigan and ignore the Federal Circuit's pronouncement upon this issue.

Yankee also suggests that, in order to add its post-1998 damages to this case, a supplemental complaint is not actually necessary. See, e.g., Yankee Mtn, at 2-3.[4] However, as

---

[4] Yankee suggests that, in Mathews v. Diaz, 426 U.S. 67 (1976), the United States Supreme Court found jurisdiction, even though the plaintiff had never filed a supplemental complaint to include an allegation that the plaintiff had cured an original jurisdictional defect, where it decided to "treat the pleadings as properly supplemented . . . ." Yankee Mtn, at 3 n.2. In actuality, the Court elected to "treat the pleadings as properly supplemented [in that case] by

we have discussed in prior briefing, this Court's jurisdiction is defined by reference to the partial breach, or partial breaches, that had occurred prior to the date upon which Yankee filed its complaint. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). "As the initial pleading, the [complaint] must establish the court's jurisdiction." Daimlerchrysler Corp. v. United States, No. 05-1357, 2006 WL 708684 (Fed. Cir. March 22, 2006). "It is also settled that a plaintiff must establish jurisdiction independently for each cause of action asserted." Id. Yankee appears to believe that all of its damages claims arising out of the Standard Contract at issue in this case constitute one single claim. Yet, the Federal Circuit in Indiana Michigan made clear that Yankee's belief is wrong. To the contrary, each claim for damage accrues as it is incurred and is subject to its own six-year limitations period. Indiana Michigan, 422 F.3d at 1378. Yankee's effort to consider all of its damages as part of a single claim directly conflicts with the Federal Circuit's decision in Indiana Michigan. Clearly, Yankee is currently seeking to supplement its original complaint with new damages claims, not simply to "restructure" existing claims that are already properly before this Court.[5]

---

the [defendant's] stipulation that [plaintiff] had filed [the necessary] application" that cured the original jurisdictional defect. Mathews, 426 U.S. at 75 (emphasis added). In this case, we have no such stipulation.

[5] Yankee has also suggested that no future complaint is necessary until this case is resolved and Yankee needs (assuming that this Court does not purport to retain jurisdiction over this case, as Yankee suggests) to file a new action. Yankee Mtn, at 8. This suggestion appears to relate to Yankee's prior suggestion that this Court is entitled to retain jurisdiction here, and may select a damages cut-off date that post-dates the original complaint, pursuant to Restatement (Second) of Judgments § 26(1)(b). As discussed in prior briefing, the Federal Circuit in Indiana Michigan adopted the rules set forth in section 26(1)(e) of the Restatement (Second) of Judgments, rather than those in section 26(1)(b), as applicable to these partial breach cases. Nevertheless, even under section 26(1)(b), a new complaint is necessary to place claims arising

## II. LEAVE TO AMEND SHOULD BE DENIED WHEN THE PROPOSED AMENDED COMPLAINT WOULD BE FUTILE OR WHEN THE REQUESTING PARTY KNOWINGLY DELAYED IN ITS FILING

As previously discussed, Yankee has elected to rely upon RCFC 15(a), rather than RCFC 15(d), as the sole basis of its motion for leave to amend its complaint here. Assuming that the Court finds that Yankee's reliance upon RCFC 15(a) is proper here, "[t]he decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank of Billings v. United States, 61 F.3d 876, 881 (Fed. Cir. 1995); see Foman v. Davis, 371 U.S. 178, 182 (1962); Hickman v. United States, 43 Fed. Cl. 424, 439 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000).

Although leave to amend is ordinarily "freely given when justice so requires," the scope of RCFC 15(a) is far from unlimited. E.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate, 61 F.3d at 881-82; Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991). To the contrary, denial of a motion for leave to amend a complaint is warranted based upon the futility of the proposed

---

after the date of the original complaint properly before the Court, as indicated in the language of section 26(1) that precedes subsections (1)(b) and (1)(e):

> When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant . . . .

Restatement (Second) of Judgments § 26 (emphasis added). That is, regardless of whether section 26(1)(b) or section 26(1)(e) is at issue, section 26 deals with whether issues of merger and bar allow the plaintiff to file a "second action" and do not contemplate that claims not properly encompassed in the first action can somehow simply be added to that original action without a supplemental complaint. In fact, because section 26 deals with whether res judicata in one action will bar a second action, all of the subparagraphs in section 26 presupposes a subsequent complaint.

amendment, as well as when (1) the movant has engaged in undue delay; (2) the movant has acted in bad faith; (3) the movant has acted with a dilatory motive; (4) the movant has repeatedly failed to cure deficiencies; or (5) the late amendment would unduly prejudice the opposing party. Te-Moak Bands, 948 F.2d at 1260-61 (quoting Foman, 371 U.S. at 182); see Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994).

As this Court recognized in Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678 (1991), "[t]he existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." Id. at 680 (emphasis added), quoted in Alfa Laval Separation, Inc. v. United States, 47 Fed. Cl. 305, 312 (2000); see Hays v. United States, 16 Cl. Ct. 770, 772 (1989) ("criteria are in the disjunctive, i.e., satisfaction of one is sufficient to deny the motion" to amend). Accordingly, if an amendment to a complaint would be futile, that fact alone would warrant denial of the motion for leave to amend the complaint. Foman, 371 U.S. at 182; Hays, 16 Cl. Ct. at 772. Similarly, "[d]elay alone, even without a demonstration of prejudice, has thus been sufficient grounds to deny amendment of pleadings." Te-Moak, 948 F.2d at 1262.[6]

---

[6] In its motion, Yankee asserts that "[t]he Federal Circuit has made clear that . . . it would be an abuse of discretion to deny leave to file an additional pleading pursuant to RCFC 15," citing Intrepid v. Pollock, 907 F.2d 1125 (Fed. Cir. 1990). Yankee Mtn. at 9. Yankee has far overstated the holding of that case. In Intrepid, the Federal Circuit plainly recognized that, in evaluating motions to amend or supplement under Rule 15, the trial court must make a "discretionary decision, in the sense that the court weigh[ ] considerations such as undue delay, prejudice to the opposing party and the like." Intrepid, 907 F.2d at 1129. Yankee's suggestion that a plaintiff essentially has a right to amend or supplement, regardless of the timing or prejudice to the other side, conflicts with Intrepid and the plain language of RCFC 15.

Amendment of a complaint is futile "if the amended complaint cannot withstand a . . . motion to dismiss" for lack of jurisdiction because the statute of limitations has expired. Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988); see Bradley v. Val-Mejias, 379 F.3d 892, 900-01 (10th Cir. 2004) (affirming denial of amendment to add claim barred by statute of limitations, finding that "proposed amendment is futile if the complaint, as amended, would be subject to dismissal") (quoting Jefferson County Sch. Dist. v. Moody's Investor's Servs., 175 F.3d 848, 859 (10th Cir. 1999); Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003) (affirming denial of motion for leave to amend as futile because statute of limitations on new claim had expired); Mackensworth v. S.S. Am. Merchant, 28 F.3d 246, 251 (2d Cir. 1994) (finding denial of leave to amend complaint proper on futility grounds because proposed claim would have been barred by the statute of limitations); Sepulveda v. City of New York, No. 01-3117, 2003 WL 22052870, at *2 (S.D.N.Y. Sept. 2, 2003) ("amendment to a pleading is futile where the claim is barred by the applicable statute of limitations period").

## III. BECAUSE YANKEE'S DAMAGES CLAIMS FOR THE PERIOD BETWEEN 1998 AND 2000 ARE BARRED BY THE STATUTE OF LIMITATIONS, YANKEE'S REQUEST FOR LEAVE TO ADD THEM TO THIS CASE IS FUTILE

As the Federal Circuit recognized in Indiana Michigan, the applicable statute of limitations applicable to the damages claims in the SNF partial breach cases is six years from the date that a damage was incurred. Indiana Michigan, 422 F.3d at 1378 (citing 28 U.S.C. § 2501 (2000)). Yankee filed its original complaint in 1998. Damages incurred since the 1998 complaint filing date through March 2000 were incurred more than six years ago. Accordingly, for the reasons discussed above, those damages are barred by the statute of limitations.

Yankee contends that its 1998 through 2000 claims are not barred by the statute of limitations because they should relate back to the date of filing of the original complaint. As an initial matter, "[t]he mere fact a court allowed an amendment to the complaint would not determine whether the amended complaint related back." Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 977 (1st Cir. 1991). An amendment of the complaint relates back to the date of the original complaint only if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." RCFC 15(c)(2).[7] "The mere allowance of an amendment does not resolve the relation back issue favorably to the amending party." Pessotti, 946 F.2d at 977 n.2.

Nevertheless, Yankee's assertion that its 1998 through 2000 claims should "relate back" to its 1998 filing is incorrect. First, the conduct that Yankee seeks to "relate back" had not occurred when Yankee filed its complaint in 1998, but, instead, occurred after the original complaint was filed. Yankee's proposed amendment sets forth new facts that were not properly included in the original complaint, based upon events that had not occurred at the time the original complaint was filed. Specifically, Yankee's claims for damages between the date of its original complaint in 1998 through the end of 2002 relate to actions allegedly taken in response to DOE's delay – from 1998 through the end of 2002 – in accepting Yankee's SNF. As the Federal Circuit made clear in Indiana Michigan, each claim for damages incurred as a result of DOE's partial breaches "accrue for purposes of the statute of limitations at the time such

[7] RCFC 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

damages are incurred." Indiana Michigan, 422 F.3d at 1378. Accordingly, these new claims for damages incurred between 1998 and 2002 did not exist when Yankee filed its original complaint in 1998 and were not properly presented to the Court as part of that complaint. To the extent that Yankee incurred costs during the 1998 through 2002 time period, those claims did not accrue until the damages were incurred, and the applicable statute of limitations begin to run upon those damages as they were incurred. See id. Accordingly, these post-complaint damages claims are separate claims from those included in the original complaint, with a separate statute of limitations period.

The "rule of relation back does not extend to amendments that add new . . . causes of action." United States v. Northern Paiute Nation, 183 Ct. Cl. 321, 393 F.2d 786, 790 (1968); see Barron Bancshares, Inc. v. United States, 366 F.3d 1360, 1369 (Fed. Cir. 2004) (rule of relation back properly applied where original complaint "set forth all the operative facts from which the FDIC's later-asserted claims arise"). Because the new incidents encompassed by the proposed amended complaint do not arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," but instead arise out of delays in SNF acceptance that occurred after Yankee filed its original complaint in 1998, the relation back doctrine is not applicable. Id.; see Schiavone v. Fortune, 477 U.S. 21, 29 (1986) (for newly added claim to relate back, "the basic claim must have arisen out of the conduct set forth in the original pleading. . ."); Korody-Colyer Corp. v. General Motors Corp., 828 F.2d 1572, 1575 (Fed. Cir. 1987) (because the amendment asserts a new claim for relief based upon different facts, it does not relate back). To relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence

in “both time and type.” Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) ("both time and type"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) ("same set of facts"); and United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) ("same set of facts" and "both time and type")).

Indeed, all of the incidents that Yankee attempts to encompass through its 1998 through 2000 damages claims that occurred more than six years before the date that any amendment is allowed would be barred by the statute of limitations. This is so because all of these alleged incidents are separate causes of action, and a cause of action for damages resulting from a partial breach of contract “accrue[s] for the purposes of the statute of limitations at the time such damages are incurred.” Indiana Michigan, 422 F.3d at 1378. Accordingly, Yankee’s request that this Court allow it to add to its complaint those damages incurred between the original 1998 date upon which it filed its original complaint and March 2000 seeks to add claims barred by the six-year statute of limitations applicable to such damages claims. Accordingly, Yankee’s request for leave to amend its complaint to add such damages claims here is futile.

If the doctrine of relation back were to be applied to any of the proposed amendments, defendant would be prejudiced by the amendment, providing a further basis for denying Yankee’s motion for leave to amend. See, e.g., Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002) (holding that the loss of a statute of limitations defense prejudices a defendant); Phillips v. Ill. Central Gulf R.R., 874 F.2d 984, 987-88 (5th Cir. 1989) (same).

## IV. YANKEE HAS KNOWINGLY DELAYED IN FILING ITS MOTION FOR LEAVE TO AMEND

As previously discussed, Yankee has known for a significant period time of the Government's position regarding and the legal authorities supporting the date through which this Court possesses jurisdiction to entertain damages in this partial breach case. Yet, even after the Federal Circuit issued its decision in Indiana Michigan, Yankee elected not to protect its interests by filing a supplemental complaint. Even now, Yankee refuses to seek leave to file a supplemental complaint, insisting that it will rely only on RCFC 15(a) to file an amended complaint. This knowing delay alone is sufficient to justify denial of Yankee's motion for leave to amend at this point in time. Te-Moak, 948 F.2d at 1262.

## V. EVEN IF THE COURT ALLOWS YANKEE TO AMEND ITS COMPLAINT, YANKEE'S REQUEST THAT IT BE ALLOWED TO RECOVER DAMAGES THROUGH 2002 WOULD RESULT IN AN AWARD OF DAMAGES BASED UPON COST ESTIMATES, RATHER THAN ACTUAL COST DATA

To the extent that the Court allows Yankee to amend its complaint, it should not allow Yankee to seek damages through the end of 2002. As we discussed in our response to No. 137 of Yankee's proposed post-trial findings of fact, Yankee did not present us with actual cost data supporting its 2002 damages figures. Instead, we were provided only with cost estimates for 2002:

> The Government disputes the portion of this finding stating that costs in the year 2002 had been incurred and, therefore, should be included in Yankee Atomic's "past damages" claim. Ms. Kate Jewell-Kelleher, Yankee Atomic's Treasurer and Controller, testified that, because the damages claim was put together prior to the end of 2002, the costs for that year were estimated. Tr. 1882:8-24 (Jewell-Kelleher) ("blue coded numbers" in the 10/29/02 budget used to present Yankee Atomic's damages at trial "are the actuals that had been recorded in the system through 2001;" although Yankee Atomic was "informed by the actuals that had

> been incurred to date," in preparing the 10/29/02 budget, Yankee Atomic "treated 2002 as an estimate year."); PX 1726YA-YA-DOE-2002-10-29.xls file-Summary > Allocation spreadsheet. This also is supported by the cited testimony of Dr. Wise relied upon by plaintiff. Tr. 3248:11-13 (Wise) ("the past costs are based on costs that were actually realized or, in the case of Yankee Atomic, projected to be experienced in 2002.") (emphasis added). Since the 2002 costs are "estimated" and not "incurred," plaintiff's inclusion of them in its "past damages" subtotal is a mischaracterization of the evidence adduced at trial.

Defendant's Response To Yankee's Proposed Finding Of Fact ¶ 137 (Jan. 13, 2005).[8] The Federal Circuit in Indiana Michigan indicated its belief that, in a partial breach case, "prospective damages for anticipated future nonperformance" are "highly speculative." Indiana Michigan, 422 F.3d at 1376. Further, a contractor must prove its costs using the best evidence available. Dawco Constr. Co. v. United States, 930 F.2d 872, 881-82 (Fed. Cir. 1991). The contractor's failure to present any documentary support for its assertions that it incurred costs, precluding the Government from verifying that the costs were actually incurred, should preclude the contractor from any recovery. See Jennie-O Foods, Inc. v. United States, 217 Ct. Cl. 314, 580 F.2d 400, 410 (1978); Barrow Utilities & Elec. Cooperative, Inc. v. United States, 20 Cl. Ct. 113, 121 (1990). Here, Yankee did not provide the Government with actual cost support for costs allegedly incurred in 2002. Instead, it provided us only with cost estimates. As we have seen in other SNF cases, the utilities' estimates of their anticipated costs are often far removed from the actual costs that they eventually incur. To the extent that the Court permits Yankee to

[8] Similarly, the plaintiff in Connecticut Yankee did not provide the Government with actual cost support for FY2002, but, instead, relied upon cost estimates for that fiscal year. See, e.g., Defendant's Response To Connecticut Yankee's Proposed Finding Of Fact ¶ 151 (Jan. 13, 2005). The plaintiff in Maine Yankee also relied upon cost estimates, rather than actual incurred cost data, to support some of its FY2002 damages claim. See, e.g., Defendant's Response To Maine Yankee's Proposed Finding Of Fact ¶ 153 (Jan. 13, 2005)

amend its complaint, it should limit recoverable damages in this particular case to those incurred through the end of 2001.

## VI. YANKEE'S REQUEST THAT THE COURT RETAIN JURISDICTION OVER THIS CASE AFTER IT ISSUES A FINAL JUDGMENT IS BASELESS

Yankee also requests that, when this Court enters judgment in this case, it do so pursuant to Rule 54(b) and that it retain jurisdiction over this case to consider claims for future damages. Yankee Mtn, at 8, 10-11. As we discussed in our January 5, 2006 response to Yankee's prior request that the Court enter judgment in this manner, RCFC 54(b) provides that, "[w]hen more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." RCFC 54(b). Further, as we established in our January 5, 2006 brief, once the Court issues a judgment resolving all damages claims that pre-date the filing of Yankee's complaint, there will be no other claim properly before this Court over which it could retain jurisdiction. For the reasons discussed in our January 5, 2006 brief, Yankee's request should be denied.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Yankee's motion to amend its complaint pursuant to RCFC 15(a). To the extent that the Court grants Yankee's motion, we respectfully request that the Court limit Yankee's damages claim to damages incurred through the end of 2001.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN C. EKMAN
HEIDE L. HERRMANN
RUSSELL A. SHULTIS
MARIAN L. SULLIVAN
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

April 4, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of April 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF’S MOTION FOR LEAVE TO AMEND ITS COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.