# In the United States Court of Federal Claims

No. 98-126C
(Filed May 5, 2006)

*******************************
YANKEE ATOMIC ELECTRIC COMPANY, Plaintiff,

v.

THE UNITED STATES, Defendant.
*******************************

**ORDER**[1/]

This Order addresses plaintiff's Motion to Amend Complaint, filed February 27, 2006, together with defendant's response, filed April 4, 2006, and plaintiff's reply, filed April 17, 2006.

Trial proceedings in this matter addressed actual incurred costs as damages through 2001 for *Yankee Atomic* and *Connecticut Yankee*, and certain such costs through 2002 for *Maine Yankee*. Evidence at trial with respect to claimed costs beyond these dates through 2011 were presented on an estimated "future" damages basis. The Complaint initiating this proceeding was filed in 1998.

Plaintiff's Motion to Amend Complaint pursuant to RCFC 15(a) seeks to divide its pleaded claims covering damages through 2011 into two segments–incurred costs through 2002 and costs thereafter. To the extent recovery is obtained on the basis of trial proceedings to date, plaintiff proposes that a partial final judgment be entered for incurred damages pursuant to RCFC 54(b), with subsequent partial judgments to issue as recoverable costs are incurred and awarded.

---

[1/] This shall also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 C and *Maine Yankee v. United States*, No. 98-474 C.

Defendant opposes the amendment proposed by plaintiff, asserting that in an action for partial breach of contract, damages sustained up to the initiation of the suit may be recovered, but prospective damages for later incurred costs are relegated to a later suit. *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005). Therefore, defendant asserts that only the damages sustained by plaintiff up to the filing of the Complaint in 1998 are properly before the court for judgment consideration.

The same scope of proceedings controversy was recently the subject of a decision in *Pacific Gas and Electric Company v. United States*, No. 04-74 C, 2006 WL 950207 (Fed. Cl. Mar. 30, 2006). For the reasons expressed in that Opinion and Order, which are also adopted here, it is concluded that plaintiff's Complaint can properly be held to encompass only claims for damages for costs incurred as of the date of its filing. However, given the trial evidence of record, covering subsequent amounts claimed to be sustained, pursuant to RCFC 15(a), (b), and (d), the Complaint shall be deemed to be amended and supplemented to encompass this trial evidence for the damages sustained by *Yankee Atomic* and *Connecticut Yankee* through 2001 and the damage sustained by *Maine Yankee* through 2002. Estimated damage claims asserted in this action for time periods beyond these dates shall be dismissed, without prejudice to their timely assertion in a subsequent action(s) as actually incurred.

Accordingly, it is **ORDERED** that plaintiff's Motion to Amend Complaint shall be **GRANTED** to the extent that the Complaint shall be deemed amended and supplemented to encompass sustained damages, based on record evidence, through 2001 for *Yankee Atomic* and *Connecticut Yankee* and through 2002 for *Maine Yankee*, and shall be otherwise **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge