IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on October 3, 2006

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC CO., Plaintiff, | ) | No. 98-126C |
| v. | ) | (Senior Judge Merow) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

YANKEE ATOMIC'S MOTION TO LIFT SEAL[1]

Plaintiff Yankee Atomic respectfully moves the Court to lift the seal on the September 30, 2006 opinion.

Yankee Atomic has reviewed the opinion and can report that it contains no confidential information. Yankee Atomic is eager to have the opinion released publicly, and has responsibilities to various constituencies to report this important development.

Yankee Atomic has been trying since Sunday to get the consent of government counsel to lift the seal, but as of the filing of this motion counsel has not provided consent. As Yankee Atomic understands it, the government can have no legitimate objection to lifting the seal (and has expressed no objection, see below) because all evidence offered by the government at trial was offered on the public record. The only evidence at trial that was offered subject to a confidentiality restriction was a very small amount of evidence offered by the Yankees that contained proprietary information from third parties. Neither that

[1] This motion should also be deemed applicable to *Connecticut Yankee Atomic Power Co. v United States*, No. 98-154C and *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C.

information nor any other information that Yankee Atomic considers confidential is reflected in the opinion.

In various conversations between Yankee Atomic's counsel and government counsel, government counsel has been unable to identify any reason to maintain the seal. However, due to the unavailability of certain supervisory personnel (and unwillingness of others to consent, for inexplicable reasons), government counsel has not been able to obtain formal consent to this motion.

Because there is no good reason for maintaining the seal, and because Yankee Atomic has good and valid reasons to disseminate the opinion publicly as soon as possible (and because the government has no valid reason for withholding consent), Yankee Atomic respectfully requests the Court to lift the seal as soon as possible.

Dated: October 3, 2006

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
*Counsel for Plaintiff*
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
GREENBERG TRAURIG, LLP