IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically November 21, 2006

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 98-126 C<br>(Senior Judge Merow) |

YANKEE ATOMIC'S UNOPPOSED MOTION FOR AMENDMENT OF OCTOBER 17, 2006 DOCKET ORDER SEALING CERTAIN TRIAL EXHIBITS[1]

By Docket Order dated October 17, 2006, the Court placed under seal 153 trial exhibits offered by the parties in this case.[2] The plaintiff agrees with the Court that there are certain exhibits in this case that contain confidential information and should be maintained under seal, pursuant to the protective order. The Court's Order, however, seals many more exhibits than the parties deem necessary and does not address the protection of many other exhibits for which the plaintiffs have previously moved the Court to seal. Therefore, plaintiff moves the Court to amend its Order to place only the following exhibits under seal: D155, D237, D252, D271, D305, D319, D327, D328, D404, D409, D413, D437, D568, D606, D618, D627, D629, D643, D673, D684, D741, D745, D749, D750, D752, D753, D754, D756, D757, D787, D801, D801A, P291CY, P1457CY and P1726CY (including the CD).

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

[2] The October 17, 2006 docket entry for the Court's Order reads: "Plaintiff's Exhibit's: 1-145 and 1726YA. Defendant's Exhibit's: 155, 403, 406, 409, 568, 684 and 747. FILED UNDER SEAL per the instruction of the Judge, (dwl)."

Plaintiffs filed on April 11, 2005, Yankee Atomic's Unopposed Motion For An Order Designating Certain Exhibits As Confidential, asking the Court to grant a proposed order to maintain 41 exhibits under seal.[3] The Court has not yet issued a decision on that motion. The Court's Order seals only six of the 41 documents discussed in plaintiffs' motion and seals another 147 exhibits that the plaintiffs did not intend to be protected as confidential. Furthermore, the Docket Order does not address the protection of the other 35 documents noted in the April 11, 2005 motion.

Plaintiff's counsel has conferred with counsel for the government and it does not dispute that Yankee Atomic's motion accurately sets out the only exhibits warranting being placed under seal and does not oppose this motion. Thus, to provide appropriate protection for the documents that warrant being placed under seal and to make the remainder of the trial record as publicly available as possible, Yankee Atomic moves that the October 17, 2006 Order be amended to include only the following exhibits as being under seal: D155, D237, D252, D271, D305, D319, D327, D328, D404, D409, D413, D437, D568, D606, D618, D627, D629, D643, D673, D684, D741, D745, D749, D750, D752, D753, D754, D756, D757, D787, D801, D801A, P291CY, P1457CY and P1726CY (including the CD).

[3] The motion and its proposed order are attached as Exhibit 1.

Dated: November 21, 2006

Respectfully submitted,

s/ Jerry Stouck
Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
Counsel for Plaintiff
Yankee Atomic Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 98-126 C
(Senior Judge Merow)

Filed Electronically April 11, 2005

YANKEE ATOMIC'S UNOPPOSED MOTION FOR AN ORDER DESIGNATING CERTAIN EXHIBITS AS CONFIDENTIAL[1]

Pursuant to the Court's Order of June 30, 1999, plaintiffs, defendant, and third parties produced documents that they designated as containing "Confidential Material." Many of these documents were admitted into evidence during the course of trial or pursuant to the Court's pretrial process. The parties have been reviewing these documents in an attempt to narrow the number of admitted exhibits in the trial record that must be maintained under seal. At closing argument, plaintiffs advised the Court that the parties would be filing a list of admitted exhibits that need to be maintained under seal. *See* Tr. 8134:12 – 8135:12.

Accordingly, plaintiffs have reviewed their exhibits which had been previously designated as confidential to determine which of these documents still must be maintained as confidential. Plaintiffs have also reviewed the government exhibits that had originally been

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

produced from plaintiffs' files in discovery, and which plaintiffs had designated then as confidential, to determine whether the confidentiality designation still applies. In addition, the government has reviewed the confidential status of its remaining trial exhibits (*i.e.*, those not originating in plaintiffs' files), including the exhibits that the government had obtained from third parties subject to a confidentiality claim. Based on these reviews, the following admitted trial exhibits should be maintained under seal, pursuant to the protective order:

1. Confidential plaintiff exhibits and government exhibits that were produced from plaintiffs' files: Nos. P291CY, P1457CY, and P1726CY (certain lines only); and D155 (as to marginalia only), D237 (price figure in ¶ 3 only), D252, D271, D305, D327, D328, D404, D409, D437, and D745 (as to line 5 only). Plaintiffs have been able to redact portions of some of these documents. Plaintiffs move that these redacted versions of the trial exhibits be made part of the publicly available record. Because some of the exhibits are oversized and/or voluminous, the proposed order attached to this Motion (exhibit 1) authorizes plaintiffs to hand-deliver the redacted copies of the exhibits to the Clerk's office.[2]

2. Government exhibits that the government obtained from third parties, and which the government advises should be kept confidential: Nos. D1, D237, D265, D274, D275, D277, D319, D403, D413, D568, D606, D618, D627, D629, D643, D673, D684, D741, D749, D750, D752, D753, D754, D756, D757, D787, D801, D801A.

Plaintiffs have attached a proposed order directing that (1) the exhibits (or portions thereof) addressed in this motion be maintained under seal by the Clerk's Office and that (2) the Court include the redacted exhibits as part of the publicly available trial record. Plaintiffs have

---

[2] P1726CY is Connecticut Yankee's budget, which was provided both in hard copy and as a CD. As indicated in the text, certain lines of this exhibit must remain confidential. Plaintiffs

provided a copy of this motion for the government's review, and the government consents to this motion. Accordingly, plaintiffs respectfully request that the Court grant the proposed order.

Dated: April 11, 2005

Respectfully submitted,

s/Jerry Stouck
JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

Counsel for Plaintiff,
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

Robert L. Shapiro
SPRIGGS & HOLLINGSWORTH

---

are providing a redacted, hard copy of this exhibit only because we are unable to provide a redacted version of the CD. Accordingly, plaintiffs request that the CD remain under seal.

# Exhibit 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 98-126C
(Filed April 11, 2005)

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, Plaintiff, | : | |
| v. | : | (Senior Judge Merow) |
| UNITED STATES OF AMERICA, Defendant. | : | |

ORDER[1]

Plaintiffs' unopposed motion regarding the confidentiality of certain admitted exhibits is granted. Accordingly, it is ordered that the following exhibits will remain under seal: Nos. D1, D155, D237, D252, D265, D271, D274, D275, D277, D305, D319, D327, D328, D403, D404, D409, D413, D437, D568, D606, D618, D627, D629, D643, D673, D684, D741, D745, D749, D750, D752, D753, D754, D756, D757, D787, D801, D801A, P291CY, P1457CY, and P1726CY (including the CD).

Redacted versions of exhibit nos. D155, D237, D745 and P1726CY shall be included with the publically available trial record. Plaintiffs are authorized to hand deliver to the Clerk's Office the redacted versions of these exhibits.

[1] This motion should also be deemed applicable to *Connecticut Yankee v. United States*, No. 98-154C and *Maine Yankee v. United States*, No. 98-474C.

Senior Judge James F. Merow